IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FRACTUS, SA.,<br><br>       Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al,<br><br>       Defendants. | CIVIL ACTION NO. 6:09-cv-203 (LED) |

**SHARP'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Defendants, Sharp Corporation and Sharp Electronics Corporation (collectively "Sharp"), move under Fed. R. Civ. 12(b)(6) to dismiss the present action for failure to state a claim and, in the alternative, move under Fed. R. 12(e) for a more definite statement.

As a factual and legal basis for this motion, Plaintiff, Fractus S.A. (hereafter Fractus), generically accuses Sharp "products" of infringing the seven patents that are asserted by Fractus against Sharp. This type of generic pleading falls well short of the standards set forth by the Supreme Court in the recent twin decisions in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although Sharp requests that the case be dismissed for failure to state a claim, Sharp alternatively requests that the Court order Fractus to file a more definite statement of its claim under Rule 12(e).

**I.    Legal Standard for Pleadings**

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 12(b)(6) authorizes dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

The Fifth Circuit traditionally has been reluctant to grant motions to dismiss, even going as far as to state that such a dismissal is disfavored. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). However, the recent Supreme Court decisions clarify that pleadings must present detailed facts, and not mere legal conclusions or generalities.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that a complaint fails to comply with Rule 8 if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, the Fifth Circuit commented on this test by stating that to "survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Twombly*, 127 S.Ct. at 1964-65).

In other words, although allegations in the complaint are deemed true for the purposes of a resolving a motion to dismiss for failure to state a claim, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Twombly*, 127 S.Ct. at 1967-70.

In *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), the Supreme Court clarified and reiterated the pleading standards set forth in *Twombly*. In that connection, the Supreme Court identified two "working principles" of *Twombly*:

> **First**, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

> recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. **Second**, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1950 (emphasis added).  Thus, the mere regurgitation of elements of a cause of action is insufficient under the recent Supreme Court law, and the claim for relief must be "plausible."

The Supreme Court also instructed that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*  The Court unequivocally stated that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  In keeping with that admonition, the Fifth Circuit has stated that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Ct. of La.*, 252 F.3d 781, 786 (5th Cir.2001) (quotation omitted).

The Federal Circuit has echoed the requirements of *Twombly* – though obviously not as further emphasized by the 2009 *Iqbal* decision – in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007).  In that case, a *pro se* litigant was granted leniency in his pleadings and held to a "less demanding standard." *Id.* at 1356 (citing *Hughes v. Rowe*, 449 U.S. 5 (1980)).  In any event, the *pro se* complaint satisfied the minimal notice standards because it "asserted ownership of the '226 patent; named Sprint Nextel as defendants; cited the '226 patent as allegedly infringed; described the means by which Sprint Nextel allegedly infringes; and pointed to the specific parts of the patent law invoked." *Id.* at 1357.

It also is important to note that the *pro se* litigant specifically identified a product by name – the Motorola i930 – and more specifically identified the features of that product that allegedly infringed. *Id.* In this case (as explained below), Fractus failed to supply comparable information.

Furthermore, the Supreme Court reiterated that "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)). This is particularly apt in cases like the present one which involve a virtually infinite number of accused "products" and a massive number of asserted patent claims.

Finally, the Federal Rules "should be construed and administered to secure the just, speedy, and <u>inexpensive</u> determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Sharp should not be left to guess (i) what products are actually accused of infringement or (ii) what claims are being asserted when there are a very large number of claims in the asserted patents.

## II.   Fractus's Allegations Do Not Provide Adequate Notice

The Fractus allegations are mere threadbare recitals, which are identical for all patents and all parties. All of its allegations follow this vague format:

> [Named Defendant] has infringed and continues to infringe the [Specific Patent] by its manufacture, use, sale, importation, and/or offer for sale of its **products, including but not limited to** certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. [Named Defendant] is liable for its infringement of the [Specific Patent] pursuant to 35 U.S.C. § 271.

(Attachment A, Amended Complaint at ¶¶ 14-23, 26-35, 38-47, 50-59, 62-69, 72-80, 83-92, 95-102 & 105-114 (emphasis added).)  The only substitutions are for "[Named Defendant]" and "[Specific Patent]."  Otherwise, the allegations are identical.

But not all patents are asserted against the "products" of all <u>ten</u> groups of parties.  Indeed, it appears that Fractus accuses Samsung, LG, RIM, Pantech, Kyocera, Palm, and HTC of each infringing all nine asserted patents (*id.* at ¶¶ 14-20, 26-32, 38-44, 50-56, 62-68, 72-78, 83-89, 95-101 & 105-111); accuses Sanyo of infringing eight of the asserted patents (*id.* at ¶¶ 23, 35, 47, 59, 69, 92, 102 & 114); and accuses Sharp and UTStarcom of infringing seven of the asserted patents (*id.* at ¶¶ 21-22, 33-34, 45-46, 57-58, 79-80, 90-91 & 112-113).

The only rational explanation for this discrepancy amongst the parties is that Fractus has certain "products" and patent claims in mind for each of the defendants.  Requiring Fractus to more clearly identify the subject matter of the litigation would encourage a speedy and efficient resolution to this matter.

### A. **Fractus Should Identify the Accused Products**

As noted above, Fractus accuses Sharp of infringement with respect to "products, including but not limited to certain mobile phones with internal antennas."  The problem with this language is that Sharp sells a wide variety of products in the United States.  Here, the charge of infringement <u>if read literally</u> by Fractus covers "products" such as televisions, air conditioners, microwave ovens, fax machines, cash registers, calculators, copiers, camcorders, DVD players and various solar energy products.  Sharp does not believe that Fractus intends to stand by such a broad allegation of infringement because it clearly would expose Fractus to a charge of filing a frivolous lawsuit covering products that it surely knows do not infringe.  In other words, the Fractus present allegations raise three concerns:

First, the careless language used by Fractus violates the requirements set forth in the two recent Supreme Court decisions. While Sharp may "guess" that Fractus only actually asserts infringement with respect to "<u>certain</u> mobile phones" (emphasis added), the Amended Complaint is clearly vague with its infringement allegation against the undefined phrase "products" – which can mean "all" Sharp products or some smaller, undefined subset of Sharp products.

Second, it is not difficult for Fractus to identity the "<u>certain</u> mobile phones" that Fractus presently has in mind in terms of its infringement allegations. That is, Fractus has performed an infringement analysis on <u>certain</u> products – whose identity certainly is not privileged – and Sharp deserves to know the model numbers of those products. Indeed, "[a]ssuming plaintiff has properly investigated his claim before filing suit, there is no reason not to inform the defendant which products are at issue." *See, e.g.*, *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, Civ. No. 06-C-1010, 2006 WL 3469599, at *2 (E.D. Wisc. 2006).

For example, identifying the model numbers of the accused mobile phone products will greatly enhance Sharp's ability to assess the merits of Fractus's complaint at an early stage. Furthermore, an identification of the accused products will reduce Sharp's costs in conducting the preliminary assessment. *Cf.* Fed. R. Civ. P. 1 (The rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Even though this district's patent rules (*i.e.*, Local Patent Rule 3-1) provide for an early identification of infringement contentions after discovery begins, "the local rules do nothing to require an adequate statement of the claim before discovery commences." *McZeal*, 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part). If, for example, Fractus's particular allegations are spelled out, Sharp and Fractus might be able to settle this dispute at a much earlier

time. Fractus's present complaint precludes such an early assessment and, thus, inhibits the possibility of an early settlement.

Third, without any limitation of the unduly broad phrase "products" and without an identification of the "certain mobile phones" which allegedly infringe the asserted patents, it is nearly impossible for Sharp to prepare meaningful initial disclosures under Rule 26 or otherwise prepare for reasonably anticipated discovery requests. As Sharp understands the Fractus allegations, they are generically directed to Sharp's "products, <u>including but not limited to</u> certain mobile phones with internal antennas."

In other words, the present scope of discoverable information seems to be coincident with <u>all</u> information within the possession, custody, or control of Sharp. *See, e.g.*, *Static Control Components, Inc. v. Future Graphics*, LLC, Civ. No. 07CV00007, 2008 WL 160827 (M.D.N.C. 2008) (granting a motion for a more definite statement where the complaint lacked any limiting parameters on the types of allegedly infringing products).

Accordingly, Fractus's generic complaint directed to Sharp's "products" fails to provide a plausible claim for relief without specifying which products (*e.g.*, by limiting the allegation of infringement to mobile phones and by specifying which model numbers) contain the accused instrumentalities.

### B. Fractus Should Identify the Allegedly Infringed Claims

Of the nine patents-in-suit, Fractus asserts seven against Sharp. They are U.S. Patent Nos. 7,015,868; 7,123,208; 7,148,850; 7,202,822; 7,394,432; 7,397,431; and 7,528,782.

These seven patents contain 37 claims, 117 claims, 91 claims, 53 claims, 6 claims, 37 claims and 29 claims, respectively. That is, Fractus current Amended Complaint accuses Sharp's products of infringing a whopping 370 separate claims!

"At the very least, a plaintiff's failure to specify which claims it believes are infringed by a defendant's products places an undue burden on the defendant, who must wade through all claims in a patent and determine which claims might apply to its products to give a complete response." *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wisc. 2008). To the extent that Fractus's allegations relate to a smaller subset of the asserted patents' claims, Fractus should identify those claims in order to permit Sharp to preliminarily assess the merits of the allegations.

### III. Alternatively, Fractus Should Provide a More Definite Statement

In the alternative to dismissing the case for failure to state a claim under Rule 12(b)(6), Sharp asks the Court to order Fractus to provide a more definite statement under Rule 12(e). "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e); *see also Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).

"Like Rule 12(b)(6) above, a motion for definite statement is considered in light of the liberal pleading standards of Rule 8(a)." *PA Advisors, LLC v. Google Inc.*, Civ. No. 2:07-cv-480 (DF), 2008WL 4136426, at *7 (E.D. Tex. 2008). Judge Folsom's decision in *PA Advisors* is instructive. Although the motion of the defendant was denied, it is noteworthy that the patentee provided extensive notice of the particularly accused features implemented by and through specific websites. *Id.* at *1.

Here, by contrast, Fractus has not done anything remotely equivalent. Instead, all Sharp "products" have been accused of infringement. In addition, no specific product features have been identified as to the "certain mobile phones."

Assuming (as Sharp does at this time) that Fractus conducted an appropriate pre-suit investigation before alleging infringement, Fractus has identified at least certain limited "products" and certain patent claims. Accordingly, at a minimum, Fractus should identify the specifically accused products and the presently asserted claims. *See, e.g.*, *Broussard v. Go-Devil Mfg. Co.*, Civ. No. 08-124-JJB-CN, 2008 WL 2414845 (M.D. La. 2008) (granting a motion for a more definite statement where the patentee failed to identify which claims were at issue and which products were at issue).

### IV. Conclusion

Fractus's complaint against Sharp merely alleges legal conclusions as to all Sharp "products" without any verifiable facts of infringement concerning that broad set of products. Because the complaint also is not limited to specific products and because it fails to identify any claims, the Court should dismiss the complaint against Sharp. A draft Order is attached hereto.

In the alternative, the Court should require Fractus to provide a more definite statement so that Sharp can understand then assess the merits of the litigation.

Dated: July 20, 2009      By:   **/s/ Melvin R. Wilcox, III**
YARBROUGH - WILCOX, PLLC
Melvin R Wilcox, III
State Bar No. 21454800
100 E. Ferguson, Suite 1015
Tyler, TX 75702
Tel: (903) 595-1133
Fax: (903) 595.0191

NIXON & VANDERHYE PC
Robert W. Adams
901 N. Glebe Road, 11th Floor
Arlington, VA 22203
Tel: (703) 816-4000
Fax: (703) 816-4100

*Counsel for Sharp Corporation and Sharp Electronics Corporation*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed and/or served electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on July 20, 2009.

                              */s/ Melvin R. Wilcox, III*
                              MELVIN R. WILCOX, III

1498862