**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **FRACTUS, S.A.** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | |
| | § | **Civil Action No. 6:09cv203** |
| **SAMSUNG ELECTRONICS CO., LTD.;** | § | |
| **SAMSUNG ELECTRONICS AMERICA,** | § | **JURY TRIAL DEMANDED** |
| **INC.; SAMSUNG** | § | |
| **TELECOMMUNICATIONS AMERICA,** | § | |
| **LLC; SAMSUNG ELECTRONICS** | § | |
| **RESEARCH INSTITUTE; SAMSUNG** | § | |
| **SEMICONDUCTOR EUROPE GMBH; LG** | § | |
| **ELECTRONICS, INC.; LG ELECTRONICS** | § | |
| **U.S.A., INC.; LG ELECTRONICS** | § | |
| **MOBILECOMM U.S.A.; RESEARCH IN** | § | |
| **MOTION LTD.; RESEARCH IN MOTION** | § | |
| **CORP.; PANTECH WIRELESS, INC.;** | § | |
| **PANTECH CO., LTD; KYOCERA** | § | |
| **AMERICA, INC., KYOCERA WIRELESS** | § | |
| **CORP., KYOCERA COMMUNICATIONS** | § | |
| **INC., KYOCERA CORPORATION; PALM,** | § | |
| **INC.; HIGH TECH COMPUTER CORP.;** | § | |
| **HTC AMERICA, INC.; SHARP** | § | |
| **CORPORATION; SHARP ELECTRONICS** | § | |
| **CORP.; UTSTARCOM, INC.; PERSONAL** | § | |
| **COMMUNICATIONS DEVICES** | § | |
| **HOLDINGS, LLC; SANYO ELECTRIC** | § | |
| **CO., LTD.; AND SANYO NORTH** | § | |
| **AMERICA CORP.,** | § | |
| **Defendants.** | § | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff FRACTUS, S.A. files this Second Amended Complaint against Defendants

Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo.  Plaintiff

FRACTUS, S.A. alleges:

**THE PARTIES**

1.      Fractus, S.A. ("Fractus") is a foreign corporation duly organized and existing under the laws of Spain with its principal place of business in Barcelona, Spain.

2.      Fractus is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Co., Ltd is a foreign corporation organized and existing under the laws of Korea, with its principal place of business located at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea.   Fractus is informed and believes, and on that basis alleges, that Defendant Samsung Electronics America, Inc., is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.   Fractus is informed and believes, and on that basis alleges, that Defendant Samsung Telecommunications America, LLC is a limited liability partnership organized and existing under the laws of the State of Delaware, with its principal place of business located at 1301 E. Lookout Drive, Richardson, Texas 75082.   Fractus is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Research Institute is a foreign corporation organized and existing under the laws of the United Kingdom, with its principal place of business located at South Street, Staines, Middlesex TW18 4QE UK.   Fractus is informed and believes, and on that basis alleges, that Defendant Samsung Semiconductor Europe GmbH is a foreign corporation organized and existing under the laws of Germany, with its principal place of business located at Am Kronberger Hang 6, Schwalbach, 65824  Germany. Samsung  Electronics  Co.,  Ltd.,  Samsung  Electronics  America,  Inc.,  Samsung Telecommunications America, LLC, Samsung Electronics Research Institute, and Samsung Semiconductor Europe GmbH are referred to collectively herein as "Samsung."

3.      Fractus is informed and believes, and on that basis alleges, that Defendant LG Electronics, Inc. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.   Fractus is informed and believes, and on that basis alleges, that

Defendant LG Electronics U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Fractus is informed and believes, and on that basis alleges, that Defendant LG Electronics Mobilecomm U.S.A., Inc. is a corporation organized under the laws of the State of California, with its principal place of business located at 10101 Old Grove Rd., San Diego, California 92131.  LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. are herein collectively referred to as "LG."

4.      Fractus is informed and believes, and on that basis alleges, that Defendant Research In Motion Ltd. is a foreign corporation organized and existing under the laws of Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario N2L 3W8, Canada.  Fractus is informed and believes, and on that basis alleges, that Defendant Research in Motion Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 122 W. John Carpenter Pkwy., Suite 430, Irving, Texas 75039.   Research in Motion Ltd. and Research in Motion Corporation are herein collectively referred to as "RIM."

5.      Fractus is informed and believes, and on that basis alleges, that Defendant Pantech Wireless, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia.  Fractus is informed and believes, and on that basis alleges, that Defendant Pantech Co., Ltd. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business located at Shinsong Center Bldg. 25-12, Yeiouido-dong, Youngdeungpo-gu, Seoul 150-711, Korea.  Pantech Wireless, Inc. and Pantech Co., Ltd are herein collectively referred to as "Pantech."

6.      Fractus is informed and believes, and on that basis alleges, that Defendant Kyocera America, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 8611 Balboa Avenue, San Diego, California 92123. Fractus is informed and believes, and on that basis alleges, that Defendant

Kyocera Wireless Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 10300 Campus Point Drive, San Diego, California 92121. Fractus is informed and believes, and on that basis alleges, that Defendant Kyocera Communications Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 10300 Campus Point Drive, San Diego, California 92121. Fractus is informed and believes, and on that basis alleges, that Defendant Kyocera Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 6 Takeda Tabadono-Cho, Fushimi-Ku Kyoto 612-8501, Japan. Kyocera America, Inc., Kyocera Wireless Corp., Kyocera Communications Inc., and Kyocera Corporation are herein collectively referred to as "Kyocera."

7.      Fractus is informed and believes, and on that basis alleges, that Defendant Palm, Inc. ("Palm") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, California 94085.

8.      Fractus is informed and believes, and on that basis alleges, that Defendant High Tech Computer Corp. is a foreign corporation organized and existing under the laws of Taiwan, with its principal place of business located at 23 Hsin Hua Rd., Taoyuan, 330, R.O.C. Fractus is informed and believes, and on that basis alleges, that Defendant HTC America, Inc. is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 13920 Southeast Eastgate Way, Suite 400, Bellevue, Washington 98005. High Tech Computer Corp. and HTC America, Inc., are herein referred to as "HTC."

9.      Fractus is informed and believes, and on that basis alleges, that Defendant Sharp Corporation is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan. Fractus is informed and believes, and on that basis alleges, that Defendant Sharp Electronics Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07430. Sharp Corporation and Sharp Electronics Corp. are herein collectively referred to as "Sharp."

10.     Fractus is informed and believes, and on that basis alleges, that Defendant UTStarcom, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1275 Harbor Bay Parkway, Suite 100, Alameda, California 94502.  Fractus is informed and believes, and on that basis alleges, that Defendant UTStarcom Telecom Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at No. 368, Liuhe Road, Binjiang District, Hangzhou 310052, China. Fractus is informed and believes, and on that basis alleges, that on or about July 2, 2008, Defendant Personal Communications Devices Holdings, LLC, a Delaware limited liability company with its principal place of business at 555 Wireless Boulevard, Hauppauge, New York 11788, purchased some or all of UTStarcom's assets involving mobile phones, and has continued to manufacture, use, sell, offer to sell, and/or import mobile phones since that date.  UTStarcom, Inc., UTStarcom Telecom Co., Ltd., and Personal Communications Devices Holdings, LLC are herein collectively referred to as "UTStarcom."

11.     Fractus is informed and believes, and on that basis alleges, that Defendant Sanyo Electric Co., Ltd. is a foreign corporation organized under the laws of Japan, with its principal place of business located in Osaka, Japan.  Fractus is informed and believes, and on that basis alleges, that Defendant Sanyo North America Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2055 Sanyo Avenue, San Diego, California 92154.  Sanyo Electric Co., Ltd. and Sanyo North America Corp. are herein collectively referred to as "Sanyo."

**JURISDICTION AND VENUE**

12.     The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendants have done business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District, entitling Fractus to relief. There is also no clearly more convenient venue.

**INFRINGEMENT OF U.S. PATENT NO. 7,015,868**

13.     On March 21, 2006, United States Patent No. 7,015,868 (the "'868 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."  Fractus was assigned the '868 patent and continues to hold all rights and interest in the '868 patent.  A true and correct copy of the '868 patent is attached hereto as Exhibit A.

14.     Samsung has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

15.     LG has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

16.     RIM has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

17.     Pantech has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

18.     Kyocera has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited

to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

19.    Palm has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

20.    HTC has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

21.    Sharp has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

22.    UTStarcom has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

23.    Sanyo has infringed and continues to infringe the '868 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to

manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '868 patent pursuant to 35 U.S.C. § 271.

24.    Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '868 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,123,208**

25.    On October 17, 2006, United States Patent No. 7,123,208 (the "'208 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."  Fractus was assigned the '208 patent and continues to hold all rights and interest in the '208 patent.  A true and correct copy of the '208 patent is attached hereto as Exhibit B.

26.    Samsung has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

27.    LG has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

28.    RIM has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to

manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

29.     Pantech has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

30.     Kyocera has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

31.     Palm has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

32.     HTC has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

33.     Sharp has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

34.     UTStarcom has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

35.     Sanyo has infringed and continues to infringe the '208 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '208 patent pursuant to 35 U.S.C. § 271.

36.     Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '208 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,148,850**

37.     On December 12, 2006, United States Patent No. 7,148,850 (the "'850 patent") was duly and legally issued for an invention entitled "Space-Filling Miniature Antennas." Fractus was assigned the '850 patent and continues to hold all rights and interest in the '850 patent.  A true and correct copy of the '850 patent is attached hereto as Exhibit C.

38.     Samsung has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

39.     LG has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

40.     RIM has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

41.     Pantech has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

42.     Kyocera has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

43.     Palm has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

44.     HTC has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain

mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

45.     Sharp has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

46.     UTStarcom has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

47.     Sanyo has infringed and continues to infringe the '850 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '850 patent pursuant to 35 U.S.C. § 271.

48.     Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '850 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,202,822**

49.     On April 10, 2007, United States Patent No. 7,202,822 (the "'822 patent") was duly and legally issued for an invention entitled "Space-Filling Miniature Antennas."  Fractus

was assigned the '822 patent and continues to hold all rights and interest in the '822 patent. A true and correct copy of the '822 patent is attached hereto as Exhibit D.

50.     Samsung has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Samsung is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

51.     LG has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. LG is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

52.     RIM has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. RIM is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

53.     Pantech has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Pantech is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

54.     Kyocera has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Kyocera is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

55.     Palm has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

56.     HTC has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

57.     Sharp has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

58.     UTStarcom has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

59.     Sanyo has infringed and continues to infringe the '822 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '822 patent pursuant to 35 U.S.C. § 271.

60.     Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's acts of infringement have caused damage to Fractus, and Fractus is

entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '822 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,312,762**

61.     On December 25, 2007, United States Patent No. 7,312,762 (the "'762 patent") was duly and legally issued for an invention entitled "Loaded Antenna."  Fractus was assigned the '762 patent and continues to hold all rights and interest in the '762 patent.  A true and correct copy of the '762 patent is attached hereto as Exhibit E.

62.     Samsung has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

63.     LG has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

64.     RIM has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

65.     Pantech has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to

manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

66.     Kyocera has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

67.     Palm has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

68.     HTC has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

69.     Sanyo has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

70.     Sharp has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

71.     UTStarcom has infringed and continues to infringe the '762 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '762 patent pursuant to 35 U.S.C. § 271.

72.     Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sanyo, Sharp, and UTStarcom's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '762 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,394,432**

73.     On July 1, 2008, United States Patent No. 7,394,432 (the "'432 patent") was duly and legally issued for an invention entitled "Multilevel Antenna."  Fractus was assigned the '432 patent and continues to hold all rights and interest in the '432 patent.  A true and correct copy of the '432 patent is attached hereto as Exhibit F.

74.     Samsung has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

75.     LG has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

76.     RIM has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

77.     Pantech has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

78.     Kyocera has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

79.     Palm has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

80.     HTC has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

81.     Sanyo has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain

mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

82.     Sharp has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

83.     UTStarcom has infringed and continues to infringe the '432 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '432 patent pursuant to 35 U.S.C. § 271.

84.     Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, and UTStarcom's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '432 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,397,431**

85.     On July 8, 2008, United States Patent No. 7,397,431 (the "'431 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."  Fractus was assigned the '431 patent and continues to hold all rights and interest in the '431 patent.  A true and correct copy of the '431 patent is attached hereto as Exhibit G.

86.     Samsung has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others

to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

87.     LG has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

88.     RIM has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

89.     Pantech has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

90.     Kyocera has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

91.     Palm has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

92.     HTC has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.   HTC is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

93.     Sharp has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.   Sharp is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

94.     UTStarcom has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.   UTStarcom is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

95.     Sanyo has infringed and continues to infringe the '431 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.   Sanyo is liable for its infringement of the '431 patent pursuant to 35 U.S.C. § 271.

96.     Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.   Defendants' infringement of Fractus's exclusive rights under the '431 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,411,556**

97.     On August 12, 2008, United States Patent No. 7,411,556 (the "'556 patent") was duly and legally issued for an invention entitled "Multi-Band Monopole Antenna For a Mobile Communications Device."  Fractus was assigned the '556 patent and continues to hold all rights and interest in the '556 patent.  A true and correct copy of the '556 patent is attached hereto as Exhibit H.

98.     Samsung has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

99.     LG has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

100.    RIM has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  RIM is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

101.    Pantech has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

102.     Kyocera has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

103.     Palm has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

104.     HTC has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

105.     Sanyo has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

106.     Sharp has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

107.     UTStarcom has infringed and continues to infringe the '556 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited

to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '556 patent pursuant to 35 U.S.C. § 271.

108.    Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sanyo, Sharp, and UTStarcom's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '556 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**INFRINGEMENT OF U.S. PATENT NO. 7,528,782**

109.    On May 5, 2009, United States Patent No. 7,528,782 (the "'782 patent") was duly and legally issued for an invention entitled "Multilevel Antennae."  Fractus was assigned the '782 patent and continues to hold all rights and interest in the '782 patent.  A true and correct copy of the '782 patent is attached hereto as Exhibit I.

110.    Samsung has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

111.    LG has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

112.    RIM has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to

manufacture, use, sell, import, and/or offer for sale infringing products.   RIM is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

113.    Pantech has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Pantech is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

114.    Kyocera has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Kyocera is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

115.    Palm has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Palm is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

116.    HTC has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  HTC is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

117.    Sharp has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sharp is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

118.    UTStarcom has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  UTStarcom is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

119.    Sanyo has infringed and continues to infringe the '782 patent by its manufacture, use, sale, importation, and/or offer for sale of its products, including but not limited to certain mobile phones with internal antennas, and its contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Sanyo is liable for its infringement of the '782 patent pursuant to 35 U.S.C. § 271.

120.    Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's acts of infringement have caused damage to Fractus, and Fractus is entitled to recover from Defendants the damages sustained by Fractus as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Fractus's exclusive rights under the '782 patent will continue to damage Fractus, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**WILLFUL INFRINGEMENT**

121.    Upon information and belief, Samsung, LG, Kyocera, and Pantech's infringement of any or all of the above-named patents is willful and deliberate, entitling Fractus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**JURY DEMAND**

122.    Fractus demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fractus S.A., requests entry of judgment in its favor and against Defendants Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo as follows:

a)     Declaration that Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sanyo, Sharp, and UTStarcom have infringed U.S. Patent Nos. 7,015,868; 7,123,208; 7,148,850; 7,202,822; 7,312,762; 7,394,432; 7,397,431; 7,411,556; and 7,528,782;

b)     Permanently enjoining Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sanyo, Sharp, and UTStarcom, their respective officers, agents, employees, and those acting in privity with them, from further infringement, contributory infringement and/or inducing infringement of U.S. Patent Nos. 7,015,868; 7,123,208; 7,148,850; 7,202,822; 7,312,762; 7,394,432; 7,397,431; 7,411,556; and 7,528,782;

c)     Awarding the damages arising out of Samsung, LG, RIM, Pantech, Kyocera, Palm, HTC, Sharp, UTStarcom, and Sanyo's infringement of U.S. Patent Nos. 7,015,868; 7,123,208; 7,148,850; 7,202,822; 7,312,762; 7,394,432; 7,397,431; 7,411,556; and/or 7,528,782; including, with respect to Samsung, LG, Kyocera, and Pantech, enhanced damages pursuant to 35 U.S.C. § 284, to Fractus S.A., together with prejudgment and post-judgment interest, in an amount according to proof;

d)     An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)     For such other costs and further relief as the Court may deem just and proper.


DATED: December 2, 2009       Respectfully submitted,


By: _/s/ Genevieve Vose_____
    T. John Ward, Jr.
    State Bar No. 00794818
    WARD AND SMITH LAW FIRM
    111 W. Tyler St.
    Longview, Texas 75601
    Telephone (903) 757-6400
    Facsimile (903) 757-2323
    E-mail: jw@jwfirm.com

    Max L. Tribble, Jr. – Lead Counsel
    State Bar No. 20213950
    mtribble@susmangodfrey.com

SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Justin A. Nelson
State Bar No. 24034766
jnelson@susmangodfrey.com
Genevieve Vose
WA Bar No. 38422
gvose@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1201 Third Ave, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile:  (206) 516-3883

Michael F. Heim
State Bar No. 09380923
mheim@hpcllp.com
Fiona A. Bell
State Bar No. 24052288
fbell@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street
Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2001
Facsimile: (713) 221-2021

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Attorneys for FRACTUS S.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 2nd day of December, 2009.

*/s/ Genevieve Vose*
Genevieve Vose