IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, SA. | § | |
| | § | |
| v. | § | NO. 6:09-cv-203 |
| | § | |
| SAMSUNG ELECTRONICS CO., | § | |
| LTD., et al., | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant SANYO Electric Co. Ltd.'s ("Defendant") motion to dismiss for lack of personal jurisdiction (Doc. No. 105). The matter is fully briefed (Doc. Nos. 116, 132, 157). Plaintiff Fractus, S.A. ("Plaintiff") alleges that Defendant infringed United States Patent Nos. 7,015,868, 7,123,208, 7,148,850, 7,202,822, 7,312,762, 7,397,431, 7,411,556, and 5,528,782 ("the patents-in-suit"). Having considered the parties' submissions, the Court **RECOMMENDS** that Defendant's motion be **DENIED**.

**BACKGROUND**

Plaintiff has accused Defendant of infringing the patents-in-suit by making, using, selling, or offering for sale mobile phones, including, but not limited to, mobile phones with internal antennas. Defendant manufactured mobile phones in places outside the United States. Defendant sold the mobile phones to Sanyo North America Corporation, which then imported them into the United States. Sanyo North America Corporation subsequently sold the phones to Sprint, who distributed the phones throughout the United States.

Defendant is a Japanese corporation headquartered in Osaka, Japan. Defendant states it is not registered to do business in Texas, does not have any agents or employees in Texas, does not

1

bank in Texas, and does not own real estate in Texas. Defendant further states that it has not engaged in direct sales activities with Texas citizens. Defendant contends the Court lacks personal jurisdiction over Defendant and therefore the Court should dismiss Plaintiff's Amended Complaint.

## **LEGAL STANDARD**

The law of the Federal Circuit governs the question of personal jurisdiction in patent infringement cases. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). "Determining whether specific personal jurisdiction over a nonresident defendant is proper entails two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of jurisdiction would be inconsistent with due process." *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003). The Texas long-arm statute is coextensive with due process requirements. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Thus, the Court's inquiry is limited to whether the assertion of jurisdiction would be consistent with due process.

To comport with due process requirements, a nonresident defendant must have certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). If these contacts arise from "the efforts of [a defendant] to serve directly or indirectly, the market for its product . . . it is not unreasonable to subject it to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Id.* at 297-298; *see also Beverly Hills Fan*, 21 F.3d at 1566.

## PARTIES' CONTENTIONS

Defendant argues that it is not subject to specific jurisdiction.[1] Defendant contends that it has not engaged in conduct related to the alleged infringement in this district or any other district within the United States. Defendant asserts that any allegedly infringing mobile phones were manufactured exclusively in China and Malaysia. Defendant explains that it did not import any of those phones into the United States. Instead, Defendant sold some phones to Sanyo North America Corporation, another named defendant in this case, which imported them into the United States. Finally, Defendant contends that it discontinued its mobile phone operation in April 2008 and that any "SANYO" marked phones subsequently imported into, offered for sale, or sold in the United States have been marked pursuant to a trademark licensing agreement. Thus, Defendant argues it has not purposefully directed contacts sufficient to give rise to specific jurisdiction.

Defendant further argues that exercising jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. Defendant contends that the burden of defending an action in Texas would be great because Defendant maintains no employees or offices in the United States. Defendant further contends that Texas's interest in adjudicating this dispute is minimal because neither Plaintiff nor Defendant is a resident of Texas. Defendant argues that Plaintiff has no special interest in obtaining relief in Texas because it is a foreign corporation with its principal place of business in Spain and its recently incorporated subsidiary, Fractus Texas, LLC, is not a party to the litigation. Finally, Defendant argues that Texas's social policies are not implicated and that Texas does not provide the most efficient for resolution of this controversy because none of the

---

[1] Defendant also argues that it is not subject to general jurisdiction in Texas because it has not engaged in substantial continuous and systematic contact. This argument is not vigorously disputed by Plaintiff. Therefore, the Court will focus on specific jurisdiction.

relevant documents or witnesses reside in Texas and it does not manufacture or sell any products in Texas.

Plaintiff argues that the Court has personal jurisdiction over Defendant under the stream of commerce theory. Plaintiff states that Sanyo North America is a wholly-owned subsidiary that imported phones into the United States. Plaintiff argues that Sanyo North America was Defendant's established channel of distribution for its phones. Plaintiff contends that Defendant manufactured the accused phones and placed them into the stream of commerce, knowing the likely destination of the products. As Texas has the second largest population of any states, and three of the ten most populated cities, Plaintiff argues that it is reasonable to assume Defendant knew or should have foreseen that the phones would be sold in Texas.

Plaintiff further argues that exercising jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Plaintiff contends that Defendant's burden of litigating in Texas is not so substantial, that Defendant is accustomed to litigation in the United States, and that Texas has an interest in this controversy because it has a significant interest in preventing patent infringement within its borders. Finally, Plaintiff argues that Defendant's argument that litigation would be burdensome because Plaintiff "cannot succeed in infringement claims against" Defendant is a merits argument and inappropriate for a jurisdictional motion.

## **DISCUSSION**

A court may properly exercise jurisdiction "over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen*, 444 U.S. at 298. In *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987), the Supreme Court reiterated the stream of commerce theory but was evenly

divided as to whether a defendant must purposefully directed its products toward the forum state. *Id.* at 112, 117. The Federal Circuit has applied the stream of commerce theory to patent infringement but has declined to address the Supreme Court split. *See Beverly Hills Fan*, 21 F.3d at 1566.

The Court finds that Defendant has purposefully directed the accused mobile phones towards the State of Texas and thus is subject to personal jurisdiction. Defendant concedes that it sold phones to Sanyo North America and that Sanyo North America imported those phones into the United States. Defendant also concedes that Sanyo North America then sold the phones to Sprint for distribution throughout the United States, including Texas. Although Defendant argues it was unaware of where the phones would be sold once imported into the United States, Defendant's introduction of the phones into a distribution network that would likely make the phones available in Texas constituted purposeful direction of the accused products to Texas. *See ATEN Int'l Co. v. Emine Tech. Co.*, - - - F.R.D. - - -, No. 2:08-cv-253, 2009 WL 1809978, at *3 (E.D. Tex. June 25, 2009); *GSK Techs., Inc. v. Schneider Elec., S.A.*, No. 6:06-cv-361, 2007 WL 788343, at *2-3 (E.D. Tex. Mar. 14, 2007). Defendant was simply the first link in a distribution chain that delivered products to consumers in the United States and Texas, thus it is reasonable to conclude that Defendant knew and expected its phones would be distributed to consumers in the United States, including Texas. *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*, No. 2:05-cv-185, 2005 WL 3299718, at *4 (E.D. Tex. Dec. 5, 2005). Therefore, the Court finds Defendant's contact with Texas sufficient to establish personal jurisdiction.

Although the Court has found Defendant's contacts sufficient to establish personal jurisdiction, the Court must not exercise jurisdiction if it would offend the traditional notions of fair

play and substantial justice. Determining if an exercise of jurisdiction would offend these principles involves balancing "(1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the interest of the states in furthering their social policies." *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996). "Cases where personal jurisdiction offends traditional notions of fair play and substantial justice 'are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum.'" *ATEN Int'l*, 2009 WL 1809978 at *4 (quoting *Beverly Hills Fan*, 21 F.3d at 1568).

Defendant has not shown that this is one of the rare cases where exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. Despite Defendant's representation that it would be burdensome to travel from Japan to Texas to litigate this case, modern communication and transportation mitigate this inconvenience. *See World-Wide Volkswagen*, 444 U.S. at 294; *see also Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-cv-026, 2009 WL 1025467, at *15 (E.D. Tex. Mar. 26, 2009); *Jacobs Chuck Mfg.*, 2005 WL 3299718 at *8-9. Furthermore, Texas has a significant interest in discouraging injuries, such as patent infringement, within its borders. *See Beverly Hills Fan*, 21 F.3d at 1568. Therefore, the Court finds exercising personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

The Court finds that Defendant has minimum contacts sufficient to establish personal jurisdiction and that exercising such jurisdiction would not offend traditional notions of fair play and

substantial justice. Therefore, the Court finds it properly has personal jurisdiction over Defendant in this case.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion be **DENIED**.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 9th day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE