**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| FRACTUS, S.A., | |
| Plaintiff, | |
| v. | Civil Action No. 6:09-CV-00203-LED-JDL |
| SAMSUNG ELECTRONICS CO., LTD., et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## JOINT PROPOSED AGREED AND PARTIALLY DISPUTED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order:

This Protective Order is issued to facilitate discovery, document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. This Order shall govern all documents and things (whether or not embodied in a physical medium) exchanged during this action, including without limitation documents produced by the parties or non-parties, testimony taken at a **[Plaintiff's position – "deposition"][1] [Defendants' position – "hearing or other proceeding"][2]**, and discovery, including without limitation deposition

---

[1] **Plaintiff's position:** Throughout the Protective Order, defendants have taken the position that the restrictions on protected information will apply even in the open court, a position that would result in hearings and trial proceedings occurring in a courtroom closed to the public. There is a strong presumption in favor of public access to courtroom proceedings. Defendants should not be permitted to use this Protective Order to restrict public access to the courtroom. Fractus's position, described in paragraph 11, is that before courtroom proceedings can be closed to the public, the party seeking closure should be required move to seal the courtroom. Such motions should be decided on a case-by-case basis depending on whether the moving party has shown a particular need for secrecy that rebuts the strong presumption in favor of public access to courtroom proceedings.

[2] **Defendants' Position:** Defendants believe that this protective order ought to govern hearings/the trial,

1

testimony, interrogatory responses, and responses to requests for admission.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of confidential information could injure or damage the party disclosing or producing the confidential information and could place that party at a competitive disadvantage; and

3.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1.      **Protected Information.**  All information and materials, including documents,

[**Defendants' position** – "hearing or deposition testimony"][3] [**Plaintiff's position** – "deposition

---

while Plaintiff believes a separate order should be required.  One major problem with Plaintiff's proposal is that it requires a party to guess as to what confidential or highly confidential information the opposing party will present at a hearing and then to seek a separate protective order at that time.  Defendants' position is more reasonable because it obligates the party intending to introduce Protected Information (receiving party) to file a motion to close or seal the Court before it introduces such Protected Information.  It is appropriate to place this burden on the receiving party because the receiving party is in the best position to know precisely what designated testimony it plans to introduce, and when.  Plaintiff's position is inefficient because it requires parties to engage in additional motion practice about a protective order before every hearing when the Court has already entered a protective order.

[3] **Defendants' position:** Defendants have a strong interest in preventing unnecessary disclosure of its Confidential and Highly Confidential - Attorney's Eyes Only testimony about their products and businesses, regardless of whether that testimony occurs at a deposition or at a hearing.  A party should not be permitted to make another party's Confidential and Highly Confidential - Attorney's Eyes Only information public simply by introducing it at a hearing.  *See also*, comments in footnote 2.

testimony"][4] and/or discovery responses containing any confidential information disclosed or produced by any party in this litigation and designated as provided for herein are referred to as "Protected Information."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and which are disclosed or produced to the attorney for the other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

2.     **Confidential Information.**  Protected Information that may be designated as "CONFIDENTIAL" includes any confidential technical, business or financial information.

3.     **Highly Confidential – Attorneys' Eyes Only Information.**  Protected Information in one or more of the following categories may qualify for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology, **[Plaintiff's position** – "solely related to products that are under development"][5]

---

[4] **Plaintiff's position:** Fractus's position is *supra*, in note 1.

[5] **Plaintiff's position:** Defendants would have the Court accord the highest protection to non-public information pertaining to any and all of their products.  Fractus would limit that highest level of protection to products that are under development.  Once a product is released, information concerning that product need not be treated with the extreme secrecy that may be merited for information concerning products that have not yet been released to the public.  Moreover, the protective order otherwise provides that to the extent that product information contains trade secrets, such information could be designated highly confidential, providing appropriate trade secret protection.  But not all information about released products is appropriately subject to protection as a trade secret.  Defendants' proposal that information concerning all products, regardless of whether they have been released to the public, paints with too broad a brush.

[**Defendants' position** – Defendants object to this limitation.][6]; (ii) non-public sales-related information; (iii) non-public financial information; (iv) non-public customer and vendor lists and agreements, including license agreements; (v) non-public price lists and/or pricing information; and (vi) information obtained from a non-party and subject to a duty of confidentiality, such as under a Non-Disclosure Agreement ("NDA"); (vii) non-public organizational charts; (viii) non-public business and/or marketing plans [**Plaintiff's position** – "solely related to products that are under development"][7] [**Defendants' position** – Defendants object to this limitation.][8]; and (ix) any information not specifically enumerated in the above categories that can reasonably be categorized as highly sensitive, e.g., trade secret information.

4.      **Non-Confidential Information.**  Protected Information shall not include (a) publicly available advertising materials, (b) materials that on their face or otherwise show that they have been published to the general public or that the information contained in the document has been otherwise legally disclosed to the public, (c) documents that have been submitted to any governmental entity without request for confidential treatment, (d) materials or information that become publicly available through legal means without a violation of this Order or violation of a

---

[6] **Defendants' position:** Technical documents related to older and current products may contain highly confidential information, which if disclosed, could hurt a defendant's competitive position.  There will also be other categories of business information relating to older and current products that are likewise competitively sensitive and require Highly Confidential – Attorneys' Eyes Only protection.  Plaintiff's effort to limit designation to this type of information is no doubt linked to its desire (*see* Paragraph 7E) to allow its engineers to have direct access to Defendants' technical information.  Plaintiff's engineers should not be permitted to see the confidential details of Defendants' products so that they can be educated on how each of the Defendants designs its products and to understand how those products work.  Nor should they be able to see confidential details of Defendants' business plans, marketing strategies, etc.  Those items are just as confidential for existing products as they are for products under development.

[7] **Plaintiff's position:** Fractus's position is *supra*, in note 5.

[8] **Defendants' position:** *See* footnote 6.

duty of confidence owed to the designating party, or (e) information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential – Attorneys' Eyes Only Information.

5.      **Challenges to Confidentiality Designations.**  At any time after the delivery of Protected Information, counsel for the party or parties receiving the Protected Information may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Information.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties **[Plaintiff's position "**disclosing or producing"]⁹  [Defendants' position – "receiving"]¹⁰ the Protected Information shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Information.  If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery and receipt of the notice, then the **[Plaintiff's position** – "party or parties disclosing or producing the Protected Information shall have ten (10) days from the date of

---

⁹ **Plaintiff's position:** The parties' positions differ as to whether the producing party or the receiving party has the burden to move the Court when challenges to confidentiality designations are raised. Fractus's position – that the producing party must move the Court for protection – comes from the sample protective orders of Judge Davis and Magistrate Judge Love that are available on the Court's website. The parties agree that the burden of proof that documents are properly designated lies with the producing party.  The burden to move the Court should also lie with the producing party, because that party is seeking protection for that information.

¹⁰ **Defendants' position:** Defendants' position: The burden of filing a motion to challenge a particular confidentiality designation should fall on the party challenging the designation.  Under Plaintiff's position in this and in the next disputed section, a producing party could be forced to engage in expensive serial motion practice each time the other party requests de-designation of discovery material simply by putting the producing party on notice. In the experience of at least some of Defense counsel, the Court is asked to resolve far more protective order disputes under Plaintiff's proposal than under Defendants' proposal. Defendants' proposal encourages the parties to work out their disputes without involving the Court in the dispute.  Plaintiff's proposal invites just the opposite.

certification to file a motion for protective order with regard to any Protected Information in dispute."][11] [**Defendants' position** – "party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed."][12] On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES Only information.

[**Plaintiff's position** – "If the party or parties producing the Protected Information do not timely file a motion for protective order, then the Protected Information in dispute shall no longer be subject to confidential treatment as provided in this Order.  All Protected Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Information is entitled to confidential treatment.  The fact that a particular document may be included in one of the exemplary categories in paragraphs 2 and 3 does not constitute assent by either party that the document is properly designated."][13]

[**Defendants' position -** "No party shall be obligated to challenge the propriety of any

---

[11] **Plaintiff's Position:** Fractus seeks a limit on the amount of time the producing party has to move for protection after a challenge to a confidentiality designation is raised.  Such a limit will facilitate the speedy resolution of disputes as to whether documents are entitled to confidentiality protection. Removing any time limit, as Defendants suggest, would diminish certainty as to how documents should be treated and permit gamesmanship by allowing a party to challenge a confidentiality designation at any time.

[12] **Defendants' position:** *See* footnote 9.

[13] **Plaintiff's position:** Fractus proposes sensible language that is in line with the rest of its proposed protective order.  Defendants' proposed language should not be adopted because it would result in uncertainty as to whether documents are properly designated.

designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation."][14]

      6.    **Use of Protected Information.**  Protected Information contained therein shall be used solely for the prosecution of this litigation.  All Protected Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a portion of a document that is Protected Information is entitled to confidential treatment.  Protected Information and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

[**Defendants' position**]: In no event shall an employee, officer or director of any party to this action or any competitor of any party to this action have access to Protected Information relating to patent licensing matters, organizational charts, or merger and acquisition activities, without a court order or the written consent of the party designating such information or documents hereunder.[15]

---

[14] **Defendants' position:** Defendants' position: Often the importance of a document or its designation is not immediately clear to the receiving party.  Moreover, most discovery disputes can be, and should be, resolved by the parties without burdening the Court, particularly here where the designating party suffers no prejudice if a motion challenging a designation is brought at a later time.  Failure to seek de-designation of a document, either directly with the opposing party or through the Court, should not result in a waiver of that right.  Plaintiff's position, which presumes that the burden of moving the Court to resolve designation disputes should fall on the designating party, has the effect of prematurely forcing all designation disputes to be brought to and resolved by the Court, thereby unnecessarily increasing motion practice.  Moreover, Plaintiff's position is risky because it provides for automatic de-designation of Highly Confidential -Attorney's Eyes Only information to a level without any protection, if no motion is filed.

[15] **Defendants' position:** A defendant's financial and/or competitive position could be severely and permanently compromised if Protected Information relating to patent licensing matters, organizational charts, or merger and acquisition activities were to be disclosed to an employee, officer, or director of a

[**Plaintiff's position** – Plaintiff objects to this limitation.][16]

      7.     **Disclosure of Protected Information.**  Subject to the limitations set forth in this Order, Protected Information and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

      A.     Counsel of record in this action and other disclosed outside counsel for the party or parties receiving Protected Information or any information contained therein;

      B.     Employees of such counsel (excluding experts and investigators) and outside vendors, such as those used to process documents, translators, mock jurors or other consultants who are necessary to assist such counsel in the preparation and trial of this action, provided such employees agree to maintain the confidentiality of documents pursuant to this Protective Order;

      C.     The Court;

      D.     Experts, investigators, and consultants, and the necessary support personnel of the same, that are disclosed and qualified pursuant to the terms of paragraph 24 below; and

      E.     [**Defendants' position**] Up to six (6) in-house counsel for each party, and any employees actually assisting outside counsel or such in-house counsel in preparation of this case, provided that such persons are limited to legal assistants, secretaries, or

---

competitor or party to this litigation.  This provision will ensure no misunderstanding regarding the importance of this information.

[16] **Plaintiff's position:** Notwithstanding the detailed provisions in this protective order as to treatment of documents marked Confidential and Highly Confidential, defendants propose to set aside certain nebulous categories of documents for different, protected treatment.  Defendants do not propose any way that such documents would be marked, so it would apparently be the responsibility of the receiving party to determine whether a given document fits into one of these categories.  This proposal would inject uncertainty into the Order.

clerical staff without knowledge of the accused products and who are not engaged in business decisions about marketing, product development, or are involved in patent prosecution, and further provided that such persons sign the Agreement attached hereto as Exhibit A.[17]

[**Plaintiff's position**] Up to six (6) designated representatives for each party group, and any employees actually assisting outside counsel or such designated representative in preparation of this case, provided that such persons sign the Agreement attached hereto as Exhibit A.[18]

Further, Protected Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to any Qualified Persons defined under paragraph 7.E.  Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

---

[17] **Defendants' position:** Plaintiff's proposal lacks any meaningful restrictions on who qualifies as a "designated representative" and would potentially allow Fractus' engineering, licensing and/or marketing staff to have access to defendants' Protected Information.  Defendants' propose allowing only in-house counsel to have access to another party's confidential information.  The Federal Circuit has sanctioned disclosure to in-house counsel who are not involved in competitive decisionmaking because such lawyers have similar obligations as outside counsel.  *U.S. Steel v. United States*, 730 F.3d 1465, 1468 (Fed. Cir. 1984).  In-house counsel are also subject to disciplinary rules or conduct.  Under Plaintiff's proposal, *anyone* (engineering, marketing, or licensing staff) could be given access to highly confidential trade secrets so long as Plaintiff simply said such a person was "assisting" a person with access to confidential information.  What Plaintiff is proposing is tantamount to having virtually no protective order at all.

[18] **Plaintiff's position:** Defendants' proposal is one-sided.  Fractus does not have in-house counsel, so adopting Defendants' proposal would prevent anyone from Fractus having access to protected information, while six attorneys (and their staff) for each defendant would have access to protected information.  Moreover, defendants' limitation of access to those who "are not engaged in business decisions about marketing, product development, or are involved in patent prosecution" would likely exclude every person employed by Fractus, a company which is exclusively dedicated to antenna invocation, marketing and sales.  Plaintiffs' proposal strikes an even-handed compromise in which designated representatives of each side have access to protected information after they agree to abide by the terms of the protective order.  The terms of this order otherwise prevent the disclosure of protected information for purposes unrelated to the litigation (paragraph 6).

ATTORNEYS' EYES ONLY" information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Protected Information and any information contained therein except by prior written agreement with counsel for the producing party or as otherwise permitted by the terms of this Order.

8.      [Defendants' position] Expert Discovery.  A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery.  In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions.  However, the foregoing exemptions do not apply to test data generated or reviewed by the testifying expert and/or to any notes, communications or other materials containing such test data   The expert must produce his or her final report and all materials on which he or she relied.[19]

[Plaintiff's position – Plaintiff objects to this limitation.][20]

---

[19] **Defendants' position:** This provision is a clarification of a similar one that appears in the Discovery Order.  The language regarding test data was not in the Discovery Order provision.  Defendants believe that all test data influences the expert's opinion one way or the other, and therefore should not be excluded from discovery.  Such data is objective evidence and therefore different in kind from an expert's notes, early draft opinions and the like which defendants intended the prior provision to cover.  There is no reason to exclude test data generated or reviewed by the testifying expert and/or to exclude any notes, communications or other materials containing such test data from discovery.  Such data can be very important if, for example, the expert decided to rely only on test data that supported the expert's conclusions, but disregarded test data that did not.

[20] **Plaintiff's position:** Paragraph 6 of the Discovery Order (Dkt. No. 220) a previous agreement between the parties, which largely mimics the language defendants propose here.  To the extent that it is the same, this paragraph is unnecessary.  However, defendants seek to add the third sentence of the paragraph above to create a nebulous exception for "test data" and any notes or communications containing test data.  Defendants' proposal is a material change from language the parties already agreed to, and the Court already ordered, in the Discovery Order.  Plaintiff does not know what defendants consider to be test data, and defendants have not provided a definition.  This exception has the potential to swallow the rule the parties have agreed to, and the Court ordered.

9.      The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

10.      **Depositions.**  To the extent that Protected Information or information contained therein are used in [**Defendants' position** – "depositions, at hearings, or at trial,"][21]  [**Plaintiff's position** – "depositions,"][22] such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the [**Defendants' position** – "deposition testimony and/or trial testimony"][23]  [**Plaintiff's position** – "deposition testimony"][24] referring to the Protected Information or information contained therein. Notwithstanding anything to the contrary, a witness at a [**Defendants' position** – "deposition, hearing or trial"][25]  [**Plaintiff's position** – "deposition"][26] may be shown Protected Information that on its face indicates that it was previously authored, reviewed, received, or provided to the witness, or who, by reason of his or her current or former employment by the designating party has or had access to such Protected Information, has otherwise seen such Protected Information in the ordinary course of business, or reasonably could have known about the protected information [**Plaintiff's position** – "or is the designated corporate representative on a topic that

---

[21] **Defendants' position:** *See* footnotes 2 and 3.

[22] **Plaintiff's position:** Fractus's position is *supra*, in note 1.

[23] **Defendants' position:** *See* footnotes 2 and 3.

[24] **Plaintiff's position:** Fractus's position is *supra*, in note 1.

[25] **Defendants' position:** *See* footnotes 2 and 3.

[26] **Plaintiff's position:** Fractus's position is *supra*, in note 1.

reasonably includes such Protected Information."][27]  [**Defendants' position** –"Any party's witness may be shown that party's documents if the witness is currently an employee or was an employee of that party during the time period covered by the document.][28]  A party may designate at deposition, testimony as Confidential or Highly Confidential.  A party shall also have the option of designating testimony within 30 days after the conclusion of a deposition.

[**Defendants' position**] Disclosure of Protected Information may be made to the Court, its personnel and the jury for this action; provided, however, that any Protected Information that is filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms or this Order. [29]

[**Plaintiff's position** – This limitation is not necessary][30]

11.     **Open Courtroom.  [Plaintiff's position]** This Order does not apply in open court.  A party must move the Court separately to seal or close the Courtroom.[31]

[**Defendants' position**] This Order applies in open court.  A party may move the Court separately to seal or close the Courtroom.[32]

---

[27] **Plaintiff's position:** Fractus proposes the language it does in order to prevent a party from designating a witness that it then argues cannot be shown certain confidential documents during deposition, even if those documents are reasonably related to the topics for which the witness was designated representative.

[28] **Defendants' position:** Defendants are opposed to giving Fractus a blanket offer to expose defendants' Protected Information to Fractus' or other defendants' corporate representatives.  However, any party can show its own witnesses that party's documents if they so desire.

[29] **Defendants' position:** The provision clarifies that all Protected Information filed with the Court should filed under seal.

[30] **Plaintiff's position:** This provision, which purports to govern the Court, is unnecessary.  This is an agreement between the parties, and paragraph 12 requires the parties to file protected information under seal.

[31] **Plaintiff's position:** Fractus's position is *supra*, in note 1.

[32] **Defendants' position:** *See* footnotes 2 and 3.

12

12.     **Filing Under Seal.**  The party filing any paper or material that reflects or contains any Protected Information shall file such paper or materials electronically under seal, in a manner that complies with Local Rule 5(a)(7).

13.     **Court Reporters.**  Any court reporter or transcriber who reports or transcribes testimony in this action, or any videographer or translator who records or translates testimony in this action, shall agree that all Protected Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony, translation, or record of such testimony (and any accompanying exhibits) will be retained by the reporter or videographer, as the case may be, or delivered to counsel of record.

14.     A party wishing to designate information or materials as Protected Information under this Order shall mark each document, thing, discovery response, court filing or other materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time provided to a receiving party, and for testimony shall designate on the record at the [**Defendants' position** – "deposition or hearing"][33]  [**Plaintiff's position** – "deposition"][34] that the testimony is to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, which shall be so noted on the cover page of the transcription of the testimony.

15.     Inadvertent or unintentional production of documents or information containing Protected Information which are not designated "CONFIDENTIAL" or "HIGHLY

---

[33] **Defendants' position:** *See* footnotes 2 and 3.

[34] **Plaintiff's position:** Fractus's position is *supra*, in note 1.

13

CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s) after the designating party produces the designated documents. The producing party will re-produce any such documents with the appropriate designation and make a good faith attempt to do so promptly. The receipt of documents or information will not operate as an admission by the receiving party that any particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designated document contains or reflects trade secrets or any other type of confidential or proprietary information. Nothing herein shall prevent the receiving party from challenging the propriety of the designation of the documents using the procedure described in paragraph 5 of this Order. When a document or information reasonably appears to be inadvertently or unintentionally produced without a proper confidential designation, the receiving party shall promptly bring such document to the producing party's attention. In addition, a party may change the designation of Protected Information or may designate information as Protected Information which was not previously designated as such by providing notice thereof that specifically identifies the Protected Information and furnishing a copy of the Protected Information with the new designation. In such event, the receiving party shall thereafter treat such Protected Information with the new designation pursuant to this Order, and undertake good faith efforts to retrieve and/or destroy any Protected Information inconsistent with the new designation that was disseminated.

16. **Disclosure of Privileged Information.** Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery so long as the

provisions of this paragraph are satisfied.  If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party must immediately notify all other Parties.  In such event, the Parties must immediately return, or destroy, the privileged information (including any work product that may have been created based upon the privileged documents) along with all duplicates.  Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing Party. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

17.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Rules of Practice for Patent Cases before the Honorable Leonard E. Davis, United States District Court for the Eastern District of Texas (cited as "P.R.").  If any entity subpoenas or orders production of Protected Information from a receiving party that a receiving party has received subject to this Order, such party shall promptly notify the designating party of the subpoena or order and shall not produce the Protected Information until the designating party shall have had a reasonable time (which shall not be less than ten (10) calendar days) to object or take other steps to protect such Protected Information.

18.     The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information or any

information contained therein.

19.    After termination of this litigation as to any party by a final dismissal, judgment or settlement, the provisions of this Order shall continue to be binding upon that party, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

20.    Within 90 days after the final termination of this action as to any party by a final dismissal, judgment, or settlement, counsel for the terminated party or parties receiving Protected Information shall destroy or return, at the designating party's option and reasonable request, the Protected Information (including all paper and electronic copies) to the counsel for the party or parties disclosing or producing the Protected Information.  Counsel for the party or parties receiving the Protected Information shall be permitted to keep their attorney work product which refers or relates to any Protected Information.

21.    This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22.    No individual who, on behalf of a party, has had access to information designated as **[Defendants position – ""CONFIDENTIAL" or"]**[35]   **[Plaintiff's position** – Plaintiff objects

---

[35] **Defendants' position:** It is improper for Fractus to use defendants' confidential information to prosecute any patent application and to obtain claims based on such information.  Plaintiff's position heightens the risk of incorporating defendants' proprietary and confidential information into Fractus' patent claims.  This risk is especially acute in view of Fractus' proposals to (1) limit the scope of

to this limitation.][36] "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by another

party may, on behalf of Plaintiff Fractus or any affiliate thereof, prosecute, supervise, or assist in

the prosecution of any [**Plaintiff's position -** "regular"][37] [**Defendants' position** – Defendants

object to limiting the prosecution bar to regular applications filed under 35 U.S.C. §111.][38]

patent application involving the particular technology or information disclosed in the Protected

Information for a period ending [**Plaintiff's position** – "one (1) year"][39] [**Defendants' position**

– "two (2) years"][40] after the final resolution of this litigation with respect to all parties,

including all appeals.  For purposes of this paragraph, prohibited prosecution shall include,

without limitation: invention identification, invention evaluation, the decision whether to file a

patent application for an invention, preparation of and/or amendments to original, continuation,

divisional, continuation-in-part, request for continued examination, [**Defendants' position** –

---

information that qualifies for Attorney's Eyes Only protection; and (2) allow Fractus' technical and business personnel to see Protected Information.

[36] **Plaintiff's position:** Defendants' proposal restricts too severely the individuals who may prosecute a patent application on Fractus's behalf.  Fractus has proposed a more moderate approach that balances the interests of all the parties.

[37] **Plaintiff's position:** Defendants' proposal restricts too severely the individuals who may prosecute a patent application on Fractus's behalf.  Fractus has proposed a more moderate approach that balances the interests of all the parties.

[38] **Defendants' position:** The use of defendants' confidential information should be restricted for *all* patent prosecution, including reexamination and reissue applications.  Because patent owners are allowed to add claims during reexamination, the risk of Plaintiff using confidential information to develop patent claims that read on Defendants' products is the same whether the application is a continuation or a reexamination or reissue.

[39] **Plaintiff's position:** Defendants' proposal restricts too severely the individuals who may prosecute a patent application on Fractus's behalf.  Fractus has proposed a more moderate approach that balances the interests of all the parties.

[40] **Defendants' position:** A limit of two (2) years helps insure that defendants' information will not be used to prosecute, or be incorporated into, Fractus' patent applications, particularly here in view of Fractus' history of filing serial continuations for many years.

"reexamination, reissue,"][41]   [**Plaintiff's position** – Plaintiff objects to this restriction.][42]

substitute, renewal or convention patent applications, claim drafting, drafting of any document to

be filed with the United States Patents and Trademark Office or any foreign patent office, or

consultation on any of the above matters with others performing these activities. [**Plaintiff's**

**position** ] The Parties agree, however, that parties receiving "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY" may participate in any reexaminations or reissues involving the

patents-in-suit if such reexamination or reissue was initiated by someone other than Plaintiff or

its agents.[43]

[**Defendants' position** – The Parties agree, however, that persons receiving "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may participate in

any inter partes reexaminations involving the patents-in-suit.][44]

23.    This protective order shall afford all third parties who produce any Protected

Information the same protections afforded to the parties to this action.  Specifically, third parties

shall be entitled to mark any documents CONFIDENTIAL or HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY and shall also be able to designate any deposition testimony

CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  The parties

---

[41] **Defendants' position:** *See* footnotes 35 and 38.

[42] **Plaintiff's position:** Defendants' proposal restricts too severely the individuals who may prosecute a patent application on Fractus's behalf.  Fractus has proposed a more moderate approach that balances the interests of all the parties.

[43] **Plaintiff's position:** Defendants' proposal restricts too severely the individuals who may prosecute a patent application on Fractus's behalf.  Fractus has proposed a more moderate approach that balances the interests of all the parties.

[44] **Defendants' position:** *See* footnotes 35 and 38, above.  Defendants are willing to make a limited exception for inter partes reexamination.

to this action will treat such marked information per the terms of the protective order.  To the extent applicable, the remaining provisions of this protective order shall apply to third parties.

24.    Before counsel for a party receiving Protected Information may disclose any such material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY to a proposed expert or consultant [**Defendants position** – ", or to in-house counsel or employee pursuant to paragraph 7E. above][45]  [ **Plaintiff's position** – Plaintiff objects to this language.][46]: (i) Counsel shall provide a copy of this Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A; and

At least ten (10) business days before any such disclosure, counsel for the receiving party shall notify the producing party in writing of the intent to disclose CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY discovery material to such person. The notice shall include a copy of the agreement signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the receiving party.  If the person is a consultant or testimonial expert, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment and/or consulting relationships.  If the producing party objects to the disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material to such person, the producing party shall notify counsel for the receiving party in writing of the

---

[45] **Defendants' position:** Defendants believe they have a right to know the identity of, and be permitted to object to, any and all individuals to whom Plaintiff proposes to provide access to Defendants' most sensitive confidential business and technical information.  There is no reason to limit this important protection to experts and consultants.

[46] **Plaintiff's position:** A parties' designated representative under the protective order should not be subject to challenge by the opposing party.

19

producing party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made.  Any objection must be made for good cause, stating with particularity the reasons for the objection.  Should the receiving party disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  If the informal efforts do not resolve the dispute within five (5) business days, the **[Plaintiff's position** – "producing"][47] **[Defendants' position** – "receiving"][48] party may file a motion requesting that the **[Plaintiff's position** – "disclosure be prevented"][49] **[Defendants' position** – "objection(s) be quashed"][50] after that five (5) day period has passed.  The producing party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s).  Pending a ruling by the Court upon any such objection(s), the discovery material shall not be disclosed to the person objected to by the producing party.

25.    Notwithstanding anything to the contrary, in no case shall any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

---

[47] **Plaintiff's position:** The party objecting to the disclosure of protected information to a designated representative should have the burden of bringing a challenge to that disclosure.  This is in line with Fractus's general position that the party seeking confidential treatment or to restrict disclosure should have the burden of bringing a motion to procure such protection from the Court.

[48] **Defendants' position:** The burden of filing a motion to allow disclosure of Protected Information to a particular person to view should fall on the party who has selected that person to receive the protected information.  The party who selects an expert, for example, has the ability to select truly independent experts and thus avoid potential objections to the disclosure of protected information to such person.

[49] **Plaintiff' position:** The party objecting to the disclosure of protected information to a designated representative should have the burden of bringing a challenge to that disclosure.  This is in line with Fractus's general position that the party seeking confidential treatment or to restrict disclosure should have the burden of bringing a motion to procure such protection from the Court.

[50] **Defendants' position:** *See* footnote 48.

20

## EXHIBIT A

| | |
|---|---|
| FRACTUS, S.A., | |
| Plaintiff, | |
| v. | Civil Action No. 6:09-CV-00203-LED-JDL |
| SAMSUNG ELECTRONICS CO., LTD., et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I am about to receive Protected Information and information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I certify my understanding that the Protected Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order.  I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Protected Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials containing Protected Information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER - PAGE 1**

I make the above statements under penalty of perjury.

_____

Printed
Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER - PAGE 2**