UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FRACTUS, S.A., <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD, et al., <br><br> Defendants | Civil Action No. 6:09-cv-203-LED-JDL |

### ESI DISCOVERY ORDER

After considering the parties' Agreed Motion for Entry of a Stipulated ESI Discovery Order, the Court enters the following Stipulated ESI Discovery Order: The parties have discussed the preservation and electronic production of electronically-stored and hard copy information.

1. **PRODUCTION OF ELECTRONICALLY STORED INFORMATION.** The parties have agreed that in general, electronically stored documents that are text-searchable in their native form will be produced electronically, as .tiff images, searchable .pdf images, or in native format as set forth in paragraphs 3 and 4, with appropriate production numbers and confidentiality designations, where applicable, and, in the case of .tiff images, with load files that denote document and page breaks, "BegAttach," and "EndAttach" fields, and contain extracted text that is searchable. Such electronic documents will be produced on hard-drives, CD-ROMS, or DVDs.

2. **HARD COPY DOCUMENTS.** No party will be obligated to render a hard copy document to electronic form for the purposes of producing the document. However, to the extent

that the producing party converts otherwise non-searchable hard copy documents into a searchable format for use in the litigation document management system of its choice (*e.g.,* Summation, Concordance, Introspect, etc.), the parties agree that the producing party will produce the text-searchable versions of such documents.  Further, the parties agree to confer as to whether to scan and OCR hard copy documents prior to or as part of their production, in order to minimize the expenses of scanning the documents themselves.  No party will be obligated to produce exact duplicates of documents within a particular custodian's file.  In producing documents written primarily or entirely in languages other than English, the parties agree that the producing party will produce: (1) all final and non-privileged English translations of such documents that were prepared by or on behalf of the producing party before the filing of this litigation; (2) all certified English translations created by independent translation services during this litigation of documents written primarily or entirely in languages other than English; and (3) any text searchable versions of such documents created by the producing party in the same manner as is required of English language documents.  The parties further agree to produce the translations described above as required under Rule 26(e) of the Federal Rules of Civil Procedure.

   3.  **DEDUPLICATION.** Deduplication may be done across any and all data collected.

   4.  **PRODUCTION IN NATIVE.**  Documents may be produced in native format when appropriate.  If unable to agree when native format is appropriate, the parties will meet and confer in an attempt to resovle the disagreement.  If unsuccessful, either party may petition the Court for relief.  The parties further agree that all parties will grant reasonable requests for the production of particular documents in native format.

5. **PRODUCTION OF TECHNICAL FILES.** For CAD, schematic, software, integrated circuit HDL and other similar technical files, such files generally will be produced in accordance with paragraphs 1 and 4 above. The parties recognize that such files may be of a type such that native format production is appropriate or may be requested by the receiving party as set forth in paragraph4 above. However, the parties shall produce such files in the same form, and under the same conditions, as the party is providing it to its own technical expert. When technical software is necessary to access or utilize the files, that software, as well as the underlying technical data, will be produced on a standalone laptop. Should the cost of software licenses become unduly burdensome, the parties shall meet and confer regarding fairly sharing the expense. If the parties are unable to reach an agreement on cost sharing, a party may petition the Court for relief.

6. **SAMPLES**. Sample devices will be produced in the same condition as they are sold, distributed, or otherwise provided to the public. If Defendant believes that a device is unavailable, the parties' shall meet and confer. If the parties are unable to agree, a party may petition the court for relief.

7. **METADATA.** The parties agree to defer any discussion of what metadata fields will be produced, if any, other than those agreed to in paragraph 1 ("BegAttach," and "EndAttach").

8. **FINANCIAL DATA; SOFTWARE.** The parties agree to the initial production of summary financial materials in lieu of all invoices, receipts, purchase orders, agreements, etc. The receiving party may reasonably request the underlying data if reasonably needed. The parties also agree that the production of software, whether proprietary or from third party vendors, whether in source code or object code form or otherwise, need not be produced, except

that the parties reserve the right to request specific portions of specific software packages to the extent a need for such code exists and is demonstrated, in which event the parties shall confer as to appropriate modifications to the protective order with respect to such software materials. Only final, not draft, marketing, licensing and/or financial materials need be produced. If a given final version is inadequate, the parties will meet and confer regarding the production of draft versions. If the parties are unable to resolve the dispute, the requesting party may move the Court to compel production.

8.     **EMAIL SERVICE.**  All parties will serve via email to the extent possible. The responding party shall be entitled to an additional three days to respond to motions or discovery served via email, per the Local Rules. Each party will give the others a distribution list for service.

9.     **DEPOSITIONS.**  The parties will meet and confer regarding the setting of dates and times for depositions.

10.    **MISCELLANEOUS.**  The parties have negotiated in good faith to adjust the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules in light of the size and complexity of this matter. Despite their best efforts, however, the parties recognize that they cannot predict how this matter will unfold so early in the case. Consequently, the parties expect that additional discovery or limitations on discovery may become necessary as the case proceeds, and nothing in this document should be construed to bar the parties from seeking additional discovery, or additional limitations on discovery, at any point in this case as the realities of the case and the needs of the parties become more clear.

**So ORDERED and SIGNED this 29th day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE