**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **FRACTUS, S.A.** §<br><br>        **Plaintiff,** §<br><br>   **vs.** §<br><br>**SAMSUNG ELECTRONICS CO., LTD.;** §<br>**SAMSUNG ELECTRONICS AMERICA,** §<br>**INC.; SAMSUNG** §<br>**TELECOMMUNICATIONS AMERICA,** §<br>**LLC; SAMSUNG ELECTRONICS** §<br>**RESEARCH INSTITUTE; SAMSUNG** §<br>**SEMICONDUCTOR EUROPE GMBH; LG** §<br>**ELECTRONICS, INC.; LG ELECTRONICS** §<br>**U.S.A., INC.; RESEARCH IN MOTION** §<br>**LTD.; RESEARCH IN MOTION CORP.;** §<br>**PANTECH WIRELESS, INC.; PANTECH** §<br>**CO., LTD; KYOCERA AMERICA, INC.,** §<br>**KYOCERA WIRELESS CORP.,** §<br>**KYOCERA COMMUNICATIONS INC.,** §<br>**KYOCERA CORPORATION; PALM, INC.;** §<br>**HIGH TECH COMPUTER CORP.; HTC** §<br>**AMERICA, INC.; SHARP** §<br>**CORPORATION; SHARP ELECTRONICS** §<br>**CORP.; UTSTARCOM, INC.; PERSONAL** §<br>**COMMUNICATIONS DEVICES** §<br>**HOLDINGS, LLC; SANYO ELECTRIC** §<br>**CO., LTD.; AND SANYO NORTH** §<br>**AMERICA CORP.,** §<br><br>        **Defendants.** § | **Civil Action No. 6:09cv203**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF FRACTUS, S.A.'S ANSWER TO COUNTERCLAIMS OF DEFENDANT HTC CORPORATION

        Plaintiff Fractus, S.A. ("Fractus") files its Answer to the Counterclaims of Defendant HTC Corporation ("HTC") to the Second Amended Complaint. Fractus denies the allegations in HTC's Counterclaims unless expressly admitted in the following paragraphs.

1.      Paragraphs 1-122 of HTC's pleading are focused on its Answer, and thus do not contain any allegations that require an answer.  To the extent necessary, Fractus incorporates by reference and realleges the allegations in its Second Amended Complaint.

## AFFIRMATIVE DEFENSES

2.      Fractus denies the allegations in paragraph 123.

3.      Fractus denies the allegations in paragraph 124.

4.      Fractus denies the allegations in paragraph 125.  .

5.      Fractus denies the allegations in paragraph 126.  To the extent necessary, Fractus incorporates the admissions and denials to HTC's Counterclaims below.

6.      Fractus denies the allegations in paragraph 127.  To the extent necessary, Fractus incorporates the admissions and denials to HTC's Counterclaims below.

7.      Fractus denies the allegations in paragraph 128.  To the extent necessary, Fractus incorporates the admissions and denials to HTC's Counterclaims below.

8.      Fractus denies the allegations in paragraph 129.  To the extent necessary, Fractus incorporates the admissions and denials to HTC's Counterclaims below.

9.      HTC's reservation of rights as laid out in paragraph 130 does not require a response from Fractus.

## COUNTERCLAIMS

## THE PARTIES

10.      Fractus admits the allegations in paragraph 131.

11.      Fractus admits the allegations in paragraph 132.

## JURISDICTION AND VENUE

12.      Fractus admits that this Court has jurisdiction over HTC's Counterclaims, as alleged in paragraph 133.

13.      Fractus admits the allegations in paragraph 134.

14.      Fractus admits the allegations in paragraph 135.

## GENERAL ALLEGATIONS

15.    Fractus admits the allegations in paragraph 136.

16.    Fractus admits the allegations in paragraph 137.

17.    Fractus admits the allegations in paragraph 138.

18.    Fractus admits the allegations in paragraph 139.

19.    Fractus admits the allegations in paragraph 140.

20.    Fractus admits the allegations in paragraph 141.

21.    Fractus admits the allegations in paragraph 142.

22.    Fractus admits the allegations in paragraph 143.

23.    Fractus admits the allegations in paragraph 144.

24.    Fractus admits the allegations in paragraph 145.

25.    Fractus admits that a justiciable controversy exists between Fractus and HTC, that HTC desires a declaration, as alleged in paragraph 146, and denies that HTC is entitled to that relief.

## COUNT ONE:
## DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF
## U.S. PATENT NO. 7,015,868

26.    Fractus denies the allegations in paragraph 147.

27.    Fractus denies the allegations in paragraph 148.

## COUNT TWO:
## DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF
## U.S. PATENT NO. 7,123,208

28.    Fractus denies the allegations in paragraph 149.

29.    Fractus denies the allegations in paragraph 150.

## COUNT THREE:
## DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF
## U.S. PATENT NO. 7,015,850

30.    Fractus denies the allegations in paragraph 151.

31.     Fractus denies the allegations in paragraph 152.

## COUNT FOUR:
### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,202,822

32.     Fractus denies the allegations in paragraph 153.

33.     Fractus denies the allegations in paragraph 154.

## COUNT FIVE:
### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,312,762

34.     Fractus denies the allegations in paragraph 155.

35.     Fractus denies the allegations in paragraph 156.

## COUNT SIX:
### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,394,432

36.     Fractus denies the allegations in paragraph 157.

37.     Fractus denies the allegations in paragraph 158.

## COUNT SEVEN:
### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,397,431

38.     Fractus denies the allegations in paragraph 159.

39.     Fractus denies the allegations in paragraph 160.

## COUNT EIGHT:
### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF U.S. PATENT NO. 7,411,556

40.     Fractus denies the allegations in paragraph 161.

41.     Fractus denies the allegations in paragraph 162.

## COUNT NINE:
### DECLARATORY RELIEF REGARDING INVALIDITY OF U.S. PATENT NO. 7,528,782

42.    Fractus denies the allegations in paragraph 163.

43.    Fractus denies the allegations in paragraph 164.

**COUNT TEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,015,868**

44.    Fractus denies the allegations in paragraph 165.

45.    Fractus denies the allegations in paragraph 166.

**COUNT ELEVEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,123,208**

46.    Fractus denies the allegations in paragraph 167.

47.    Fractus denies the allegations in paragraph 168.

**COUNT TWELVE:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,015,850**

48.    Fractus denies the allegations in paragraph 169.

49.    Fractus denies the allegations in paragraph 170.

**COUNT THIRTEEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,202,822**

50.    Fractus denies the allegations in paragraph 171.

51.    Fractus denies the allegations in paragraph 172.

**COUNT FOURTEEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,312,762**

52.    Fractus denies the allegations in paragraph 173.

53.    Fractus denies the allegations in paragraph 174.

**COUNT FIFTEEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,394,432**

54.    Fractus denies the allegations in paragraph 175.

55.    Fractus denies the allegations in paragraph 176.

**COUNT SIXTEEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,397,431**

56.    Fractus denies the allegations in paragraph 177.

57.    Fractus denies the allegations in paragraph 178.

**COUNT SEVENTEEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,411,556**

58.    Fractus denies the allegations in paragraph 179.

59.    Fractus denies the allegations in paragraph 180.

**COUNT EIGHTEEN:**
**DECLARATORY RELIEF REGARDING INVALIDITY**
**OF U.S. PATENT NO. 7,528,782**

60.    Fractus denies the allegations in paragraph 181.

61.    Fractus denies the allegations in paragraph 182.

**COUNT NINETEEN:**
**DECLARATORY RELIEF REGARDING UNENFORCEABILITY DUE TO**
**INEQUITABLE CONDUCT OF U.S. PATENT NOS. 7,148,850 AND 7,202,822**

62.    Fractus denies that the U.S. Patent No. 7,148,850 (the `850 Patent) and U.S. Patent No. 7,202,822 (the `822 Patent) are unenforceable as alleged in paragraph 183 and its numerous subparagraphs.  Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the United States Patent

and Trademark Office (USPTO), withheld any material, non-cumulative information from the prosecutions of the Patents in Suit or their parents.

a.    Fractus admits that the applications leading to the `850 Patent and the `822 Patent are the children of U.S. Patent Application No. 10/182,635 (the `635 Application), which was filed on November 1, 2002.

b.    The allegations in subparagraph (b) are denied.

c.    Fractus admits that David Maiorana and Joseph Sauer were Fractus's patent attorneys.    Fractus admits that David Maiorana and Joseph Sauer worked in the Cleveland office of the Jones Day law firm.    Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that "Mr. Maiorana and Mr. Sauer discussed and shared prosecution strategies amongst one another in the prosecution of Fractus patent applications," as alleged in subparagraph (c).    Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same.    All other allegations, characterizations, and inferences in subparagraph (c) are denied.

d.    Fractus admits that David Maiorana and Joseph Sauer were involved in the prosecution of U.S. Patent No. 7,511,675 (the `675 Patent) and the `635 Patent Application.    All other allegations, characterizations, and inferences in subparagraph (d) are denied.

e.    Fractus admits that Carles Puente Baliarda, Edouard Jean Louis Rozan, and Jaume Anguera Pros were listed as inventors on the `822 Patent, the `850 Patent, the `675 Patent and the `635 Patent Application.    Fractus admits that one or more of the inventors

was involved in the prosecution of the applications leading to the `822 Patent, the `850 Patent, the `675 Patent and the `635 Patent Application.  Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same.  All other allegations, characterizations, and inferences in subparagraph (e) are denied.

        f.   Fractus denies that the "the application leading to the `675 Patent, the `635 Patent Application, the `850 Patent and the `822 Patent are 'related,'" because the `675 patent is from a different patent family than the `850 patent, `822 patent and `635 application.  Fractus admits that independent claims 1 and 36 in the as-filed application that became the `675 Patent included a "space-filling curve" limitation, and that claim 72 included a "grid dimension curve" limitation.  Fractus admits that the specification of the `675 Patent states "[f]or purposes of this application, the term grid dimension curve is used to describe a curve geometry having a grid dimension that is greater than one (1)." Fractus admits that as originally filed, claim 1 of the `635 Patent Application contained a "space-filling curve" limitation and claim 2 in the same application recited that "said SFC [space-filling curve] has a box-counting dimension greater than one."  Fractus admits that in an April 20, 2005 amendment to the claims that became the `850 Patent, claims 1-16 were cancelled, and claims 17-106 were added.  Fractus admits that in the proposed claims 17-106, each of the independent claims contains a "space-filling curve" limitation and that claims 17, 64, and 87 recite that the space-filling curve has a box-counting dimension larger than one.  Fractus admits that in a July 17, 2002 amendment to the claims that became the `822 Patent, claims 1-16 were cancelled, and claims 17-73 were

added.  Fractus admits that in the proposed claims 17-73, claim 55 included a "multi-segment curve" limitation and recited that "the multi-segment curve has a box-counting dimension greater than one."  All other allegations, characterizations, and inferences in subparagraph (f) are denied.

g.    The allegations in subparagraph (g) are denied.

h.    The allegations in subparagraph (h) are denied.

i.    Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that the prosecution counsel or the inventors "recognized the relatedness of the `635 Patent Application to the application leading to the `675 Patent" because Fractus does not know what meaning HTC is placing on the vague term "relatedness."  All other allegations, characterizations, and inferences in subparagraph (i) are denied.

j.    Fractus admits that on March 11, 2004, David Maiorana submitted an Information Disclosure Statement (IDS) in the `635 Patent Application and the application leading to the `675 Patent that disclosed the same references.  Fractus admits that on April 13, 2004, David Maiorana submitted an IDS in the `635 Patent Application and the application leading to the `675 Patent that disclosed the same references.  All other allegations, characterizations, and inferences in subparagraph (j) are denied.

k.    The allegations in subparagraph (k) are denied.

l.    Fractus admits the allegations in subparagraph (l).

m.    Fractus denies the allegations of subparagraph (m).

n.    Fractus admits that the October 4, 2004 Office Action of Examiner Wimer in the prosecution of the `675 Patent included the statements quoted in subparagraph (n).

Fractus admits that one or more of Joseph Sauer, David Maiorana, and/or the inventors received the Office Action.  All other allegations, characterizations, and inferences in subparagraph (n) are denied.

o.  Fractus admits that on October 4, 2004, claims featuring a "space-filling curve" with a "box-counting dimension greater than one" were pending in the `635 Patent Application.  Fractus admits that neither U.S. Patent No. 5,363,114 (the `114 Patent) nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (o) are denied.

p.  Fractus admits that U.S. Patent Nos. 6,011,518 (the `518 Patent) nor 6,087,990 (the `990 Patent) were used as secondary references in the October 4, 2004 Office Action in the prosecution of the `675 Patent.  Fractus admits that neither the `518 Patent nor the `990 Patent were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (p) are denied.

q.  Fractus admits that neither the `114 Patent, the `518 Patent, nor the `990 Patent were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (q) are denied.

r.  Fractus admits that an information disclosure statement can be filed before the first Office Action on the merits.  Fractus admits that on October 4, 2004, Examiner Nguyen had not issued an Office Action on the merits in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (r) are denied.

s.   Fractus admits that on December 13, 2004, David Maiorana cited the `114 patent, the `518 Patent, and the `990 Patent in the prosecution of U.S. Patent Application No. 10/963,080, which became U.S. Patent No. 7,015,868 (the `868 Patent).  All other allegations, characterizations, and inferences in subparagraph (s) are denied.

t.   Fractus admits that on December 13, 2004, Examiner Nguyen issued an Office Action on the merits in the prosecution of the `635 Patent Application, that the Office Action was received by one or more of David Maiorana, Joseph Sauer, or the inventors, and that Examiner Nguyen did not cite the `114 Patent in that Office Action. Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (t) are denied.

u.   Fractus admits that on January 6, 2005, Joseph Sauer submitted amended claims in the prosecution of the `675 Patent.  All other allegations, characterizations, and inferences in subparagraph (u) are denied.

v.   Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (v) are denied.

w.   Fractus admits that the `675 Patent does not include the term "box-counting dimension," and that it does include the term "grid dimension."  Fractus further admits that Examiner Wimer did not use the term "box-counting dimension" in his October 4, 2004 Office Action in the prosecution of the `675 Patent.  Fractus admits that Joseph Sauer used the language quoted in subparagraph (w) in the January 6, 2005 Response in the prosecution of the `675 Patent.  Fractus admits that neither the `114 Patent nor any

rejections based thereupon were disclosed in the prosecution of the `635 Patent Application.  Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that the prosecution counsel or the inventors "recognized and understood the relatedness or sameness" because Fractus does not know what meaning HTC is placing on the vague terms "relatedness" and "sameness."  All other allegations, characterizations, and inferences in subparagraph (w) are denied.

x.  Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (x) are denied.

y.  Fractus admits that in his December 13, 2004 Office Action in the prosecution of the `635 Patent Application, Examiner Nguyen identified allowable subject matter, and that in his statement of reasons Examiner Nguyen stated:

> Regarding claim 2, Cohen fails to specifically teach, among other features, that the SFC has a box-counting dimension larger than one, wherein the box-counting dimension is calculated as the slope of a straight portion of a log-log graph, wherein the straight portion is a straight segment over at least an octave of scales on the horizontal axes of the log-log graph.

Fractus admits that in its March 17, 2005 response in the prosecution of the `635 Patent Application, it amended claims as Examiner Nguyen had indicated they needed to be amended to make them allowable.  All other allegations, characterizations, and inferences in subparagraph (y) are denied.

z.  The allegations in subparagraph (z) are denied.

aa. Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (aa) are denied.

bb. Fractus admits that on April 7, 2005 Examiner Wimer issued an Office Action in the prosecution of the `675 patent and that one or more of David Maiorana, Joseph Sauer, or the inventors received it. Fractus admits that Examiner Wimer's Office Action depended in part on the `114 Patent. All other allegations, characterizations, and inferences in subparagraph (bb) are denied.

cc. Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application. All other allegations, characterizations, and inferences in subparagraph (cc) are denied.

dd. In response to the allegations in subparagraph (dd), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (dd) is entirely repetitive. If not previously admitted, all allegations, characterizations, and inferences in subparagraph (dd) are denied.

ee. Fractus admits that after the April 7, 2005 Office Action, two requests for continued examinations were filed in the prosecution of the `675 Patent. All other allegations, characterizations, and inferences in subparagraph (ee) are denied.

ff. Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `635 Patent Application. All other allegations, characterizations, and inferences in subparagraph (ff) are denied.

gg. Fractus admits the allegations in subparagraph (gg).

hh. Fractus admits that Brian Walker of Howison & Arnott, LLP is prosecuting the `462 Patent Application. Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and

relevant judicial interpretations of the same. All other allegations, characterizations, and inferences in subparagraph (hh) are denied.

ii. Fractus admits that Carles Puente Baliarda, Edouard Jean Louis Rozan, and Jaume Anguera Pros are listed as inventors on the `462 Patent Application. Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same. All other allegations, characterizations, and inferences in subparagraph (ii) are denied.

jj. Fractus admits that on April 21, 2009, a preliminary amendment was filed cancelling claims 1-17 and adding claims 18-145. Fractus further admits that claims 42-44, 50, 74-76, 106-108, and 138-140 include a "box-counting dimension" limitation and that independent claim 50 includes a "multi-segment curve" limitation. All other allegations, characterizations, and inferences in subparagraph (jj) are denied.

kk. The allegations in subparagraph (kk) are denied.

ll. Fractus admits the allegations in subparagraph (ll).

mm. Fractus admits that on May 18, 2009, a Notice of Allowance issued allowing claims 18-145 of the `462 Patent Application. All other allegations, characterizations, and inferences in subparagraph (mm) are denied.

nn. Fractus denies the allegations in subparagraph (nn). Any communications, to the extent that they occurred, are protected by the settlement privilege.

oo. Fractus admits that on September 23, 2009, Brian Walker filed a Petition for Withdrawal in the prosecution of the `462 Patent Application, in order to file a Request

for Continued Examination and an Information Disclosure Statement pursuant to 37 C.F.R. § 1.97. Fractus admits that the Information Disclosure Statement filed disclosed the `114 Patent, and Examiner Wimer's October 4, 2004 Office Action in the prosecution of the application leading to the `675 Patent. All other allegations, characterizations, and inferences in subparagraph (oo) are denied.

pp. Fractus admits the allegations in subparagraph (pp).

qq. Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that "Examiner Nguyen recognized the materiality of the `114 Patent." Fractus admits that on October 28, 2009, Examiner Nguyen issued an Office Action in the prosecution of the `462 Patent Application, which contains the quote included in subparagraph (qq). Fractus admits that this Office Action rejected claims as anticipated by the `114 Patent. All other allegations, characterizations, and inferences in subparagraph (qq) are denied.

rr. Fractus admits that in the October 28, 2009 Office Action in the prosecution of the `462 Patent Application, Examiner Nguyen rejected claims as unpatentable over the `114 Patent. Fractus admits that this Office Action contains the quote included in subparagraph (rr). All other allegations, characterizations, and inferences in subparagraph (rr) are denied.

ss. Fractus admits that the May 30, 2006 Notice of Allowance in the prosecution of the application leading to the `850 Patent contains the quote included in subparagraph (ss). All other allegations, characterizations, and inferences in subparagraph (ss) are denied.

tt. Fractus denies the allegations of subparagraph (tt).

uu. In response to the allegations in subparagraph (uu), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (uu) is entirely repetitive.  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (uu) are denied.

vv. In response to the allegations in subparagraph (vv), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (vv) is entirely repetitive.  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (vv) are denied.

ww.     The allegations in subparagraph (ww) are denied.

xx. Fractus admits that MPEP 609.02 states that an "examiner will consider information which has been considered by the Office in a parent application."  All other allegations, characterizations, and inferences in subparagraph (xx) are denied.

yy. The allegations of subparagraph (yy) are denied.

63.     Fractus denies that the `850 Patent and the `822 Patent are unenforceable as alleged in paragraph 184 and its numerous subparagraphs.  Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the PTO, withheld any material, non-cumulative information from the prosecutions of the Patents in Suit or their parents.

a.   Subparagraph (a) does not contain any allegations that require a response from Fractus.  To the extent necessary, Fractus incorporates the admissions and denials found in paragraphs 1-62 of this Answer to HTC's Counterclaims.

b.   Fractus admits that the `635 Patent Application and European Patent (EP) Application No. 00909089.5 each claim priority to the same Patent Cooperation Treaty

(PCT) application, PCT Application No. EP00/00411.    All other allegations, characterizations, and inferences in subparagraph (b) are denied.

    c.    Fractus admits that during the prosecution of EP Application No. 00909089.5 it was represented by the law firm of Herrero & Asociados, and that accordingly, individuals from Herrero & Asociados sent and received communications from the European Patent Office (EPO).  Fractus admits that before the EPO granted the patent application in 2005, it issued rejections on various grounds.  Fractus admits that the issued claims include "space-filing curve" and "box-counting dimension" limitations. All other allegations, characterizations, and inferences in subparagraph (c) are denied.

    d.    Fractus admits that for at least part of the prosecution of EP Application No. 00909089.5 it was represented by Roland Brachmann of Jones Day.  Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that "there were communications between one or more of Joseph Sauer of Jones Day and/or David Maiorana of Jones Day . . . and those individuals . . . involved with the prosecution of EP Application No. 00909089.5."  All other allegations, characterizations, and inferences in subparagraph (d) are denied.

    e.    Fractus admits that on November 15, 2004, an amendment was filed by Joseph Sauer of Jones Day deleting "adjacent segments can be optionally rounded or smoothed" from claim 1 in the `635 Patent Application.  Fractus admits that on December 16, 2004, "adjacent segments can be optionally rounded or smoothed" was deleted from EP Application No. 00909089.5. All other allegations, characterizations, and inferences in subparagraph (e) are denied.

f.   Fractus admits that on December 8, 2003, David Maiorana submitted an IDS in the prosecution of the `635 Patent Application, and that this IDS included a "European Patent Office Communication from the corresponding European patent application dated February 7, 2003."    All other allegations, characterizations, and inferences in subparagraph (f) are denied.

g.   Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same.   All other allegations, characterizations, and inferences in subparagraph (g) are denied.

h.   Fractus admits that on February 7, 2003, the EPO issued a rejection in the prosecution of EP Application No. 00909089.5.   Fractus admits that the EPO rejected claim 2, which included "space-filling curve" and "box-counting dimension" limitations based on "Lack of Clarity," and Fractus admits that the rejection contained the line quoted in subparagraph (h).   All other allegations, characterizations, and inferences in subparagraph (h) are denied.

i.   Fractus admits that the February 7, 2003 rejection was also based on "Lack of Novelty" and "Lack of Inventive Step," and that the EP cited Publication WO 9706578 in each.   All other allegations, characterizations, and inferences in subparagraph (i) are denied.

j.   Fractus admits that on August 14, 2003, Herrero & Asociados filed a response to the February 7, 2003 rejection in the prosecution of EP Application No. 00909089.5, and that this response included the language quoted in subparagraph (j), as well as the

description of a way of computing the box-counting dimension depicted in subparagraph (j). All other allegations, characterizations, and inferences in subparagraph (j) are denied.

k. Fractus admits that the August 14, 2003 response included the language quoted in subparagraph (k). All other allegations, characterizations, and inferences in subparagraph (k) are denied.

l. Fractus admits that as originally filed, and on August, 14, 2003, claim 1 of the `635 Patent Application contained a "space-filling curve" limitation and claim 2 in the same application recited that "said SFC [space-filling curve] has a box-counting dimension greater than one." All other allegations, characterizations, and inferences in subparagraph (l) are denied.

m. The allegations in subparagraph (m) are denied.

n. Fractus admits that inventors were involved in the August 14, 2003 "Reply to Examination Report," and that one or more of the prosecution counsel and inventors received a copy of the Reply. Fractus denies that any information was withheld from the PTO. Fractus further notes that the fourth sentence of subparagraph (n) does not specify the application prosecution in which the August 14, 2003 Reply was allegedly withheld. All other allegations, characterizations, and inferences in subparagraph (n) are denied.

o. Fractus admits that the description of a way of computing the box-counting dimension depicted in subparagraph (j), which was included in the August 14, 2003, response to the February 7, 2003 rejection in the prosecution of EP Application No. 00909089.5, was embedded in the application leading to the `675 Patent. All other allegations, characterizations, and inferences in subparagraph (o) are denied.

p.   Fractus admits that on April 24, 2003, U.S. Patent Application No. 10/422,578 was filed with the USPTO (not on April 24, 3003, as alleged).   Fractus admits that Application No. 10/422,578 led to the `675 Patent.   Fractus denies that this application was filed shortly after the August 14, 2003 response to the EPO in the prosecution of EP Application No. 00909089.5, because April 24, 2003 is not after August 14, 2003.   Fractus denies that "the `675 Patent included the August 14, 2003 tutorial embedded directly in the specification."   All other allegations, characterizations, and inferences in subparagraph (p) are denied.

q.   Fractus admits that the January 6, 2005 Response was filed by Joseph Sauer and used the language quoted in subparagraph (q).   All other allegations, characterizations, and inferences in subparagraph (q) are denied.

r.   Fractus admits that prior to issuing a Notice of Allowance for the `675 Patent on December 29, 2008, Examiner Wimer issued a number of rejections, at least one of which cited the `114 Patent.   All other allegations, characterizations, and inferences in subparagraph (r) are denied.

s.   Fractus denies that the application leading to the `675 Patent was filed on August 24, 2003.   Fractus admits that David Maiorana submitted an IDS in the prosecution of the `635 Patent Application, and that this IDS included a "European Patent Office Communication from the corresponding European patent application dated February 7, 2003."   Fractus admits that December 8, 2003 is subsequent to August 24, 2003.   All other allegations, characterizations, and inferences in subparagraph (s) are denied.

t. Fractus admits that on December 8, 2003, David Maiorana submitted an IDS in the prosecution of the `635 Patent Application, and that this IDS included a "European Patent Office Communication from the corresponding European patent application dated February 7, 2003." All other allegations, characterizations, and inferences in subparagraph (t) are denied.

u. Fractus admits that on August 14, 2003, Herrero & Asociados filed a response to the February 7, 2003 rejection in the prosecution of EP Application No. 00909089.5, and that this response included the description of a way of computing the box-counting dimension depicted in subparagraph (j). Fractus admits that HTC has accurately quoted 37 C.F.R. § 1.56(a)(2). All other allegations, characterizations, and inferences in subparagraph (u) are denied.

v. Fractus admits that on October 28, 2004, the EPO issued a Summons to Attend Oral Proceedings in the prosecution of EP Application No. 00909089.5, an annex of which included the language quote in subparagraph (v). All other allegations, characterizations, and inferences in subparagraph (v) are denied.

w. Fractus admits that in the October 28, 2004 Summons in the prosecution of EP Application No. 00909089.5, the EPO included the language quoted in subparagraph (w). All other allegations, characterizations, and inferences in subparagraph (w) are denied.

x. Fractus admits that in the October 28, 2004 Summons in the prosecution of EP Application No. 00909089.5, the EPO included the language quoted in subparagraph (x). Fractus admits that, in the language quoted from the Summons in subparagraph (x) , the D1 reference referred to Publication WO 9706578. All other allegations, characterizations, and inferences in subparagraph (x) are denied.

y.   The allegations in subparagraph (y) are denied.

z.   Fractus admits that one or more of the prosecution counsel and the inventors received a copy of the October 28, 2004 Summons in the prosecution of EP Application No. 00909089.5.   Fractus denies that any information was withheld from the PTO. Fractus further notes that the second sentence of subparagraph (z) does not specify the application prosecution in which the October 28, 2004 Summons was allegedly withheld. All other allegations, characterizations, and inferences in subparagraph (z) are denied.

aa. Fractus admits that on December 15, 2004, Herrero & Asociados submitted a "Letter Dealing with Oral Proceedings," in which they provided further argument as to the EPO's findings of lack of clarity, novelty and inventive step in EP Application No. 00909089.5.  Fractus admits that the letter contained the language quoted in subparagraph (aa).   All other allegations, characterizations, and inferences in subparagraph (aa) are denied.

bb. The allegations in subparagraph (bb) are denied.

cc. Fractus admits that one or more of the inventors was involved in preparing the December 15, 2004 Letter Dealing with Oral Proceedings in the prosecution of EP Application No. 00909089.5.  Fractus admits that one or more of the prosecution counsel and the inventors received a copy of the December 15, 2004 Letter Dealing with Oral Proceedings.  Fractus denies that any information was withheld from the PTO.  Fractus further notes that the second sentence of subparagraph (cc) does not specify the application prosecution in which the December 15, 2004 Letter Dealing with Oral Proceedings was allegedly withheld.   All other allegations, characterizations, and inferences in subparagraph (cc) are denied.

dd. Fractus admits that Roland Brachmann and Carles Puente attended oral proceedings before the examining division of the EPO on January 18, 2004. All other allegations, characterizations, and inferences in subparagraph (dd) are denied.

ee. The allegations in subparagraph (ee) are denied.

ff. Fractus admits that one or more of the prosecution counsel and the inventors received a copy of the minutes from the January 18, 2004 Oral Proceedings in the prosecution of EP Application No. 00909089.5. Fractus denies that any information was withheld from the PTO. Fractus further notes that the second sentence of subparagraph (ff) does not specify the application prosecution in which the minutes from the January 18, 2004 Oral Proceedings were allegedly withheld. All other allegations, characterizations, and inferences in subparagraph (ff) are denied.

gg. The allegations in subparagraph (gg) are denied.

hh. The allegations in subparagraph (hh) are denied.

ii. In response to the allegations in subparagraph (ii), Fractus incorporates its admissions and denials in preceding paragraph 62(y). If not previously admitted, all allegations, characterizations, and inferences in subparagraph (ii) are denied.

jj. In response to the allegations in subparagraph (jj), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (jj) is entirely repetitive. If not previously admitted, all allegations, characterizations, and inferences in subparagraph (jj) are denied.

kk. In response to the allegations in subparagraph (kk), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (kk) is entirely

repetitive. If not previously admitted, all allegations, characterizations, and inferences in subparagraph (kk) are denied.

ll. In response to the allegations in subparagraph (ll), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (ll) is entirely repetitive. If not previously admitted, all allegations, characterizations, and inferences in subparagraph (ll) are denied.

mm. The allegations in subparagraph (mm) are denied.

nn. Fractus admits that MPEP 609.02 states that an "examiner will consider information which has been considered by the Office in a parent application." All other allegations, characterizations, and inferences in subparagraph (nn) are denied.

oo. The allegations of subparagraph (oo) are denied).

64.    Fractus denies that the `850 Patent and the `822 Patent are unenforceable as alleged in paragraph 185. Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the PTO, withheld any material, non-cumulative information from the prosecutions of the Patents in Suit or their parents.

**COUNT TWENTY:**
**DECLARATORY RELIEF REGARDING UNENFORCEABILITY DUE TO**
**INEQUITABLE CONDUCT OF U.S. PATENT NOS. 7,015,868, 7,123,208, 7,394,432,**
**7,397,431 AND 7,528,782**

65.    Fractus denies that the `868 Patent, U.S. Patent Nos. 7,123,208 (the `208 Patent), 7,397,431 (the `431 Patent), 7,394,432 (the `432 Patent), and 7,528,782 (the `782 Patent) are unenforceable as alleged in paragraph 186 and its numerous subparagraphs. Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the PTO, withheld any material, non-cumulative information from

the prosecutions of the Patents in Suit or their parents. To the extent necessary, Fractus incorporates the admissions and denials found in paragraphs 1-64 of this Answer to HTC's Counterclaims.

     a.    Fractus admits that the `868 Patent, the `208 Patent, the `431 Patent, the `432 Patent, and the `782 Patent each claim priority to PCT Application No. ES 99/00296. Fractus admits that on March 29, 2001, an international search report was issued for PCT Application No. ES 99/00296 which listed Publication WO 9706578. Fractus admits that Publication WO 9706578 lists Nathan Cohen as an inventor. All other allegations, characterizations, and inferences in subparagraph (a) are denied.

     b.    Fractus admits that United States Patent Application No. 10/102,568 was filed on March 18, 2002, and that this was Fractus's first U.S. patent application in the multilevel family. Fractus admits that the specification of United States Patent Application No. 10/102,568 contains the following statement: "Publication WO 97/06578 discloses a fractal antenna, which has nothing to do with a multilevel antenna being both geometries essentially different" (the Cohen statement). All other allegations, characterizations, and inferences in subparagraph (b) are denied.

     c.    Fractus denies that the Cohen statement was a false characterization of Publication WO 97/06578, or a material misrepresentation. Fractus denies that the lines purportedly quoted in subparagraph (c) are an accurate quotation from Publication WO 97/06578. Fractus denies that the recitation clarifies that Publication WO 97/06578 describes antenna elements that are other than fractal. All other allegations, characterizations, and inferences in subparagraph (c) are denied.

d.      Fractus admits that each of the `868, `208, `431, `432, and `782 Patents list Carles Puente Baliarda, Carmen Borja Borau, Jaume Anguera Pros, and Jordi Soler Castany as inventors.  Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same.   All other allegations, characterizations, and inferences in subparagraph (d) are denied.

e.      Fractus admits that on April 9, 2002, Carles Puente Baliarda, Carmen Borja Borau, Jaume Anguera Pros, and Jordi Soler Castany signed the declaration quoted in subparagraph (e).   All other allegations, characterizations, and inferences in subparagraph (e) are denied.

f.      Fractus admits that on April 9, 2002, Carles Puente Baliarda, Carmen Borja Borau, Jaume Anguera Pros, and Jordi Soler Castany signed a declaration acknowledging "the duty to disclose information which is material to the examination of this application in accordance with Title 37, Code of Federal Regulations § 1.56(a)."  All other allegations, characterizations, and inferences in subparagraph (f) are denied.

g.      The allegations in subparagraph (g) are denied.

h.      Fractus incorporates by reference the admissions and denials contained above in paragraph 63(j), (k), and (n)   If not previously admitted, all allegations, characterizations, and inferences in subparagraph (h) are denied.

i.      Fractus admits that the language quoted in subparagraph (i) was included in the August 14, 2003 response in the prosecution of EP Application No. 00909089.5. All other allegations, characterizations, and inferences in subparagraph (i) are denied.

j.       Fractus admits that on October 28, 2004, Carles Puente Baliarda, Carmen Borja Borau, Jaume Anguera Pros, and Jordi Soler Castany signed the declaration quoted in subparagraph (j).    All other allegations, characterizations, and inferences in subparagraph (j) are denied.

k.       Fractus admits that on October 28, 2004, Carles Puente Baliarda, Carmen Borja Borau, Jaume Anguera Pros, and Jordi Soler Castany signed the declaration quoted in subparagraph (j), and referenced again in subparagraph (k).  Fractus admits each of the `868, `208, `431, `432, and `782 Patents contains the line: "Publication WO 97/06578 discloses a fractal antenna, which has nothing to do with a multilevel antenna being both geometries essentially different."  All other allegations, characterizations, and inferences in subparagraph (k) are denied.

l.       Fractus admits that the specification of United States Patent No. 7,312,762 (the `762 Patent) contains the line "[t]he international publication WO 97106578 entitled fractal antennas, resonators and loading elements, describe fractal-shaped elements which may be used to form an antenna."  Fractus admits that the `762 Patent is not in the multilevel family.    All other allegations, characterizations, and inferences in subparagraph (l) are denied.

m.       The allegations in subparagraph (m) are denied.

n.       The allegations in subparagraph (n) are denied.

o.       Fractus reiterates its admission that each of the `868, `208, `431, `432, and `782 Patents contains the line: "Publication WO 97/06578 discloses a fractal antenna, which has nothing to do with a multilevel antenna being both geometries essentially

different."  All other allegations, characterizations, and inferences in subparagraph (o) are denied.

       p.     The allegations in subparagraph (p) are denied.

66.     Fractus denies that the `868 Patent, the `208 Patent, the `431 Patent, the `432 Patent, and the `782 Patent are unenforceable as alleged in paragraph 187.  Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the PTO, withheld any material, non-cumulative information from the prosecutions of the Patents in Suit or their parents.

**COUNT TWENTY-ONE:**
**DECLARATORY RELIEF REGARDING UNENFORCEABILITY DUE TO**
**INEQUITABLE CONDUCT OF U.S. PATENT NOS. 7,411,556 AND 7,312,762**

67.     Fractus denies that U.S. Patent No. 7,411,556 (the `556 Patent) and the `762 Patent are unenforceable as alleged in paragraph 188 and its numerous subparagraphs.  Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the PTO, withheld any material, non-cumulative information from the prosecutions of the Patents in Suit or their parents.

       a.    Subparagraph (a) does not contain any allegations that require a response from Fractus.  To the extent necessary, Fractus incorporates the admissions and denials found in paragraphs 1-66 of this Answer to HTC's Counterclaims.

       b.    Fractus admits that David Maiorana of Jones Day filed U.S. Patent Application No. 10/822,933, which ultimately became the `762 Patent.  Fractus admits that Joseph Sauer of Jones Day filed U.S. Patent Application No. 11/124,768, which ultimately became the `556 Patent.  Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that "Mr. Maiorana and Mr. Sauer

discussed and shared prosecution strategies amongst one another in the prosecution of Fractus patent applications," as alleged in subparagraph (b).  Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same.  All other allegations, characterizations, and inferences in subparagraph (b) are denied.

c.    Fractus admits that Carles Puente Baliarda was an inventor on the `675 Patent, the `850 Patent, the `822 Patent, the `556 Patent, the `762 Patent, and the `635 Patent Application.  Fractus denies that each of these patents is properly characterized as a "space-filling curve" application or patent.  Fractus admits that each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, to the extent prescribed by and as described in 37 C.F.R. § 1.56(a) and relevant judicial interpretations of the same.  All other allegations, characterizations, and inferences in subparagraph (c) are denied.

d.    Fractus admits that independent claims 1 and 36 in the as-filed application that became the `675 Patent included a "space-filling curve" limitation.  Fractus admits that in the application as filed that became the `556 Patent, dependent claim 6 recites, in part, "the radiating arm forms a space-filling curve."  Fractus admits that in the application as filed in the prosecution of the application that became the `762 Patent, dependent claim 10 includes a "space-filling curve" limitation.  Fractus admits that as originally filed, claims 1 and 14 the `635 Patent Application contain a "space-filling curve" limitation.  Fractus admits that in an April 20, 2005 amendment to the claims that became the `850 Patent, claims 1-16 were cancelled, and claims 17-106 were added.  Fractus admits that

in the proposed claims 17-106, each of the independent claims contains a "space-filling curve" limitation. Fractus admits that in a July 17, 2002 amendment to the claims that became the `822 Patent, claims 1-16 were cancelled, and claims 17-73 were added. Fractus admits that in the proposed claims 17-73, claim 55 included a "multi-segment curve" limitation. All other allegations, characterizations, and inferences in subparagraph (d) are denied.

      e.   The allegations in subparagraph (e) are denied.

      f.   The allegations in subparagraph (f) are denied.

      g.   Fractus admits that David Maiorana of Jones Day filed U.S. Patent Application No. 10/822,933, which ultimately became the `762 Patent. Fractus admits that the specification of the `762 Patent includes the language quoted in subparagraph (g). Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that the prosecution counsel or the inventors "recognized the relatedness of the `762 Patent to the Space Filling Miniature Patent Family" because Fractus does not know what meaning HTC is placing on the vague term "relatedness." All other allegations, characterizations, and inferences in subparagraph (g) are denied.

      h.   Fractus admits that on August 31, 2004, David Maiorana submitted an IDS in the application leading to the `762 Patent that included references that were previously submitted in the application leading to the `675 Patent on February 10, 2004. All other allegations, characterizations, and inferences in subparagraph (h) are denied.

      i.   Fractus admits that on August 31, 2004, David Maiorana submitted an IDS in the application leading to the `762 Patent that included references that were previously

submitted in the application leading to the `675 Patent on February 10, 2004. All other allegations, characterizations, and inferences in subparagraph (i) are denied.

j.    Fractus incorporates by reference the admissions and denials contained above in paragraph 62(n). If not previously admitted, all allegations, characterizations, and inferences in subparagraph (j) are denied.

k.    Fractus admits that on October 4, 2004, a claim featuring a "space-filling curve" was pending in application leading to the `762 Patent, specifically claim 10. All other allegations, characterizations, and inferences in subparagraph (k) are denied.

l.    Fractus admits that neither the `518 Patent nor the `990 Patent were disclosed in the prosecution of the application leading to the `762 Patent. All other allegations, characterizations, and inferences in subparagraph (l) are denied.

m.    Fractus admits that on August 31, 2004, David Maiorana submitted an IDS in the application leading to the `762 Patent that included references that were previously submitted in the application leading to the `675 Patent on February 10, 2004. Fractus admits that neither the `518 Patent nor the `990 Patent were disclosed in the prosecution of the application leading to the `762 Patent. All other allegations, characterizations, and inferences in subparagraph (m) are denied.

n.    Fractus admits that an information disclosure statement can be filed before the first Office Action on the merits. Fractus admits that on October 4, 2004, Examiner Nguyen had not issued an Office Action on the merits in the prosecution of the application leading to the `762 Patent. All other allegations, characterizations, and inferences in subparagraph (n) are denied.

o.   Fractus incorporates by reference the admissions and denials contained above in paragraph 62(s).  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (o) are denied.

p.   Fractus incorporates by reference the admissions and denials contained above in paragraph 62(u).  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (p) are denied.

q.   Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `762 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (q) are denied.

r.   Fractus admits that on March 29, 2005, the claims in the application leading to the `762 patent were amended.  All other allegations, characterizations, and inferences in subparagraph (r) are denied.

s.   Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `762 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (s) are denied.

t.   Fractus incorporates by reference the admissions and denials contained above in paragraph 62(bb).  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (t) are denied.

u.   Fractus admits that neither the `114 Patent nor any rejections based thereupon were disclosed in the prosecution of the `762 Patent Application.  All other allegations, characterizations, and inferences in subparagraph (u) are denied.

v.   Fractus admits that the May 31, 2005 Response to Office Action in the prosecution of the application leading to the `675 Patent argued that the pending claims

were not obvious in view of the `114 Patent.  Fractus admits that this Response included the line "describe the degree of miniaturization of the radio antenna, which is made possible by the use of the claimed space-filling curve."  Fractus admits that in a June 23, 2005 Advisory Action in the prosecution of the application leading to the `675 Patent, Examiner Wimer indicated that the rejections would stand.  Fractus admits that in an August 8, 2005 Request for Continued Examination (RCE), the claims in the application leading to the `675 Patent were further amended.  Fractus admits that in an August 24, 2005 Office Action, Examiner Wimer maintained his rejection of the claims leading to the `675 Patent.  All other allegations, characterizations, and inferences in subparagraph (v) are denied.

w.  Fractus admits that on August 26, 2005, Joseph Sauer filed a request for withdrawal, and that on September 23, 2005, the law firm of Jenkens and Gilchrist was substituted.  Fractus admits that on September 23, 2005, an examiner had not yet been assigned to the application leading to the `762 Patent.  All other allegations, characterizations, and inferences in subparagraph (w) are denied.

x.  Fractus admits that the application leading to the `556 Patent was filed on May 9, 2005 by Joseph Sauer.  Fractus admits that the final specification of the `556 Patent contains the language quoted in subparagraph (x).  Fractus lacks information or knowledge sufficient to form a belief about the truth of the allegation that the prosecution counsel or the inventors "recognized the relatedness of the `556 Patent to the Space Filling Miniature Patent Family" because Fractus does not know what meaning HTC is placing on the vague term "relatedness."  All other allegations, characterizations, and inferences in subparagraph (x) are denied.

y.  In response to the allegations in subparagraph (y), Fractus incorporates its admissions and denials to the previous subparagraphs, specifically paragraph 62(n), 62(u), 62(bb), and 67(d), as subparagraph (y) is entirely repetitive.  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (y) are denied.

z.  Fractus admits that neither the `114 Patent nor any rejections based thereupon were among the hundreds of pieces of prior art disclosed in the prosecution of the application leading to the `556 Patent.  All other allegations, characterizations, and inferences in subparagraph (z) are denied.

aa.  In response to the allegations in subparagraph (aa), Fractus incorporates its admissions and denials to the previous subparagraphs, specifically paragraph 67(v), as subparagraph (aa) is entirely repetitive.  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (aa) are denied.

bb.  Fractus admits that on September 13, 2005, Joseph Sauer filed a request for withdrawal, and that on October 11, 2005, the law firm of Jenkens and Gilchrist was substituted.  Fractus admits that on October 11, 2005, an examiner had not yet been assigned to the application leading to the `556 Patent.  All other allegations, characterizations, and inferences in subparagraph (bb) are denied.

cc.  Fractus admits that on September 13, 2005, no IDS had yet been submitted in the application leading to the `556 Patent.  All other allegations, characterizations, and inferences in subparagraph (cc) are denied.

dd.  Fractus admits that neither the `114 Patent nor any rejections based thereupon were among the hundreds of pieces of prior art disclosed in the prosecutions of the

applications leading to the `762 and `556 Patents.  All other allegations, characterizations, and inferences in subparagraph (dd) are denied.

ee.  In response to the allegations in subparagraph (ee), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (ee) is entirely repetitive.  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (ee) are denied.

ff.  In response to the allegations in subparagraph (ff), Fractus incorporates its admissions and denials to the previous subparagraphs, as subparagraph (ff) is entirely repetitive.  If not previously admitted, all allegations, characterizations, and inferences in subparagraph (ff) are denied.

gg.  The allegations in subparagraph (gg) are denied.

68.    Fractus denies that the `556 Patent and the `762 Patent are unenforceable as alleged in paragraph 189.  Fractus specifically denies that any of the inventors or the prosecuting attorneys for the Patents in Suit knowingly, and with an intent to deceive the PTO, withheld any material, non-cumulative information from the prosecutions of the Patents in Suit or their parents.

69.    In response to HTC's prayer, Fractus denies that it is entitled to relief of any kind.


## REQUEST FOR RELIEF

Therefore, Fractus requests the following relief:

a.    that the Court enter a judgment in favor of Fractus on all claims asserted against it by HTC.

b.      that the Court award Fractus its attorneys' fees and costs of court, together with

pre-judgment and post-judgment interest in the maximum amount provided by

law; and,

c.      that the Court award Fractus all other relief to which it may be entitled, including

but not limited to that alleged in its Second Amended Complaint.

DATED:  January 14, 2010          Respectfully submitted,


By:  */s/ Genevieve Vose*
     T. John Ward, Jr.
     State Bar No. 00794818
     WARD AND SMITH LAW FIRM
     111 W. Tyler St.
     Longview, Texas 75601
     Telephone (903) 757-6400
     Facsimile (903) 757-2323
     E-mail: jw@jwfirm.com

     Max L. Tribble, Jr. – Lead Counsel
     State Bar No. 20213950
     mtribble@susmangodfrey.com
     SUSMAN GODFREY L.L.P.
     1000 Louisiana Street, Suite 5100
     Houston, Texas 77002
     Telephone:  (713) 651-9366
     Facsimile:  (713) 654-6666

     Justin A. Nelson
     State Bar No. 24034766
     jnelson@susmangodfrey.com
     Genevieve Vose
     WA Bar No. 38422
     gvose@susmangodfrey.com
     SUSMAN GODFREY L.L.P.
     1201 Third Ave, Suite 3800
     Seattle, WA 98101
     Telephone: (206) 516-3880
     Facsimile:  (206) 516-3883

     Michael F. Heim
     State Bar No. 09380923
     mheim@hpcllp.com
     Fiona A. Bell
     State Bar No. 24052288
     fbell@hpcllp.com

HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis Street
Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2001
Facsimile: (713) 221-2021

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone:  (903) 561-1600
Facsimile:  (903) 561-1071

S. Calvin Capshaw, State Bar No. 03783900
Elizabeth L. DeRieux, State Bar No. 05770585
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, Texas 75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com


Attorneys for FRACTUS S.A.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 14th day of January, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

_/s/    Genevieve Vose_
Genevieve Vose