IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A. | § | |
| Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 6:09cv203 |
| SAMSUNG ELECTRONICS CO., LTD., *et al.* | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**FRACTUS, S.A.'S SURREPLY IN OPPOSITION TO THE MOTION FOR TRANSFER**

The Moving Defendants cannot overcome this case's significant connection to the district that it is in and have not shown that it would be clearly more convenient to move it elsewhere. They now admit that a non-joining Defendant (Samsung) is based in the Eastern District of Texas. Further, there is a Fractus entity based in the Eastern District of Texas; a non-joining Defendant (RIM) based in Irving, Texas; two party witnesses based in the Eastern District of Texas; six non-party witnesses that are subject to the absolute subpoena power of the Eastern District of Texas; a Defendant (HTC) incorporated in Texas; and numerous parties, party witnesses, and non-party witnesses that would be inconvenienced by travel to California by virtue of their locations on the East Coast, in Eastern Canada, and in Europe. The Moving Defendants cannot, and do not, deny that transfer will stall and prolong the litigation. They have not shown that it is clearly more convenient to try this case in the Southern District of California.

## I. Moving Defendants Inaccurately State the Legal Standard

The Moving Defendants claim that Fractus "ignores the relevant legal standard set forth in 28 U.S.C. § 1404(a), which by its plain terms requires an assessment of the relative *convenience* of the original and transferee venues." Reply Br. at 1. But the Moving Defendants forget that the Court's analysis doesn't start on a level playing field. The traditional deference to the plaintiff's choice of forum has not been extinguished. It is engrained in the showing Moving Defendants must make to justify transfer – that the transferee venue is <u>clearly more convenient</u> than the venue chosen by the plaintiff. *In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Thus, while it is correct to say that the Court must weigh the relative convenience of the original venue against the proposed venue, the scale starts out tipped toward the original venue. The Moving Defendants are not able to make the required showing that the Southern District of California is

clearly more convenient.

## II. The Convenience of Parties and Witnesses Weighs Against Transfer

The Moving Defendants argue that Fractus "completely ignores recent Federal Circuit decisions ordering the transfer of patent infringement lawsuits under comparable circumstances." Reply Br. at 1. But prevailing law counsels against transfer. For instance, in *Genentech*, the Federal Circuit harmonized its decision with *United States v. Binder*, 794 F.2d 1195 (7th Cir. 1986), in which a denial of transfer was upheld. *Genentech*, 566 F.3d at 1344. In *Binder*, the district court was asked to transfer venue from Illinois to California. The parties identified 86 witnesses, 43 of which resided in California, the proposed transferor district, or a nearby state, while only 17 resided in Illinois, the original venue. Nineteen more resided on the East Coast or in Europe. *Id.* The *Genentech* Court distinguished its decision to grant mandamus relief in the case before it by noting that, unlike in *Binder*, "no identified witness is a resident of Texas, let alone the Eastern District of Texas." *Id.* (emphasis added).

The Federal Circuit's approval of the *Binder* decision reflects that deference to the plaintiffs' choice of forum remains engrained in the standard for evaluating motions to transfer venue. Even if the witnesses in the transferor forum outnumber those in the plaintiff's chosen venue, this is not sufficient to require transfer. In the present case, unlike in *Genentech*, one of the parties resides in the Eastern District, two party witnesses reside in the district, another party (RIM) is in Irving, Texas, one more is incorporated in Texas (HTC), and six more non-party witnesses reside and are employed in Texas and <u>are within the absolute subpoena power of the Eastern District of Texas</u>. In addition, at least twenty-three parties or witnesses (both party and non-party) are located on the East Coast or in Eastern Canada. *See* Declaration of Genevieve Vose in Support of Surreply Brief ("Second Vose Decl.") ¶ 2.

On the other hand, the Moving Defendants point to what they characterize as a "balance of party witnesses [] overwhelmingly concentrated in Asia." Reply Br. at 4. But the Federal Circuit has held that the foreign witnesses, who "will be required to travel a significant distance no matter where they testify," should be given less weight than witnesses in the United States. *Genentech*, 566 F.3d at 1344. This tally of witnesses inconvenienced by transfer in the paragraph above does not even include the numerous witnesses in Europe, such as the inventors on the patents in suit.[1]

### III. *In re Hoffman-La Roche* Does Not Counsel For Transfer

The moving defendants make much of *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333 (Fed. Cir. 2009). But that case differs from the present case several critical respects. First, in *Hoffman-La Roche*, the Federal Circuit found that the case had "no relevant factual connection to the Eastern District of Texas." *Id.* at 1338 (emphasis added). Here, Samsung – who does not move or join the motion to transfer – is located within the Eastern District of Texas. As noted in Fractus's opposition, this local Defendant is a major player in the litigation, both in terms of number of accused products and relevant market share. Opp'n Br. at 7.

Second, in *Hoffman-La Roche*, the Federal Circuit found that there were four witnesses that could be compelled for deposition and trial in the transferee district, while was only a single non-party witness that could be compelled in the original venue. Furthermore, that person could only be compelled for trial, because she was a Texas resident that did not reside within 100 miles of the district. *Id.* at 1337; *see also* Fed. R. Civ. P. 45(c)(3)(A)(ii). Here, by contrast, there are six non-party witnesses, listed on Defendants' own initial disclosures, over whom the Eastern District of Texas has absolute subpoena power: Stanley R. Moore, Shoaib Amirali Mithani, Ross

---

[1] There are another two parties, six party witnesses and twenty non-party witnesses located in Europe. All these witnesses were named on Defendants' initial disclosures, and many of the non-party witnesses have been subpoenaed. Vose Decl. ¶ 3.

T. Robinson, Jeffrey Tinker, Brian D. Walker, and Michael Maddox. Each of these witnesses is former or current prosecution counsel for Fractus and employed by one of two Dallas-based firms – Winstead PC or Howison & Arnott, LLP. The places of employment of these six individuals are within 100 miles of the Eastern District of Texas. Declaration of Genevieve Vose in Support of Opposition Brief ("First Vose Decl."), Exs. 33-38. Not only are those witnesses within the absolute subpoena power of the Court, but it would be far more convenient for them to be deposed or called to testify in the Eastern District of Texas than in the Southern District of California. Transferring venue would greatly increase the burden on these non-party witnesses that Defendants themselves disclosed as persons with knowledge.

The Moving Defendants' argument that these witnesses should be ignored is unavailing. First, the Moving Defendants' question as to whether these witnesses will be called to testify at trial is irrelevant. Reply Br. at 6. The Federal Circuit has made clear that once a witness that "has been identified as having relevant and material information relating to this suit," then the convenience of that witness should be assessed in the transfer analysis. *In re Hoffman-La Roche*, 1337 n.3 (quoting *Genentech*, 566 F.3d at 1343-44). Furthermore, it is disingenuous for Defendants to put those witnesses into play – by subpoenaing their law firms and naming them on their Initial Disclosures – and then arguing that they should be ignored for purposes of transfer analysis. Second, the Moving Defendants argue that these witnesses are "at best relevant to inequitable conduct allegations that have not been pled by the Moving Defendants." Reply Br. at 6. But the Moving Defendants – along with many of the other Defendants – named the prosecution counsel, by name, on their Initial Disclosures. First Vose Decl., Exs. 16-17, 19. It was Defendants who opened that door, and they can't slam it shut now.

Third, the Moving Defendants would have the Court ignore that Fractus's documents and

prototypes are located in Tyler, and they attempt to use *Hoffman-La Roche* as a way to transform their motion into an investigation of Fractus's motives concerning its Texas entity, Fractus Texas. Reply Br. at 2-3. But the Court should not engage in that type of fact-finding on a motion to transfer venue, and in recent decisions, has declined to do just that. *See, e.g.*, *MedIdea, LLC v. Zimmer Holdings, Inc.*, No. 2-09-cv-258-TJW (E.D. Tex. March 8, 2010) (declining to "scrutinize litigants' business decisions in order to determine whether opening an office in a particular location has a legitimate business purpose or is merely a tactic to manipulate venue" (internal quotation marks and ellipses omitted)). To do otherwise would turn motions to transfer into de facto evidentiary hearings into the plaintiff's motivations, instead of properly scrutinizing whether the transferor forum would be clearly more convenient than the plaintiff's choice. However, even if the Court did not consider Fractus's connection to the district as weighing against transfer, Defendants would still be unable to show that the Southern District of California is clearly more convenient.

### IV. Transfer Would Delay This Case

The Moving Defendants do not deny that a transfer to another district could delay this case. Instead, they attempt to justify the decision to wait a year before bringing this motion by arguing that the motion was filed shortly after Initial Disclosures were exchanged. Reply Br. at 8. But this excuse does not change the fact that this case has now been proceeding for a year, the claim construction process is well underway, and the Court has issued rulings on several important motions.[2] *Cf. Techradium, Inc. v. Athoc, Inc.*, Case 2:09-cv-00275-TJW (E.D. Tex. April 29, 2010) (granting transfer in part because the proposed transferor district was in the midst

---

[2] The Moving Defendants claim Fractus has "mischaracterized" the Court's rulings in this case by calling them "substantive." Reply Br. at 9. But it cannot be denied that the Court has issued several important rulings – denying motions to dismiss and denying a motion to limit the number of claims Fractus can assert, for instance. If Moving Defendants' position were accepted – that a transfer could be granted anytime before a claim construction order had issued – judicial efficiency would surely suffer.

of claim construction proceedings in another case on the same patents). Most importantly, a transferor court could not pick up claim construction proceedings in the middle without a lag, and the Moving Defendants do not argue to the contrary. A transfer at this point would surely set the case back. Further, the Moving Defendants knew at least 90% of the facts on which their motion depends shortly after the case began. In fact, they do not identify any fact in the parties' Initial Disclosures that was not known shortly after filing. As this Court knows, it is routine to file a motion to transfer at the beginning of a case. The Moving Defendants' delay in filing the motion can only be understood as tactical.

### V. The Belated Joinders Should be Disregarded

Also tactical was the decision of several defendant groups to join this motion after Fractus's opposition was filed. That Pantech, Sanyo, UTStarcom, LG and Sharp belatedly decided to join the motion changes nothing about the analysis – the locations of the parties and their respective witnesses, and the analysis as set out in Fractus's opposition, remains the same.

There are several other reasons that the Court should disregard these belated joinders. First, of the late-joining Defendants, the only major player in the litigation is LG – the other late-joiners are minor players as compared to the non-joining Defendant based in the Eastern District of Texas, Samsung. *See* Opp'n Br. at 7. Second, one of these Defendants, Pantech, specifically agreed to venue in the Eastern District of Texas for future patent cases. First Vose Decl., Ex. 7 ("Fractus and Pantech Co., Ltd. agree that any future US patent litigation between the parties shall be brought in the Eastern District of Texas."). For these reasons, the statements of joinder filed after Fractus's opposition brief should not alter the Court's analysis.

### VI. The Venues' Respective Times to Trial Counsel Against Transfer

The Moving Defendant do not deny several problems with their time to trial statistics that Fractus pointed out in its opposition brief. First, they do not deny that their study is based on data from the years 1995 to 2008. Declaration of Thomas C. Chen in Support of Motion to Transfer, Ex. 22 at 17. This data is, therefore, out-of-date and may not accurately depict the current state of the two districts. Second, the Moving Defendants do not deny that their study was conducted by a private party and used data collected from Westlaw databases as opposed to the Court's own data. *Id.* at 19. Fractus's statistics, which suggest that the time to trial is quicker in the Eastern District of Texas, use the Court's own data collected from the 12-month period ending September 30, 2009. First Vose Decl., Ex. 40. Fractus's data, even if it encompasses times to trial for all civil cases, is more reliable and more up-to-date.

### VII. Conclusion

The Moving Defendants have failed to show that it is <u>clearly more convenient</u> to transfer the case to the Southern District of California in light of the following factors:

- The Defendant, Samsung, based in the Eastern District of Texas;
- The Fractus entity, Fractus Texas, based in the Eastern District of Texas;
- The two party witnesses based in the Eastern District of Texas (*see* Reply Br. at 4 n.2-3);
- The six non-party witnesses that are subject to the absolute subpoena power of the Eastern District of Texas;
- The Defendant, RIM, based in Irving, Texas;
- The Defendant, HTC, incorporated in Texas;
- The numerous parties and party witnesses based on the East Coast (5), in Eastern Canada (4), and in Europe (9) and who would be inconvenienced by travel to California;
- The numerous non-party witnesses based on the East Coast (14), and in Europe (20) and who would be inconvenienced by travel to California; and
- The significant delay that would accompany transfer due to the stage of the litigation and the longer time to trial in the transferee court.

The Court should deny this Motion.

DATED: May 10, 2010            Respectfully submitted,

                                      By: */s/ Genevieve Vose*
                                             Max L. Tribble, Jr. – Lead Counsel
                                             State Bar No. 20213950
                                             SUSMAN GODFREY L.L.P.
                                             1000 Louisiana Street, Suite 5100
                                             Houston, Texas 77002
                                             Telephone:  (713) 651-9366
                                             Facsimile:  (713) 654-6666
                                             mtribble@susmangodfrey.com

                                             Justin A. Nelson, State Bar No. 24034766
                                             Genevieve Vose, WA State Bar No. 38422
                                             SUSMAN GODFREY L.L.P.
                                             1201 Third Ave, Suite 3800
                                             Seattle, Washington 98101
                                             Telephone: (206) 516-3880
                                             Facsimile:  (206) 516-3883
                                             jnelson@susmangodfrey.com
                                             gvose@susmangodfrey.com

                                             Michael F. Heim, State Bar No. 09380923
                                             Micah J. Howe, State Bar No. 24048555
                                             Fiona A. Bell, State Bar No. 24052288
                                             HEIM, PAYNE & CHORUSH, L.L.P.
                                             600 Travis Street, Suite 6710
                                             Houston, Texas 77002
                                             Telephone: (713) 221-2001
                                             Facsimile: (713) 221-2021
                                             mheim@hpcllp.com
                                             mhowe@hpcllp.com
                                             fbell@hpcllp.com

                                             T. John Ward, Jr., State Bar No. 00794818
                                             Jack Wesley Hill, State Bar No. 24032294
                                             WARD AND SMITH LAW FIRM
                                             111 W. Tyler St.
                                             Longview, Texas 75601
                                             Telephone (903) 757-6400
                                             Facsimile (903) 757-2323
                                             jw@jwfirm.com
                                             wh@jwfirm.com

                                             S. Calvin Capshaw, State Bar No. 03783900
                                             Elizabeth L. DeRieux, State Bar No. 05770585
                                             Daymon Jeffrey Rambin, State Bar No. 00791478
                                             CAPSHAW DeRIEUX, LLP
                                             1127 Judson Road, Suite 220
                                             P. O. Box 3999
                                             Longview, Texas 75601-5157
                                             Telephone:  (903) 236-9800

Facsimile: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com
jrambin@capshawlaw.com

***Attorneys for FRACTUS S.A.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 10th day of May, 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

                                              */s/   Genevieve Vose*
                                                 Genevieve Vose