## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:09-cv-00203 |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| *et al* | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## FRACTUS'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) REGARDING ITS P.R. 3-1 INFRINGEMENT CONTENTIONS

Plaintiff Fractus, S.A. ("Fractus") respectfully requests this Court to rule that Plaintiff has properly designated its P.R. 3-1 Preliminary Infringement Contentions ("Infringement Contentions") as "CONFIDENTIAL." Fractus has already allowed Defendants to share the contentions among the Defendants and among consulting experts without signing the protective order, so long as they maintain the confidentiality of the documents. The Preliminary Infringement Contentions contain non-public data created through laboratory testing and analysis that is not in the public domain. This information is not ascertainable from the face of the antenna. Rather, Fractus used equipment costing at least hundreds of thousands of dollars and spent substantial time testing the antennas to determine how they operate. This data is proprietary and valuable both to Fractus and to others in the antenna industry. Releasing the results of this, along with the other reverse engineering efforts Fractus did, would harm Fractus by allowing its competitors to free ride off the data created by Fractus.

## BACKGROUND

Fractus's Infringement Contentions contain confidential, non-public technical information and analysis generated for or by Fractus at considerable expense. Furthermore,

Fractus's Infringement Contentions reveal key aspects of Fractus's licensing and litigation strategy. To protect this sensitive information from unrestricted disclosure, Fractus designated its Infringement Contentions as "CONFIDENTIAL." Although the Protective Order indicates that such information may be appropriately designated as "CONFIDENTIAL" or even "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," Defendants have argued Fractus does not have "any basis to claim confidentiality in the Infringement Contentions." *See* Dkt. No. 266 at ¶¶ 2, 3; Dkt. No. 372. As set forth below, however, Defendants' position is unsupportable and conflicts with the Protective Order entered in this case.

Fractus has made every reasonable effort to accommodate Defendants and avoid involving this Court in the present discovery dispute, offering to allow disclosure consistent with the terms Fractus proposes in this motion. However, Defendants not only rejected Fractus's offers to compromise, but also improperly deviated from the negotiated procedures for challenging confidentiality designations under the Protective Order (Dkt. No. 266), by filing a motion to expedite consideration of this issue., The origin for this perceived urgency is unclear, since Defendants have known of Fractus's confidential designation for roughly six months. *See* Dkt. Nos. 382, 383. It is also noteworthy that while seeking to remove the confidentiality designation of Fractus's Infringement Contentions on an expedited basis, the Defendants continue to maintain that their Invalidity Contentions are properly designated Confidential under the Protective Order.

## **ARGUMENT**

Because of the highly sensitive, non-public information contained in Fractus's Infringement Contentions, limiting the disclosure of this confidential information is called for both under the Federal Rules of Civil Procedure and the Protective Order entered in this action.

The Federal Rules of Civil Procedure state that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The Protective Order specifically acknowledges that "[d]ocuments or information containing confidential proprietary and business information . . . that bear significantly on the parties' claims . . . are likely to be disclosed or produced during the course of discovery in this litigation." Dkt. No. 266. In light of these concerns, the Protective Order provides for limited disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." *Id.* at ¶¶ 2–3, 7. Under the Protective Order, "Protected Information that may be designated 'CONFIDENTIAL' includes any confidential technical, business, or financial information." *Id.* at ¶ 2. The Protective Order further states information properly designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may include "<u>non-public technical information</u>, including schematic diagrams, manufacturing and engineering drawings, . . . and other <u>non-public technical descriptions and/or depictions</u> of the relevant technology" and "any information not specifically enumerated in the above categories that can <u>reasonably by categorized as highly sensitive</u>." *Id.* at ¶ 3(i), (ix) (emphasis added).

    Fractus's Infringement Contentions contain exactly the type of non-public, proprietary information the Protective Order allows parties to protect. Defendants' assertion that Fractus's Infringement Contentions are "based entirely on public information" is simply untrue. *See* Dkt. No. 382 at 2. Before Defendants filed their motion to de-designate (Dkt. No. 382), Fractus made clear to Defendants that the "contentions contain confidential and non-public information

generated by Fractus at substantial cost and expense, and the material is not otherwise available in the public domain." Ex. A (April 29, 2010 e-mail from Justin Nelson to Neil Sirota).

To meet its obligations under P.R. 3-1, Fractus has invested a significant amount of time and money generating technical data used to demonstrate infringement of its patents. Essentially, Fractus has had to "reverse engineer" the Defendants' products to determine how those products are configured and how they operate. Fractus also invested considerable resources analyzing the technical data it generated as well as other aspects of the accused infringing devices. The confidential, non-public information Fractus seeks to protect includes the reverse engineering of Defendants' technology reflected in Fractus's Infringement Contentions as well as Fractus's analysis of impedance levels, radiation patterns, and current-shaping behavior. The information created by or for Fractus is not available to the public, and Fractus does not reveal such information in the ordinary course of its business. This information is highly valuable in the antenna market, an industry in which Fractus continues to be engaged. The equipment in the laboratory to generate this data costs well into the hundreds of thousands of dollars, not to mention the substantial manpower used to conduct the tests. The technical data it has collected may enable Fractus (or others who may wish to license this data collection from Fractus) to identify competitive advantages relative to others in this industry. Thus, this information fits squarely into the class of Protected Information described in ¶ 3(i) of the Protective Order (Dkt. No. 266). Further, Fractus's Infringement Contentions "can reasonably by categorized as highly sensitive" based on the work product and legal strategy they reveal. *See* Dkt. No. 266 at ¶ 3(ix). Thus, under the terms of the Protective Order, the information in Fractus's Infringement Contentions is properly designated as "CONFIDENTIAL" and should not be subject to unchecked disclosure.

There is good cause to place some limit on the disclosure of Fractus's Infringement Contentions. The unrestricted disclosure of the proprietary technical data and analysis could harm Fractus's business by placing its competitors, who shouldered none of the cost of generating and analyzing Fractus's technical information, in possession of this valuable information. In addition, dissemination of Fractus's Infringement Contentions could interfere with Fractus's licensing efforts by giving potential licensees broad access to Fractus's legal theories, analysis, and work product. Further, unrestricted release of this information increases the risk that Fractus will be subjected to declaratory judgment actions, possibly by parties it never intended to accuse of infringing its patents. Such actions would needlessly burden Fractus as well as the courts – especially since the data contains proprietary information generated at substantial expense to Fractus.

Contrary to Defendants' assertions, Fractus's reasons for seeking to prevent disclosure of its Infringement Contentions to the PTO are completely proper. Defendants' proposed disclosure to the PTO would result in unrestricted public access to Fractus's valuable and confidential information. As set forth above, the consequences of public disclosure of Fractus's confidential information could be severe. Moreover, such disclosure serves no other purpose than to injure Fractus.

Defendants' allegation that Fractus's confidential designation "undermines both the notice function of the claims and Fractus's allegations of willful infringement by Defendants in this action" distorts the applicable law. *See* Dkt. No. 382 at 5. Infringement Contentions do not serve to put the public on notice of the metes and bounds of a patent. Infringement Contentions do not and could not play a meaningful role in putting the public on notice of the scope of a patent's claims because, among other reasons, Infringement Contentions are created for the first

time after infringement of the patents has already been asserted.  Similarly, it makes no sense to suggest that Fractus's allegations of willful infringement are somehow undermined because the general public isn't allowed to examine Fractus's Infringement Contentions.  Lastly, it must be noted that infringement contentions, which must be filed before a claim construction order has even issued, are obviously subservient to the subsequent claim construction order and may even require amendment in light of that claim construction order.  The infringement contentions do not govern the ultimate scope of the claims in litigation.  Rather, it is the claim construction order from the District Court that governs claim scope.

Fractus's proposal to allow more extensive disclosure of its confidential Infringement Contentions than would otherwise be permitted under the Protective Order provides an appropriate balance of the Defendants' needs and the harm that wholly unrestricted disclosure would cause to Fractus.  The relief requested by this motion would allow Defendants to disclose Fractus's Infringement Contentions as is reasonably necessary to mount a defense while maintaining a minimal level of protection of Fractus's proprietary information and minimizing the risk of needless harm to Fractus.

## RELIEF REQUESTED

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that . . . confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).  As set forth above, there is good cause to impose reasonable limits on the disclosure of Fractus's Infringement Contentions.  Furthermore, imposing reasonable limits on the disclosure of Fractus's Infringement Contentions is wholly appropriate under the Protective Order entered in this action.

## **PRAYER**

Accordingly, Fractus respectfully requests this Court to rule that Fractus has properly designated its Infringement Contentions as "CONFIDENTIAL," but that, as Fractus has already agreed, Defendants' counsel should be permitted to share the contentions among the Defendants and among consulting experts without signing the protective order, so long as they otherwise maintain the confidentiality of the documents.

DATED this 12th day of May, 2010.

        Respectfully submitted,

        */s/ Michael F. Heim*
        Michael F. Heim
        State Bar No. 09380923
        Federal ID No. 8790
        E-Mail:  mheim@hpcllp.com
        Micah J. Howe
        State Bar No. 24048555
        E-Mail: mhowe@hpcllp.com
        Fiona A. Bell
        State Bar No. 24052288
        E-Mail:  fbell@hpcllp.com
        HEIM, PAYNE & CHORUSH, LLP
        600 Travis Street, Suite 6710
        Houston, Texas 77002-2912
        Telephone:  (713) 221-2000
        Facsimile:  (713) 221-2021

        Max L. Tribble, Jr. – Lead Counsel
        State Bar No. 20213950
        E-Mail:  mtribble@susmangodfrey.com
        SUSMAN GODFREY L.L.P.
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002
        Telephone: (713) 651-9366
        Facsimile: (713) 654-6666

        Justin A. Nelson
        State Bar No. 24034766
        E-Mail:  jnelson@susmangodfrey.com
        Genevieve Vose

                WA Bar No. 38422
                E-Mail:  gvose@susmangodfrey.com
                SUSMAN GODFREY L.L.P.
                1201 Third Ave, Suite 3800
                Seattle, WA 98101
                Telephone: (206) 516-3880
                Facsimile: (206) 516-3883

                ATTORNEYS FOR PLAINTIFF

Of Counsel:

T. John Ward, Jr.
State Bar No. 00794818
WARD AND SMITH LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
E-mail: jw@jwfirm.com

Otis W. Carroll
State Bar No. 03895700
IRELAND CARROLL AND KELLEY, PC
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
E-Mail:  Fedserv@icklaw.com

S. Calvin Capshaw
State Bar No. 03783900
E-Mail:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
E-Mail:  ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75606-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

## **CERTIFICATE OF CONFERENCE**

I certify that, in compliance with the requirements of Local Rule CV-7(h), I conferred with counsel for Defendants, on multiple occasions regarding this motion, but the parties were unable to resolve this dispute.

/s/ *Justin A. Nelson*
Justin A. Nelson

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of FRACTUS'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) REGARDING ITS P.R. 3-1 INFRINGEMENT CONTENTIONS was served on May 12, 2010, by electronic mail to the following counsel of record:

David G. Willie – david.wille@bakerbotts.com
Samir A. Bhavsar – samir.bhavsar@bakerbotts.com
Jeffrey D. Baxter – jredden@brsfirm.com
Jonathan B. Ruberstein – jonathan.rubenstein@bakerbotts.com
Baker Botts, L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

Michael E. Jones – mikejones@potterminton.com
Allen F. Gardner – allengardner@potterminton.com
Potter Minton, P.C.
110 N. College, Suite 500
P.O. Box 359
Tyler, Texas 75710

*Attorneys for High Tech Computer Corp. and HTC America, Inc.*

Melissa Richards Smith – Melissa@gillamsmithlaw.com
Gilliam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

Hae-Chan Park – hpark@park-law.com
Jiri F. Smetana – jsmetana@park-law.com
H.C. Park & Associates, PLC
8500 Leesburg Pike, Suite 7500
Vienna, VA 22182

*Attorneys for Pantech Wireless, Inc.*

Winstol D. Carter, Jr. – wcarter@morganlewis.com
James L. Beebe – jbeebe@morganlewis.com
Morgan, Lewis & Bockius, L.L.P.
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

Colin W. Park – cpark@morganlewis.com
Thomas E. Nelson – tnelson@morganlewis.com
Bradford A. Cangro – bcangro@morganlewis.com
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

*Attorneys for LG Electronics, Inc. and LG Electronics U.S.A., Inc*

Donald C. Templin – don.templin@haynesboone.com
Layne S. Keele – Layne.keele@haynesboone.com
Haynes & Boone
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

Carrie A. Longstaff – clongstaff@gibbonslaw.com
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Frank A. Bruno – fbruno@gibbonslaw.com
Thomas R. DeSimone – tdesimone@gibbonslaw.com
Gibbons, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119

*Attorneys for Personal Communications Devices Holdings, LLC*

Melissa Richards Smith – Melissa@gillamsmithlaw.com
Gilliam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

David C. Doyle – ddoyle@mofo.com
M. Andrew Woodmansee – mawoodmansee@mofo.com
Greg Reilly – greily@mofo.com
Thomas C. Chen – tchen@mofo.com
Dale Buxton – dbuxton@mofo.com
Matt Dobbins – mdobbins@mofo.com
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040

*Attorneys for Kyocera Wireless Corp., Kyocera Communications Inc., Palm, Inc.*

Eric J. Faragi – eric.faragi@bakerbotts.com
Chang Sik Kim – changsik.kim@bakerbotts.com
Neil R. Sirota – neil.sirota@bakerbotts.com
Robert L. Maier – robert.maier@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112

Michael J. Barta – michael.barta@bakerbotts.com
Baker Botts L.L.P.

William L. LaFuze – wlafuze@velaw.com
Steven R. Borgman – sborgman@velaw.com
Scott W. Breedove – sbreedlove@velaw.com
Amos Olubunmi – aolubunmi@velaw.com
Vinson & Elkins, L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002

David J. Tobin – dtobin@velaw.com
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201

Meredith J. Flitzpatrick – mflitzpatrick@velaw.com
Kristen P. Foster – kfoster@velaw.com
David B. Weaver – dweaver@velaw.com
Ajeet P. Pai – apai@velaw.com
Vinson & Elkins, L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568

Harry L. Gillam, Jr. – gil@gillamsmithlaw.com
Gilliam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

Joe W. Redden, Jr. – jredden@brsfirm.com
Michael E. Richardson – mrichardson@brsfirm.com
Robert David ("B.D.") Daniel – bddaniel@brsfirm.com
Beck Redden & Secrest, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas 77010

*Attorneys for Research in Motion, Ltd.; Research in Motion Corp.*

Melissa Richard Smith – melissa@gillamsmithlaw.com
Gilliam & Smith, LLP
303 South Washington Avenue
Marshall, Texas 75670

Michael A. Dorfman – michael.dorfman@kattenlaw.com
Breighanne A. Eggert – Breighanne.eggert@kattenlaw.com
Timothy J. Vezeau – Timothy.vezeau@kattenlaw.com

1299 Pennsylvania Avenue NW
Washington, D.C. 20004

Allen F. Gardner – allengardner@potterminton.com
Michael E. Jones – mikejones@potterminton.com
Potter Minton PC
110 N. College, Suite 500
PO Box 359
Tyler, Texas 75710

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.; Samsung Electronics Research Institute; Samsung Semiconductor Europe GmbH; and Samsung Telecommunications America LLP*

Melvin R. Wilcox, III – mrw@yw-lawfirm.com
Yarbrough Wilcox, PLLC
100 E. Ferguson Street, Suite 1015
Tyler, Texas 75702

Gordon P. Klancnik – gpk@nixonvan.com
Robert W. Adams – rwa@nixonvan.com
Updeep S. Gill – usg@nixonvan.com
Barbara L. Dittmar – bld@nixonvan.com
Michael E. Crawford – mec@nixonvan.com
Nixon & Vanderhye, P.C.
901 North Glebe Road, 11th Floor
Arlington, VA 22203

*Attorneys for Sharp Corporation and Sharp Electronics Corp.*

Martin T. LeFevour – martin.lefevour@kattenlaw.com
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661

*Attorneys for Sanyo Electric Co., Ltd., and Sanyo North America Corp.*

Alison M. Tucher – atucher@mofo.com
Morrison & Foerster, LLP
425 Market Street, 34th Floor
San Francisco, CA 94105

Melissa Richards Smith –
Melissa@gillamsmithlaw.com
Gilliam & Smith
303 South Washington Avenue
Marshall, Texas 75670

*Attorney for UTStarcom, Inc.*

                                     */s/ Michael F. Heim*
                                       Michael F. Heim