UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:09-cv-00203 |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| *et al.* | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

### FRACTUS'S REPLY TO DEFENDANTS' OPPOSITION TO FRACTUS'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) REGARDING ITS P.R. 3-1 INFRINGEMENT CONTENTIONS

Fractus's Motion for Protective Order (Dkt. 392) merely seeks minimal protection of Fractus's confidential technical data and analysis while allowing Defendants every opportunity to disclose Fractus's Infringement Contentions ("Fractus's Contentions") as is reasonably needed. In Defendants' Opposition to Fractus's Motion (Dkt. 393), Defendants did not describe a single scenario in which expansive disclosure of Fractus's Contentions would further any legitimate end. Defendants seek to disclose Fractus's Contentions to the PTO during reexamination of Fractus's patents and to "suppliers or others having an interest in the outcome of this litigation." *See* Dkt. 393 at 3. However, Fractus's Contentions are wholly irrelevant to any reexamination, and Defendants have not explained how disclosure to suppliers and others relates to its allegedly "important strategic considerations."[1] Most importantly, Defendants now admit exactly why these contentions should stay confidential: They wish to publicly release the results of Fractus's engineering analysis that it undertook at substantial expense. This analysis is

---

[1] If there were some reason disclosure would be appropriate (*e.g.*, if a supplier had agreed to indemnify Defendants), Fractus would allow reasonable disclosure, as it has always done.

not in the public domain and is not easily ascertainable from the accused devices themselves. Rather, Fractus had to reverse engineer this data. Defendants now want to take this data and disclose it in the public domain so that Fractus's competitors can benefit from Fractus's own work. Preventing such disclosure is exactly the purpose of the Protective Order, and it is the reason why these documents should stay confidential. Defendants' arguments for disclosure are further strained by the fact that, while calling for the de-designation of Fractus's Contentions, Defendants maintain the confidential designation of their Invalidity Contentions.

## ARGUMENT

### I. Fractus's Infringement Contentions are properly designated "CONFIDENTIAL."

The Protective Order clearly contemplates that information like that found in Fractus's Contentions is properly designated "CONFIDENTIAL."[2] The Protective Order provides for limited disclosure of "technical, business, or financial information" and "non-public technical information, including schematic diagrams, manufacturing and engineering drawings, . . . and other non-public technical descriptions and/or depictions of the relevant technology." *Id.* at ¶¶ 2, 3(i). Fractus's Contentions contain non-public technical information generated by Fractus at considerable expense.[3] This is precisely the type of information the Protective Order indicates can be properly designated as "CONFIDENTIAL."

Defendants are unable to explain why the plain language of the Protective Order should not apply to Fractus's Contentions. Defendants have suggested Fractus's technical analysis is

---

[2] Fractus has always maintained that its Infringement Contentions are confidential. Similarly, Fractus has consistently argued that Defendants' Invalidity Contentions are not confidential. To the extent Defendants have suggested Fractus has done an "about face" on these issues, they have mischaracterized Fractus's position. *See* Dkt. 393 at 5 n.3.

[3] Defendants argument that Fractus's Motion for Protective Order should be denied for failing to specify what proprietary information the Infringement Contentions contain is clearly unsupportable. As Defendants note, Fractus expressly described its analysis of "impedance levels, radiation patterns, and current-shaping behavior." *See* Dkt. 393 at 4 (citing Dkt. 392 at 4). Furthermore, despite the purported lack of clarity, Defendants have assembled examples of the exact figures Fractus seeks to protect. *See* Dkt. 393, Ex. 1.

not confidential because it pertains to Defendants' products.  However, the Protective Order does not limit protection in this way.  *See* Dkt. 266 at ¶ 3 (indicating that a party can protect information regarding "the relevant technology" rather than a party's own technology).  There is no support in the Protective Order or elsewhere for Defendants' argument that, simply because Fractus's confidential information pertains to Defendants' products, "Defendants should have the ability to use that information as they so choose."[4]  *See* Dkt. 393 at 3.  Furthermore, that those in the antenna industry can replicate Fractus's technical data by "performing their own tests" does nothing to diminish the value of Fractus's data or justify giving it to those who shared none of the costs.  *See* Dkt. 393 at 5.  While the information may be obtainable, that certainly does not mean it is easily or readily obtainable.  Indeed, this is exactly the point:  Others have to do their own testing to recreate what Fractus has done.  It is not readily ascertainable from simply looking at the accused devices, but rather requires a detailed study and analysis by testing, measuring, and analyzing the phones.  This is exactly what the Protective Order is designed to protect.

Defendants do not dispute that the testing of the phones here is <u>not</u> in the public domain.  Finally, Defendants argue that ¶ 4(e) of the Protective Order indicates Fractus's technical data is not confidential.  Dkt. 393 at 3.  However, Defendants' overly-broad reading of ¶ 4, which deals largely with "publicly available" materials, conflicts with both ¶¶ 2 and 3, which unambiguously call for the protection of non-public technical data.  *See* Dkt. 266.  Moreover, this is not the simple "legal examination" described in ¶ 4(e).  Generating the information contained in Fractus's Infringement Contentions required Fractus to engage in costly and elaborate testing of

---

[4] Defendants also seem to argue that somehow there aren't enough technical figures included in the Infringement Contentions or that the information should be treated differently because it is in "graphical form, rather than the underlying data."  *See* Dkt. 393 at 2, 4.  However, the Protective Order does not suggest that the form of Fractus's technical information is of any consequence.

the accused infringing devices and conduct extensive technical analysis of the data generated. This information fits much more readily into the category of protectable "non-public technical information" described in ¶ 3(i) than the non-confidential information described in ¶ 4.

### II. Defendants have not identified a single proper reason for seeking wide disclosure.

Defendants have expressed a desire to disclose Fractus's Contentions to the PTO during reexamination of Fractus's patents. However, Fractus's Contentions are not relevant at all in the context of a reexamination. It is the claim construction order from the District Court that should govern claim scope—not a plaintiff's preliminary infringement contentions. Furthermore, Defendants' purported concerns that Fractus might seek a broad interpretation of its claims in litigation but pursue a narrow interpretation at the PTO are wholly unfounded. If any party could be expected to take inconsistent positions regarding claim scope, it would be the Defendants taking inconsistent positions by contending the PTO must construe the claims more broadly than this Court does. If Defendants have a real concern about inconsistent claim constructions between this Court and the PTO, then Fractus invites the Defendants to join with it now and agree that all parties to this litigation will start with this Court's claim construction as the appropriate construction that the PTO should adopt in the event a reexamination occurs.

Regarding Defendants' desire to disclose Fractus's Contentions to "suppliers and others," Defendants offer no explanation regarding how they would benefit from such disclosure. As set forth above, however, the benefits seem clear: Disclosure to suppliers would allow Defendants' suppliers and others to make use of Fractus's proprietary data without bearing any of the costs and would risk exposing Fractus to declaratory judgment actions. Defendants' desire to disclose this information to suppliers highlights some of Fractus's most pressing concerns. Fractus has gone to great expense to measure the properties and behaviors of Defendants' antennas, creating

a substantial volume of valuable data included in Fractus's Infringement Contentions.  Such disclosure would allow Defendants' suppliers to use Fractus's proprietary data to improve their antenna designs based on Fractus's information.  This would harm Fractus by allowing Fractus's own proprietary research to jump start efforts to improve the products offered by antenna designers.  Such harm is wholly unnecessary and properly avoided under the terms of the Protective Order by limiting disclosure to its proper scope.

DATED this 24th day of May, 2010.

                Respectfully submitted,

                */s/ Michael F. Heim*
                Michael F. Heim
                State Bar No. 09380923
                Federal ID No. 8790
                E-Mail:  mheim@hpcllp.com
                Micah J. Howe
                State Bar No. 24048555
                E-Mail: mhowe@hpcllp.com
                Fiona A. Bell
                State Bar No. 24052288
                E-Mail:  fbell@hpcllp.com
                HEIM, PAYNE & CHORUSH, LLP
                600 Travis Street, Suite 6710
                Houston, Texas 77002-2912
                Telephone:  (713) 221-2000
                Facsimile:  (713) 221-2021

                Max L. Tribble, Jr. – Lead Counsel
                State Bar No. 20213950
                E-Mail:  mtribble@susmangodfrey.com
                SUSMAN GODFREY L.L.P.
                1000 Louisiana Street, Suite 5100
                Houston, Texas 77002
                Telephone: (713) 651-9366
                Facsimile: (713) 654-6666

>Justin A. Nelson
>State Bar No. 24034766
>E-Mail:  jnelson@susmangodfrey.com
>Genevieve Vose
>WA Bar No. 38422
>E-Mail:  gvose@susmangodfrey.com
>SUSMAN GODFREY L.L.P.
>1201 Third Ave, Suite 3800
>Seattle, WA 98101
>Telephone: (206) 516-3880
>Facsimile: (206) 516-3883
>
>ATTORNEYS FOR PLAINTIFF

Of Counsel:

T. John Ward, Jr.
State Bar No. 00794818
WARD AND SMITH LAW FIRM
111 W. Tyler St.
Longview, Texas 75601
Telephone (903) 757-6400
Facsimile (903) 757-2323
E-mail: jw@jwfirm.com

Otis W. Carroll
State Bar No. 03895700
IRELAND CARROLL AND KELLEY, PC
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
E-Mail:  Fedserv@icklaw.com

S. Calvin Capshaw
State Bar No. 03783900
E-Mail:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
E-Mail:  ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75606-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a copy of **FRACTUS'S REPLY TO DEFENDANTS' OPPOSITION TO FRACTUS'S MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) REGARDING ITS P.R. 3-1 INFRINGEMENT CONTENTIONS** was served on May 24, 2010 by electronic mail to the following counsel of record:

David G. Willie – david.wille@bakerbotts.com
Samir A. Bhavsar – samir.bhavsar@bakerbotts.com
Jeffrey D. Baxter – jredden@brsfirm.com
Jonathan B. Ruberstein –
jonathan.rubenstein@bakerbotts.com
Baker Botts, L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

Michael E. Jones – mikejones@potterminton.com
Allen F. Gardner – allengardner@potterminton.com
Potter Minton, P.C.
110 N. College, Suite 500
P.O. Box 359
Tyler, Texas 75710

*Attorneys for High Tech Computer Corp. and HTC America, Inc.*

Melissa Richards Smith –
Melissa@gillamsmithlaw.com
Gilliam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

Hae-Chan Park – hpark@park-law.com
Jiri F. Smetana – jsmetana@park-law.com
H.C. Park & Associates, PLC
8500 Leesburg Pike, Suite 7500
Vienna, VA 22182

*Attorneys for Pantech Wireless, Inc.*

Winstol D. Carter, Jr. – wcarter@morganlewis.com
James L. Beebe – jbeebe@morganlewis.com
Morgan, Lewis & Bockius, L.L.P.
1000 Louisiana Street, Suite 4000
Houston, Texas 77002

Colin W. Park – cpark@morganlewis.com
Thomas E. Nelson – tnelson@morganlewis.com
Bradford A. Cangro – bcangro@morganlewis.com
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

*Attorneys for LG Electronics, Inc. and LG Electronics U.S.A., Inc*

Donald C. Templin – don.templin@haynesboone.com
Layne S. Keele – Layne.keele@haynesboone.com
Haynes & Boone
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

Carrie A. Longstaff – clongstaff@gibbonslaw.com
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Frank A. Bruno – fbruno@gibbonslaw.com
Thomas R. DeSimone – tdesimone@gibbonslaw.com
Gibbons, P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119

*Attorneys for Personal Communications Devices Holdings, LLC*

Melissa Richards Smith – Melissa@gillamsmithlaw.com
Gilliam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

David C. Doyle – ddoyle@mofo.com
M. Andrew Woodmansee – mawoodmansee@mofo.com
Greg Reilly – greily@mofo.com
Thomas C. Chen – tchen@mofo.com
Dale Buxton – dbuxton@mofo.com
Matt Dobbins – mdobbins@mofo.com
Morrison & Foerster LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040

*Attorneys for Kyocera Wireless Corp., Kyocera Communications Inc., Palm, Inc.*

Eric J. Faragi – eric.faragi@bakerbotts.com
Chang Sik Kim – changsik.kim@bakerbotts.com
Neil R. Sirota – neil.sirota@bakerbotts.com
Robert L. Maier – robert.maier@bakerbotts.com
30 Rockefeller Plaza
New York, NY 10112

Michael J. Barta – michael.barta@bakerbotts.com
Baker Botts L.L.P.

William L. LaFuze – wlafuze@velaw.com
Steven R. Borgman – sborgman@velaw.com
Scott W. Breedove – sbreedlove@velaw.com
Amos Olubunmi – aolubunmi@velaw.com
Vinson & Elkins, L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002

David J. Tobin – dtobin@velaw.com
Vinson & Elkins, L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201

Meredith J. Flitzpatrick – mflitzpatrick@velaw.com
Kristen P. Foster – kfoster@velaw.com
David B. Weaver – dweaver@velaw.com
Ajeet P. Pai – apai@velaw.com
Vinson & Elkins, L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568

Harry L. Gillam, Jr. – gil@gillamsmithlaw.com
Gilliam & Smith, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670

Joe W. Redden, Jr. – jredden@brsfirm.com
Michael E. Richardson – mrichardson@brsfirm.com
Robert David ("B.D.") Daniel – bddaniel@brsfirm.com
Beck Redden & Secrest, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas 77010

*Attorneys for Research in Motion, Ltd.; Research in Motion Corp.*
Melissa Richard Smith – melissa@gillamsmithlaw.com
Gilliam & Smith, LLP
303 South Washington Avenue
Marshall, Texas 75670

Michael A. Dorfman – michael.dorfman@kattenlaw.com
Breighanne A. Eggert – Breighanne.eggert@kattenlaw.com
Timothy J. Vezeau – Timothy.vezeau@kattenlaw.com

1299 Pennsylvania Avenue NW
Washington, D.C. 20004

Allen F. Gardner – allengardner@potterminton.com
Michael E. Jones – mikejones@potterminton.com
Potter Minton PC
110 N. College, Suite 500
PO Box 359
Tyler, Texas 75710

*Attorneys for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc.; Samsung Electronics Research Institute; Samsung Semiconductor Europe GmbH; and Samsung Telecommunications America LLP*

Melvin R. Wilcox, III – mrw@yw-lawfirm.com
Yarbrough Wilcox, PLLC
100 E. Ferguson Street, Suite 1015
Tyler, Texas 75702

Gordon P. Klancnik – gpk@nixonvan.com
Robert W. Adams – rwa@nixonvan.com
Updeep S. Gill – usg@nixonvan.com
Barbara L. Dittmar – bld@nixonvan.com
Michael E. Crawford – mec@nixonvan.com
Nixon & Vanderhye, P.C.
901 North Glebe Road, 11th Floor
Arlington, VA 22203

*Attorneys for Sharp Corporation and Sharp Electronics Corp.*

Martin T. LeFevour – martin.lefevour@kattenlaw.com
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661

*Attorneys for Sanyo Electric Co., Ltd., and Sanyo North America Corp.*

Alison M. Tucher – atucher@mofo.com
Morrison & Foerster, LLP
425 Market Street, 34th Floor
San Francisco, CA 94105

Melissa Richards Smith – Melissa@gillamsmithlaw.com
Gilliam & Smith
303 South Washington Avenue
Marshall, Texas 75670

*Attorney for UTStarcom, Inc.*

*/s/ Michael F. Heim*
Michael F. Heim