IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A. | § | |
| | § | Civil Action No. 6:09-cv-203 (LED-JDL) |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| et al. | § | |
| | § | |

**DEFENDANTS' SURREPLY ON FRACTUS' MOTION FOR PROTECTIVE ORDER UNDER RULE 26(c) REGARDING ITS P.R. 3-1 INFRINGEMENT CONTENTIONS**

Fractus in its Reply (Dkt. 396) fails to address several key reasons why its Infringement Contentions should not be afforded confidential treatment.

First, as it did in its opening brief (Dkt. 392), Fractus alleges that the test data in its Infringement Contentions was generated at considerable expense to Fractus and is somehow "valuable." *See, e.g.*, Dkt. 396 at 5. However, Fractus has made no attempt in either its opening brief or reply brief to establish how or why that data is so valuable or to provide the cost of generating it.[1] The argument is a red herring, and the reality is that the "value" of the data (or, more precisely, Fractus' graphical representations of data which reveal very little actual data) is *only* as a component of Fractus' litigation positions, in order to purportedly make a showing that certain of its claim limitations are met. There is no technical or other commercial value to Defendants, or in the marketplace in general, in the data generated by Fractus.[2]

---

[1] Of course, the high cost of generating non-confidential litigation pleadings, such as a brief or an expert declaration, does not in and of itself render a pleading confidential.

[2] Notably, Fractus has not denied that this data was prepared solely for purposes of its infringement contentions, and not in connection with any other aspects of its business. Fractus failed to establish, or even allege, that it is in the business of testing antennas in the marketplace

*footnote continued on next page…*

Second, even setting aside that Fractus cannot explain to this Court how the handful of graphical representations of its data at issue has value outside of the litigation, Fractus completely failed to address the alleged confidentiality of the vast majority of its Infringement Contentions that is information *other than* the representations of its test data.  Indeed, in footnote 3 of its Reply, Fractus concedes that it has no basis at all to seek protection for that other information which includes the public language of its patent claims matched up with public information about Defendants' products (primarily photos), public information about wireless industry standards, and other public information.

Third, Fractus argues that Defendants have not shown good reason for disclosure of the Infringement Contentions.  However, in accordance with the Protective Order, it is *Fractus'* burden to show that the information should be maintained as confidential – not the other way around.  Dkt. 266 at ¶ 5 ("the burden of proof shall lie with the producing party [*i.e.*, Fractus] to establish that the information is, in fact, properly designated as CONFIDENTIAL").  Fractus plainly did not meet its burden.  Fractus is therefore no more entitled to an explanation of how Defendants plan to use the Infringement Contentions than Defendants are entitled to a list of the names of people to whom Fractus distributes copies of any other non-confidential pleading or document in this case.

Again, Fractus did not even attempt to explain how or why the data or representations thereof are valuable and should be suppressed (including by failing to cite any authority or precedent holding that a plaintiff's infringement contentions can be protected confidential

---

and/or selling those test results across the industry.  The reason Defendants may share the Infringement Contentions with others, *e.g.*, suppliers, has nothing to do with any technical value in that test data, and everything to do with properly educating other interested parties about the details of Fractus' infringement assertions in this litigation as Defendants see fit.

information).[3] Fractus likewise did not demonstrate how or why it would be harmed by the submission of that data to the PTO. The truth of the matter is that the only potential harm to Fractus is not in connection with its business, but in connection with its litigation strategy.

In any event, Defendants have shown at least one highly important use of the contentions – sharing them with the PTO in a reexamination. As discussed in Defendants' opposition, it will be important for the PTO to understand during reexamination just how broadly Fractus is trying to read its patent claims in this case. Fractus' Infringement Contentions are plainly material information as they are admissions from Fractus that its claims, to the extent they could possibly be construed as reading on Defendants' products, would read directly on hundreds of prior art references. The reexamination proceeding can provide helpful data points for this Court (as well as for the parties), and may aid in significantly narrowing the issues in this case. Ultimately, the Defendants simply want to avoid being caught between competing positions – narrow claim positions in the PTO but broad claim positions in this litigation – and submission of the Infringement Contentions to the PTO will be an important preventative measure in that respect.

Finally, Fractus addresses ¶ 4(e) of the Protective Order, which expressly provides that "**Non**-Confidential Information" shall include "information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential – Attorneys' Eyes Only Information," only to say that its plain meaning should not be applied. Dkt. 396 at 3-4. However, the information Fractus now seeks to protect, is precisely the information that ¶ 4(e) says is *not* confidential.

[3] Indeed, there is no such precedent; Fractus is, by its motion, asking this Court to set a radical new precedent regarding the protection of a plaintiff's litigation positions.

For the foregoing reasons, Defendants[4] respectfully request that the Court deny Fractus' motion for a protective order in its entirety.

Date: May 26, 2010

Respectfully submitted,

*/s/ Neil P. Sirota, with permission by Michael E. Jones*

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Neil P. Sirota, State Bar No. 2562155
neil.sirota@bakerbotts.com
Chang Sik Kim, State Bar No. 4213021
changsik.kim@bakekrbotts.com
Eric J. Faragi, State Bar No. 4300687
Eric.faragi@bakerbotts.com
Robert L. Maier, State Bar No. 4123246
robert.maier@bakerbotts.com
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2500
Fax: (212) 408-2501

[4] The following defendants all join in this Surreply: Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLC, Samsung Electronics Research Institute, Samsung Semiconductor Europe GMBH, Pantech Wireless, Inc., Pantech Co., Ltd., Kyocera Wireless Corp., Kyocera Communications, Inc., Kyocera Corp., Palm, Inc., HTC Corp., HTC America, Inc., UTStarcom, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A.

Michael J. Barta, State Bar No. 431663
Michael.barta@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 639-7703
Fax: (202) 585-1058

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG ELECTRONICS RESEARCH INSTITUTE; AND SAMSUNG SEMICONDUCTOR EUROPE GMBH**

*/s/ Winstol D. Carter, Jr.*
*(with permission by Michael E. Jones)*
Winstol D. Carter, Jr.
wcarter@morganlewis.com
James Leroy Beebe
jbeebe@morganlewis.com
Morgan Lewis & Bockius
1000 Louisiana Street, Suite 4200
Houston, TX 77002
Tel: (713) 890-5000
Fax: (713) 890-5001

Bradford A. Cangro
bcangro@morganlewis.com
Collin W. Park
cpark@morganlewis.com
John D. Zele
jzele@morganlewis.com
Thomas E. Nelson
tnelson@morganlewis.com
Morgan Lewis & Brockius - D.C.
1111 Pennsylvania Avenue, N W
Washington, DC 20004
Tel: (202) 739-3000
Fax: (202) 739-3001

**ATTORNEYS FOR DEFENDANTS LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC.**

*/s/ Melissa Richards Smith*
*(with permission by Michael E. Jones)*
Melissa Richards Smith
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Hae-Chan Park
hpark@park-law.com
Jiri F. Smetana
jsmetana@park-law.com
HC Park & Associates PLC
8500 Leesburg Pike, Suite 7500
Vienna, VA 22182
Tel: (703) 288-5105
Fax: (703) 288-5139

**ATTORNEYS FOR DEFENDANT PANTECH WIRELESS, INC.**

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
Potter Minton, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

David G. Wille
david.wille@bakerbotts.com
Samir A. Bhavsar
samir.bhavsar@bakerbotts.com
Baker Botts - Dallas
2001 Ross Ave., Suite 600
Dallas, TX 75201-2980
Tel: (214) 953-6500

Fax: (214) 661-4737

**ATTORNEYS FOR DEFENDANTS HIGH TECH COMPUTER CORP. AND HTC AMERICA, INC.**


*/s/ Melissa Richards Smith*
*(with permission by Michael E. Jones)*
David C. Doyle
ddoyle@mofo.com
Edwin Dale Buxton, II
dbuxton@mofo.com
Gregory W. Reilly
greilly@mofo.com
M. Andrew Woodmansee
mawoodmansee@mofo.com
Thomas C. Chen
tchen@mofo.com
Morrison & Foerster - San Diego
12531 High Bluff Dr., Suite 100
San Diego, CA  92130
Tel: (858) 720-5100
Fax: (858) 720-5125

Melissa Richards Smith
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX  75670
Tel: (903) 934-8450
Fax: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS KYOCERA WIRELESS CORP. AND KYOCERA COMMUNICATIONS INC.**


*/s/ Melissa Richards Smith*
*(with permission by Michael E. Jones)*
Melissa Richards Smith
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX  75670

Tel: (903) 934-8450
Fax: (903) 934-9257

David C. Doyle
ddoyle@mofo.com
Edwin Dale Buxton, II
dbuxton@mofo.com
Gregory W. Reilly
greilly@mofo.com
M. Andrew Woodmansee
mawoodmansee@mofo.com
Thomas C. Chen
tchen@mofo.com
Morrison & Foerster - San Diego
12531 High Bluff Dr., Suite 100
San Diego, CA 92130
Tel: (858) 720-5100
Fax: (858) 720-5125

**ATTORNEYS FOR DEFENDANT PALM, INC.**

*/s/ Melissa Richards Smith*
*(with permission by Michael E. Jones)*

Melissa Richards Smith
melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Alison M. Tucher
atucher@mofo.com
Morrison & Foerster LLP
425 Market St., 32nd Floor
San Francisco, CA 94105-2482
Tel: (415) 268-7269
Fax: (415) 268-7522

**ATTORNEYS FOR DEFENDANT UTSTARCOM, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 26, 2010. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones