# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| FRACTUS, S.A.<br><br>                     Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG ELECTRONICS RESEARCH INSTITUTE; SAMSUNG SEMICONDUCTOR EUROPE GMBH; LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; RESEARCH IN MOTION LTD.; RESEARCH IN MOTION CORP.; PANTECH WIRELESS, INC.; PANTECH CO., LTD; KYOCERA AMERICA, INC., KYOCERA WIRELESS CORP., KYOCERA COMMUNICATIONS INC., KYOCERA CORPORATION; PALM, INC.; HIGH TECH COMPUTER CORP.; HTC AMERICA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORP.; UTSTARCOM, INC.; PERSONAL COMMUNICATIONS DEVICES HOLDINGS, LLC; SANYO ELECTRIC CO., LTD.; AND SANYO NORTH AMERICA CORP.,<br><br>                    Defendants. | Civil Action No. 6:09cv203<br><br><br>**MOTION TO SEVER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 20(A)(2) AND 21 BY DEFENDANTS KYOCERA WIRELESS CORP. AND KYOCERA COMMUNICATIONS, INC.** |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................. 0

II.     BACKGROUND ................................................................................................... 1

    A.    Fractus Sued Nine Unrelated Defendants for Patent Infringement ...................... 1

    B.    Fractus Does Not Allege Any Connection Between the Defendants' Acts
        of Infringement ................................................................................................... 2

    C.    Kyocera Is Required to Coordinate Its Defense with the Other Defendants ........ 3

III.    ARGUMENT ....................................................................................................... 4

    A.    Permissive Joinder Under the Federal Rules Requires Both Transactional
        Relatedness and a Common Question of Law or Fact ......................................... 4

    B.    Claims of Patent Infringement By Unrelated Defendants Involving
        Distinct Products Do Not Satisfy Rule 20(A)(2)'s Transactional
        Relatedness Requirement .................................................................................... 6

        1.    Joinder of Patent Infringement Claims Against Unrelated
            Defendants with Distinct Products Fails the Transactional
            Relatedness Prong ................................................................................... 6

        2.    Decisions in This District Have Incorrectly Conflated Rule
            20(A)(2)'s Transactional Relatedness Prong into Its Common
            Question Prong ........................................................................................ 8

    C.    Fractus's Claims Against Kyocera Are Improperly Joined with Its Claims
        Against the Other Defendants and Must Be Severed ........................................... 11

        1.    Joinder of Fractus's Claims Against Kyocera with Its Claims
            Against Other Defendants Is Fundamentally Unfair to Kyocera ............. 12

        2.    The Court Has Many Tools to Encourage Efficiency and Judicial
            Economy Other than Permitting Misjoinder of Defendants ................... 14

IV.     CONCLUSION ................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adrain v. Genetec Inc.*,
   No. 2:08-CV-423, 2009 U.S. Dist. LEXIS 86855 (E.D. Tex. Sept. 22, 2009) .........................9

*Androphy v. Smith & Nephew, Inc.*,
   31 F. Supp. 2d 620 (N.D. Ill. 1998) ..............................................................................7, 10, 11

*B&R Plastics, Inc. v. Kikkerland Design, Inc.*,
   No. 08-cv-02646, 2009 U.S. Dist. LEXIS 107310 (D. Colo. Nov. 2, 2009) ...........................6

*Cardsoft, Inc. v. Verifone Holdings, Inc.*,
   No. 2:08-CV-98-CE, slip op. (E.D. Tex. Mar. 24, 2010) .........................................................6

*Centre One v. Vonage Holdings Corp.*,
   No. 6:08CV467, 2009 U.S. Dist. LEXIS 69683 (E.D. Tex. Aug. 10, 2009) ............................9

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*,
   No. 2:04cv258, 2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004) ...................... *passim*

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
   596 F. Supp. 2d 1282 (D. Ariz. 2009) .............................................................................0, 10

*Hanley v. First Investors Corp.*,
   151 F.R.D. 76 (E.D. Tex. 1993) ...............................................................................................8

*Innovative Global Sys. LLC v. Turnpike Global Techs. L.L.C.*,
   No. 6:09-cv-157, 2009 U.S. Dist. LEXIS 105929 (E.D. Tex. Oct. 20, 2009) ....................9, 11

*MLR, LLC v. U.S. Robotics Corp.*,
   No. 02-C-2898, 2003 U.S. Dist. LEXIS 2827 (N.D. Ill. Feb. 26, 2003) ......................7, 11, 14

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
   No. 00-346, 2000 U.S. Dist. LEXIS 22683 (D. Minn. June 26, 2006) ...............................7, 11

*MyMail, Ltd. v. Am. Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004) .....................................................................................5, 8, 9

*New Jersey Machine Inc. v. Alford Indus. Inc.*,
   No. 89-1879, 1991 U.S. Dist. LEXIS 20376 (D. N.J. Oct. 8, 1991) .....................................5, 7

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   564 F. Supp. 1358 (D. Del. 1983) ........................................................................................7, 10

*Pergo, Inc. v. Alloc, Inc.*,
  262 F. Supp. 2d 122 (S.D.N.Y. 2003)...........................................................7, 8, 14

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  220 F.R.D. 415 (D. Del. 2004) ...................................................................5, 6, 7

*Quarles v. St. Clair*,
  711 F.2d 691 (5th Cir. 1983) .........................................................................9, 10

*Reid v. Gen. Motors Corp.*,
  240 F.R.D. 260 (E.D. Tex. 2007).................................................................7, 8, 14

*Sprint Commc'ns Co. v. TheGlobe.Com, Inc.*,
  233 F.R.D. 615 (D. Kan. 2006).............................................................................9

*United Mine Workers of Am. v. Gibbs*,
  383 U.S. 715 (1966).............................................................................................4

## STATUTES

28 U.S.C., § 1404(a) ...........................................................................................13

Fed. R. Civ. P. 20................................................................................... *passim*

Fed. R. Civ. P. 21.............................................................................................12, 14

Fed. R. Civ. P. 30.................................................................................................4

Fed. R. Civ. P. 42.............................................................................................11, 15

## OTHER AUTHORITIES

4 James Wm. Moore et al., *Moore's Federal Practice* §§ 20.02-20.05 (3d ed. 2010)..........6, 7, 10

Defendants Kyocera Wireless Corp. ("KWC") and Kyocera Communications, Inc.

("KCI") (collectively, "Kyocera") hereby move this Court to declare Kyocera misjoined under

Fed. R. Civ. P. 20(a) and to sever the claims against Kyocera pursuant to Fed. R. Civ. P. 21.

Kyocera respectfully requests an oral hearing on this motion pursuant to Local Rule CV-7(g).

## I.    INTRODUCTION

> "[T]he overwhelming authority from other jurisdictions indicates that allegations
> against multiple and unrelated defendants for independent acts of patent,
> copyright, and/or trademark infringement do not set forth claims arising from the
> same transaction or occurrence within the meaning of Rule 20(a)."

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*, No. 2:04cv258, 2004 U.S. Dist. LEXIS

28690, at *13 (E.D. Va. Oct. 22, 2004); *see also, e.g.*, *Golden Scorpio Corp. v. Steel Horse Bar*

*& Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("The authority from other courts provides

that allegations against multiple and unrelated defendants for acts of patent, trademark, and

copyright infringement do not support joinder under Rule 20(a).").

Plaintiff Fractus, S.A. ("Fractus") has filed a single lawsuit against Kyocera and nine

other unrelated defendants alleging infringement of a total of 148 claims of nine patents by 137

different products, each of which has a different structure.  Only five of these 137 products are

Kyocera products, and Fractus has acknowledged that Kyocera is a minor player compared to the

other defendants in terms of both number of accused products and market share.  It is

fundamentally unfair for Fractus to join its minor claims against Kyocera with its much more

significant claims against the other nine defendants.  Kyocera faces a significant risk that it will

be unable to effectively defend itself because of jury confusion resulting from the avalanche of

evidence and arguments directed at the 132 products belonging to the nine other defendants.

Even before trial, Kyocera's rights and interests will be hindered by joinder.  For example,

Fractus has opposed Kyocera's motion to transfer based almost exclusively on other defendants'

connection to this District despite the lack of any such connection by Kyocera.

Federal Rule of Civil Procedure 20(a)(2) is intended to protect against this exact type of fundamental unfairness by limiting permissive joinder of defendants to those claims arising from the same transaction or occurrence or series of transactions or occurrences.  In the patent context, courts across the country have found a lack of transactional relatedness, and therefore joinder improper, when, as here, a plaintiff alleges infringement against unrelated defendants based on distinct accused products.  Fractus's claims against Kyocera similarly should be severed from those against the other defendants and proceeded with in a separate action.

## II.     BACKGROUND

### A.     Fractus Sued Nine Unrelated Defendants for Patent Infringement.

On May 5, 2009, Fractus filed a patent infringement complaint against Kyocera.  As subsequently amended, Fractus's Complaint named nine other defendant groups in addition to Kyocera: (1) Samsung Electronics Co., Ltd.; Samsung Telecommunications America, LLC; Samsung Electronics Research Institute; and Samsung Semiconductor Europe GmbH (collectively, "Samsung"); (2) LG Electronics, Inc.; LG Electronics USA, Inc.; and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG"); (3) Research in Motion Ltd. and Research in Motion Corp. (collectively, "RIM"); (4) Pantech Wireless, Inc. ("Pantech"); (5) Palm, Inc. ("Palm"); (6) High Tech Computer Corp. and HTC America, Inc. (collectively, "HTC"); (7) Sharp Corp. and Sharp Electronics Corp. (collectively, "Sharp"); (8) UTStarcom, Inc. ("UTStarcom"); and (9) Sanyo Electric Co., Ltd. and Sanyo North America Corp. (collectively, "Sanyo").[1]  *See* Dkt. 227.

---

[1] The Second Amended Complaint also named Kyocera America, Inc.; Kyocera Corporation; Pantech Co., Ltd.; UTStarcom Telecom Co., Ltd.; and Samsung Electronics America , Inc.  *See* Dkt. 227.  These parties were voluntarily dismissed by order of the Court on

Fractus's complaint does not allege any connection or relationship between Kyocera and Samsung, LG, RIM, Pantech, Palm, HTC, UTStarcom, or Sanyo, and Fractus has subsequently acknowledged that "[t]here are ten Defendant groups in this litigation."  *See* Dkt. 367, Fractus Opposition to Motion to Transfer Venue, at 4-5.  In fact, the nine other defendants are direct competitors of Kyocera who also sell mobile communication devices that compete in the marketplace with Kyocera's cellular phones.

> **B.     Fractus Does Not Allege Any Connection Between the Defendants' Acts of Infringement.**

Fractus's Second Amended Complaint alleges that Kyocera and each of the other nine Defendants infringe nine different patents: U.S. Patent No. 7,015,868 ("'868 Patent"); U.S. Patent No. 7,123,208 ("'208 Patent"); U.S. Patent No. 7,148,850 ("'850 Patent"); U.S. Patent No. 7,202,822 ("'822 Patent"); U.S. Patent No. 7,312,762 ("'762 Patent"); U.S. Patent No. 7,394,432 ("'432 Patent"), U.S. Patent No. 7,397,431 ("'431 Patent"); U.S. Patent No. 7,411,556 ("'556 Patent"); and U.S. Patent No. 7,528,782 ("'782 Patent") (collectively, "patents-in-suit"). *See* Dkt. 227, Second Amended Complaint, at 27.  These nine patents contain a total of 405 claims.  *See* Dkt. 281, Fractus Opposition to Motion to Limit Claims, at 2.

On November 6, 2009, Fractus provided a disclosure of asserted claims and infringement contentions pursuant to Patent Rule 3-1 that was over 10,000 pages long.  *See id.*  In these contentions, Fractus asserted a total of 148 claims of the nine patents-in-suit against one or more defendants.  *See id.*  "Not all 148 claims are asserted against each Defendant . . . . Nor is each claim asserted against a given Defendant asserted against <u>all</u> of that Defendant's phones."  *Id.* at 2-3.  Fractus accused a total of 137 products of infringing at least one claim of the patents-in-

---

*(footnote continued)*  December 30, 2009.  *See* Dkt. 254.  Personal Communications Devices Holdings, LLC was named in the Second Amended Complaint but voluntarily dismissed by order of the Court on June 3, 2010.  *See* Dkt. 407.

suit.  *See* Dkt. 367, Fractus Opposition to Motion to Transfer Venue, at 7.  Of these 137 products,

only five were Kyocera products.  *Id.*  By comparison, Fractus accused 52 Samsung products of

infringing the patents-in-suit.  *Id.*

At no point in this litigation has Fractus asserted that Kyocera's alleged infringement is in

any way the result of joint action with any of the other nine defendant groups, or in any other

way related to the alleged acts of infringement by the other nine defendant groups.  To the

contrary, as it does for each of the other defendants, Fractus alleges that Kyocera has infringed

the patents-in-suit through "its manufacture, use, sale, importation, and/or offer for sale of *its*

*products.*"  *See, e.g.,* Dkt. 227, Second Amended Complaint, at ¶ 18 (emphasis added).  Thus,

Fractus alleges infringement against each defendant, including Kyocera, based on each

defendant's own independent manufacture, use, sale, importation, and/or offer of sale of its own

products.[2]

**C.     Kyocera Is Required to Coordinate Its Defense with the Other Defendants.**

Kyocera is being required to act in concert with the nine other defendant groups, its direct

competitors in the marketplace.  For example, the Court's Discovery Order limits Kyocera to

twelve of its own interrogatories and requires Kyocera to reach agreement with the other nine

defendants in order to serve an additional forty-eight interrogatories.  *See* Dkt. 278, Amended

Discovery Order ¶ 4.  Kyocera is also limited to ten of its own requests for admission and must

agree with the nine other defendants in order to propound an additional fifty requests.  *Id.*

Similarly, instead of the ten depositions of seven hours each (or 70 total hours of depositions)

---

[2] In April 2008, Kyocera purchased Sanyo's mobile handset business.  However, there is
no overlap between the five Kyocera products accused of infringement and the Sanyo products
accused of infringement.  As a result, there is no connection or relationship between Fractus's
infringement claims against Kyocera and its infringement claims against Sanyo.

that it normally would be entitled to under Federal Rule of Civil Procedure 30, the Discovery

Order limits Kyocera and the nine other defendant groups to 200 total hours of deposition

testimony (or 20 hours per defendant group), "such time to be split according to agreement by

the Defendants." *Id.* ¶ 5.  Kyocera is also required to share a total of 11.5 hours of deposition

time for each inventor with the nine other defendants.  *Id.*

Beyond discovery, Kyocera also must act in concert with the nine other defendants with

regard to trial testimony.  While Fractus is permitted to choose five of its own testifying experts,

Kyocera is only permitted to choose two of its own testifying experts and must reach agreement

with the other nine defendants in order to have three additional testifying experts.  *Id.* ¶ 3.

## III.    ARGUMENT

### A.    Permissive Joinder Under the Federal Rules Requires Both Transactional Relatedness and a Common Question of Law or Fact.

Although the Federal Rules of Civil Procedure encourage "joinder of claims, parties and

remedies," a plaintiff does not have an unlimited right to join unrelated defendants in a single

proceeding.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  "Joinder is

not a substantive right, rather it is a procedural device . . . ."  *Colt Defense*, 2004 U.S. Dist.

LEXIS 28690, at *10.  The Federal Rules therefore permit "the broadest possible scope of action

*consistent with fairness to the parties*."  *United Mine Workers*, 383 U.S. at 724 (emphasis

added).

Federal Rule of Civil Procedure 20(a)(2) embodies the limitations on a plaintiff's ability

to sue multiple defendants in a single suit.  It states:

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the
alternative with respect to or arising out of the same transaction, occurrence, or
series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

"Thus, Federal Rule of Civil Procedure 20(a) contemplates two tests for joinder: (1) the

occurrence of some question of fact or law common to all parties; and (2) the existence of a right

to relief predicated upon or arising out of a single transaction or occurrence or series thereof."

*Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004).  These are

separate requirements and "both tests must be satisfied" to permit joinder.  *Id.*

Rule 20(a)(2) reflects the purposes behind joinder under the Federal Rules, *i.e.*,

"promot[ing] trial convenience and expedit[ing] the final resolution of disputes," while

"comport[ing] with the principles of fundamental fairness."  *See New Jersey Machine Inc. v.

Alford Indus. Inc.*, No. 89-1879, 1991 U.S. Dist. LEXIS 20376, at *2 (D. N.J. Oct. 8, 1991).

Consistent with the fairness objectives of joinder under the Federal Rules, the first prong of Rule

20(a)(2)—transactional relatedness—determines whether "the claims involve enough related

operative facts to make joinder in a single case fair."  4 James Wm. Moore et al., *Moore's

Federal Practice* § 20.05[3] (3d ed. 2010).  Consistent with the convenience and efficiency

objectives, the second prong—the existence of a common question of fact or law—"helps ensure

that the multiple parties either assert or defend against claims that can be tried together

conveniently."  *Id.* § 20.04[2]

"[C]ourts have uniformly held that parties are misjoined when they fail to satisfy either of

the preconditions for permissive joinder of parties set forth in Federal Rule of Civil Procedure

20(a)."  *Colt*, 2004 U.S. Dist. LEXIS at *9 (quotation and alterations omitted).  Misjoinder can

be raised at any time.  *See Philips*, 220 F.R.D. at 417.  A court is *required* to sever the claims if a

defendant is misjoined.  *See MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 457 (E.D. Tex.

2004).  "The rule governing misjoinder and nonjoinder of parties expressly provides that the

remedy for misjoinder is . . . severance.  Severance results in the filing of separate cases

involving the misjoined parties." *Moore's Federal Practice* § 20.02[1][a].

**B.     Claims of Patent Infringement By Unrelated Defendants Involving Distinct Products Do Not Satisfy Rule 20(A)(2)'s Transactional Relatedness Requirement.**

There is no dispute that, in certain circumstances, patent infringement claims against unrelated defendants can properly be joined under Rule 20.  For example, Kyocera would have no basis to seek severance if Fractus had simply sued Kyocera and one of the wireless carriers that sells the accused Kyocera products.  *See, e.g., B&R Plastics, Inc. v. Kikkerland Design, Inc.*, No. 08-cv-02646, 2009 U.S. Dist. LEXIS 107310, at *8 (D. Colo. Nov. 2, 2009) (denying severance where defendants were retailers of the exact same products and used the same Chinese importer).  Nor would Kyocera likely be able to seek severance if Fractus alleged that Kyocera had engaged in some sort of conspiracy or collaborative action with the other defendants related to the patents-in-suit.  *See* Declaration of Greg Reilly in Support of Motion to Sever Pursuant to Federal Rules of Civil Procedure 20(a)(2) and 21 by Defendants Kyocera Wireless Corp. and Kyocera Communications, Inc. ("Reilly Decl."), Ex. A, *Cardsoft, Inc. v. Verifone Holdings, Inc.*, No. 2:08-CV-98-CE, slip op. at 3 (E.D. Tex. Mar. 24, 2010) (denying severance where plaintiff alleged it disclosed patented technology to consortium whose members—the defendants—used the technology without authorization).  However, patent infringement claims against unrelated defendants are misjoined under Rule 20(a)(2) when the only connection between the defendants is that their distinct products allegedly infringed the same patent.  *See Philips*, 220 F.R.D. at 418.

**1.     Joinder of Patent Infringement Claims Against Unrelated Defendants with Distinct Products Fails the Transactional Relatedness Prong.**

Dozens of courts across the country have followed the general rule that patent infringement claims against unrelated defendants independently selling distinct products do not

satisfy the first prong of Rule 20(a)(2).[3]

As these decisions have explained, "[j]oinder is inappropriate . . . when the operative facts of each transaction are distinct and unrelated to any other," and the operative facts for purposes of a patent infringement claim are those surrounding the act of infringement, *i.e.*, the design, manufacturing, and sale of products alleged to infringe a patent.  *See Multi-Tech Sys.*, 2000 U.S. Dist. LEXIS 22683, at *22.  As a result, when the defendants "are separate companies that independently design, manufacture and sell different products in competition with each other . . . [c]learly, the common transaction requirement has not been met. . . ." *Androphy*, 31 F. Supp. 2d at 623.  Even if "the ***defenses*** asserted by Defendants arise out of the same transaction or occurrence," such as an invalidity defense, Rule 20 "requires that a ***claim*** asserted against the Defendants arise out of the same transaction or occurrence."  *See MLR*, 2003 U.S. Dist. LEXIS 2827, at *9 (emphasis in original).  Absent an allegation of joint and several liability for

---

[3] *See, e.g., Reid v. Gen. Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction." (quotation omitted)); *Philips*, 220 F.R.D. at 417 (same); *MLR, LLC v. U.S. Robotics Corp.*, No. 02-C-2898, 2003 U.S. Dist. LEXIS 2827, at *8-9 (N.D. Ill. Feb. 26, 2003) (granting severance where plaintiff "alleges that each company has infringed certain MLR patents used in connection with cellular telephone products" but "does not allege, however, that the defendants' products are related"); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, No. 00-346, 2000 U.S. Dist. LEXIS 22683, at *22 (D. Minn. June 26, 2006) ("[W]here patent infringement claims are brought against multiple, unrelated defendants, courts have held joinder to be inappropriate pursuant to Rule 20."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (granting severance where defendants were "separate companies that independently design, manufacture and sell different products in competition with each other"); *New Jersey Machine*, 1991 U.S. Dist. LEXIS 20376, at *4 ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of the new defendants."); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction.").

infringement, a "cooperative or collusive relationship between the . . . sets of defendants," or some other relationship between the defendants' alleged acts of infringement, the mere fact that "parties may manufacture or sell similar products, and these sales or production may have infringed the identical patent owned by the plaintiff" is not sufficient to satisfy the transactional relatedness test of Rule 20(a)(2).  *See Pergo*, 262 F. Supp. 2d at 128.

> 2.      **Decisions in This District Have Incorrectly Conflated Rule 20(A)(2)'s Transactional Relatedness Prong into Its Common Question Prong.**

Some decisions in this District have followed the general rule and severed patent infringement claims against unrelated defendants with distinct products.  For example, in *Reid*, 240 F.R.D. 260, Judge Folsom granted severance because the three primary defendants had distinct accused products ("its own identity management system") and "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."  *Id.* at 263.

But the Court in *MyMail*, 223 F.R.D. 455, rejected the "rule" recognized by dozens of courts "that requires separate proceedings simply because unrelated defendants are alleged to have infringed the same patent."  *Id.* at 457.  Relying on the non-patent decision *Hanley v. First Investors Corp.*, 151 F.R.D. 76 (E.D. Tex. 1993), *MyMail* concluded that a claim arises from the same series of transactions and occurrences "if there is some nucleus of operative facts or law." 223 F.R.D. at 456.  *MyMail* found this standard satisfied because "questions of law or fact common to all defendants will arise in this case," such as "the legal question as to the 290 patent's scope" and the fact that "MyMail alleges that all defendants have infringed the 290

patent." *Id.*  A handful of subsequent decisions in this District have followed *MyMail.*[4]  *See*

*Innovative Global Sys. LLC v. Turnpike Global Techs. L.L.C.*, No. 6:09-cv-157, 2009 U.S. Dist.

LEXIS 105929 (E.D. Tex. Oct. 20, 2009); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 U.S.

Dist. LEXIS 86855 (E.D. Tex. Sept. 22, 2009); *Centre One v. Vonage Holdings Corp.*, No.

6:08CV467, 2009 U.S. Dist. LEXIS 69683 (E.D. Tex. Aug. 10, 2009).

*MyMail* (and subsequent decisions following it) essentially conflates Rule 20(a)(2)'s

transactional relatedness prong into its common question prong, finding that a common question

of fact or law satisfies both requirements.  *See Innovative Global*, 2009 U.S. Dist. LEXIS

105929, at *6 (denying severance solely because "there will be significant overlap among the

issues of claim validity, claim construction, and claim scope").  In doing so, *MyMail* renders

Rule 20(a)'s requirement that the claims "aris[e] out of the same transaction, occurrence, or

series of transactions or occurrences" superfluous, contrary to basic rules of statutory

construction.  *See Quarles v. St. Clair*, 711 F.2d 691, 701 n.32 (5th Cir. 1983) ("It is well

established that a statute should be construed so that each of its provisions is given its full effect;

interpretations which render parts of a statute inoperative or superfluous are to be avoided."

(quoting *Duke v. Univ. of Tex.*, 663 F.2d 522, 526 (5th Cir. 1981))).

The plain language of Rule 20(a)(2) "expressly provides that permissive party joinder of

plaintiffs or defendants is appropriate *only if two conditions . . . are satisfied.*"  *See Moore's*

*Federal Practice* § 20.04[1] (emphasis added).  By finding that a common question of fact or law

is sufficient to satisfy both requirements of Rule 20(a)(2), *MyMail* fails to consider the

---

[4] Counsel for Kyocera has only identified one case outside of this District where a court found Rule 20(a)(2)'s transactional relatedness prong satisfied by infringement claims against unrelated defendants with distinct products.  *See Sprint Commc'ns Co. v. TheGlobe.Com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006) (citing *MyMail*).

differences in the language used in this rule and the language used in Rule 42(a), which permits a court to consolidate cases for trial if they "involve a common question of law or fact."  *See Paine, Webber*, 564 F. Supp. at 1370 (distinguishing between Rule 42(a)'s requirement only of a common question of law or fact and Rule 20(a)'s additional requirement that the claims arise out of the same transaction or occurrence).  The fact that Rule 20(a)(2) includes additional language requiring claims to "aris[e] out of the same transaction, occurrence or series of transactions or occurrences," in addition to the requirement of a common question of law or fact found in both Rule 20 and Rule 42, demonstrates that a common question of fact or law alone is not sufficient to satisfy Rule 20's two-prong test for permissive joinder.  *See Quarles*, 711 F.2d at 701 n.31 (5th Cir. 1983) ("There is . . . a well settled rule of statutory construction that where different language is used in the same connection in different parts of a statute it is presumed that the Legislature intended a different meaning and effect." (quoting *Russell v. Law Enforcement Assistance Admin.*, 637 F.2d 354, 356 (5th Cir. 1981))).

Consistent with the plain language of Rule 20(a) and the proper rules of construction, the weight of authority holds that transactional relatedness and commonality are distinct inquiries and that "[t]here is a common question of law or fact . . . does not mean the claims against the two companies arise from a common transaction or occurrence."  *Androphy*, 31 F. Supp. 2d at 623.  "Just because each, some, or all of the defendants could mount various legal and factual challenges to Plaintiff's [patent] rights does not change the nature of the transactions or occurrences which gave rise to the claims against the various defendants," *i.e.*, the independent design, manufacture, and sale of different accused products by each defendant.  *Golden Scorpio*, 596 F. Supp. 2d at 1285 (addressing trademark context).

Since at least claim construction (and likely also at least validity) will always be a common question of law, *MyMail* essentially eliminates in patent cases the limits that Rule 20(a) places on permissive joinder.  As noted above, it is the transactional relatedness prong of Rule 20(a)(2) that serves to insure that joinder is consistent with fundamental fairness.  By eliminating this requirement in patent cases, and permitting joinder based solely on a common question of fact or law, the *MyMail* standard elevates efficiency and judicial economy above all other considerations.  *See Innovative Global*, 2009 U.S. Dist. LEXIS 105929, at *6 ("District courts have declined to sever patent infringement claims due to concerns about judicial economy.").  Although the Federal Rules certainly permit broad joinder, they do not permit unlimited joinder without regard to fairness to the joined parties.  *See MLR*, 2003 U.S. Dist. LEXIS 2827, at *10 ("This Court could not find any authority that would permit it to keep a misjoined defendant in the suit simply to vindicate the interests of judicial economy and efficiency.").  Kyocera respectfully requests that the Court follow the weight of authority and decline to apply the *MyMail* rule under the facts of this case.

C.    **Fractus's Claims Against Kyocera Are Improperly Joined with Its Claims Against the Other Defendants and Must Be Severed.**

Fractus's claims against Kyocera are misjoined because they do not arise from the same series of transactions or occurrences as its claims against the other nine defendants.  As described above, Kyocera is unrelated to, and is a direct competitor of, the other defendants.  *See Multi-Tech*, 2000 U.S. Dist. LEXIS 22683, at *22 ("Competition between defendants is often sufficient to undermine the 'common transaction or occurrence' component of Rule 20.").  Moreover, Kyocera "independently design[s], manufacture[s] and sell[s] different products" than the other defendants, and Fractus has not alleged any connection or relationship between Kyocera's alleged acts of infringement and those of the other defendants.  *See Androphy*, 31 F. Supp. 2d at

623.  As a result, Fractus's claims against Kyocera do not satisfy the transactional relatedness

prong for permissive joinder under Rule 20(a)(2) and must be severed from Fractus's claims

against the other nine defendant groups pursuant to Rule 21.

**1.      Joinder of Fractus's Claims Against Kyocera with Its Claims Against Other Defendants Is Fundamentally Unfair to Kyocera.**

Fractus's joinder of its claims against Kyocera with its unrelated claims against the other

nine defendant groups results in the fundamental unfairness to Kyocera that Rule 20(a)(2) is

intended to prevent.  Given the nine patents, 148 claims, and 137 products (all of which have

different structure) at issue in the joined case, it will be impossible for Kyocera to defend itself

and distinguish its position from that of the other defendants.  "Although the claims against

[Kyocera] and [the other defendants] do not arise out of the same transaction or occurrence, the

same [Fractus patents] are at issue in the allegations against each defendant.  As such, there is the

possibility of jury confusion over the evidence required to prove these claims."  *Colt*, 2004 U.S.

Dist. LEXIS 28690, at *15.  Moreover, since Fractus has not alleged the same claims against

Kyocera that it has asserted against other defendants, there is the possibility that the jury will

improperly attribute evidence against Kyocera that is actually related to a claim not asserted

against Kyocera.  *Id.* at *16.

The risk of unfairness is particularly great for Kyocera.  As Fractus itself has explained,

Kyocera is a "relatively minor player[] in the litigation as compared to the other . . . Defendants"

in terms of both "number of accused models" and "market share."  *See* Dkt. 367, Fractus

Opposition to Motion to Transfer Venue, at 7.  There is therefore a real possibility that evidence

and arguments regarding Kyocera's five accused products will be utterly lost in the avalanche of

evidence and arguments directed at the other 132 products at issue in this case, including the 52

accused products belonging to Samsung alone.  *See id.*  Similarly, Kyocera faces a real risk that,

despite the limited scope of its alleged infringement, it will be prejudiced by jury views formed based on the much greater scope of alleged infringement by the other defendants.  Finally, in assessing damages, the jury very well could attribute to Kyocera an ability to pay a much greater royalty rate than its limited sales would support based on the far greater market share of the other defendants.  *See id.*

The potential unfairness to Kyocera extends beyond trial to discovery and pre-trial proceedings.  As described above, Kyocera's ability to defend its case is limited by the requirement that it act in concert with the other nine defendant groups.  Given that Kyocera is a "relatively minor player[] in the litigation as compared to the other . . . Defendants," it faces the real possibility that it will not be able to influence the joint decisions that the defendants are required to make.  *See* Dkt. 367, Fractus Opposition to Motion to Transfer Venue, at 7.  This is more than a theoretical possibility, as Kyocera has already taken a different position on the construction of two of the claims at issue than that adopted by most of the other defendants.  *See* Reilly Decl., Ex. B, at 4.

Finally, Fractus has opposed Kyocera's motion to transfer based primarily on the contacts of other defendants to the Eastern District of Texas.  *See* Dkt. 367, Fractus Opposition to Motion to Transfer Venue, at 7.  Upholding joinder in this case would severely undermine the protections of 28 U.S.C. § 1404(a) in patent cases.  A patentee could sue a defendant in any district in the country, even if the defendant has limited or no connection to the district, and then resist transfer simply by adding a defendant that does have contacts with the district.  Kyocera does not suggest that severance will necessarily require the Court to grant its motion for transfer. Kyocera understands that the Court will consider all of the factors normally considered under § 1404(a), including the existence of other litigation in this District, but this inquiry should focus

specifically on Kyocera.  *See Pergo*, 262 F. Supp. 2d at 128-33 (severing claims against unrelated defendants and then considering transfer on a defendant-by-defendant basis).  Fractus's claims should not be shielded from transfer just because it improperly sued Kyocera in the same suit as nine unrelated defendants.

> ### 2.    The Court Has Many Tools to Encourage Efficiency and Judicial Economy Other than Permitting Misjoinder of Defendants.

Decisions in this District have focused on the desire for efficiency and judicial economy in denying severance of unrelated defendants accused of infringing the same patent based on distinct products.  While efficiency and judicial economy are important, the Court has many tools that it can use to achieve these objectives without condoning the misjoinder of claims arising out of different transactions and occurrences.  *See Colt*, 2004 U.S. Dist. LEXIS, at *16 ("[T]o the extent that considerations of judicial economy can factor into the court's decision whether to sever the claims against Bushmaster, they do so only after the plaintiff has first satisfied the requirements of Rule 20(a).").  Federal Rule of Civil Procedure 42(a) may be available.  *See Reid*, 240 F.R.D. at 263; *MLR*, 2003 U.S. Dist. LEXIS 2827, at *10.  And, of course, the Court retains its inherent power to control its docket—*e.g.*, delay claim construction in one case pending the results of claim construction in another case or even stay one case pending the outcome of another case—as long as in achieving efficiency and judicial economy, the fundamental right of a party to defend itself is not sacrificed.

## IV.    CONCLUSION

For the foregoing reasons, Fractus's claims against Kyocera must be severed from its claims against the other defendants pursuant to Fed. R. Civ. P. 21 and filed as a separate case.

Dated: June 4, 2010                     By: /s/ Melissa Richards Smith
                                             Melissa Richards Smith
                                             State Bar No. 24001351
                                             Melissa@gillamsmithlaw.com
                                             GILLAM & SMITH, LLP
                                             303 South Washington Avenue
                                             Marshall, Texas 75670
                                             Telephone:     903.934.8450
                                             Facsimile:     903.934.9257

                                             OF COUNSEL:
                                             David C. Doyle (CA Bar No. 70690)
                                             ddoyle@mofo.com
                                             M. Andrew Woodmansee (CA Bar No.
                                             201780)
                                             mawoodmansee@mofo.com
                                             Greg Reilly (CA Bar No. 250232)
                                             greilly@mofo.com
                                             Thomas C. Chen (CA Bar No. 262782)
                                             tchen@mofo.com
                                             MORRISON & FOERSTER LLP
                                             12531 High Bluff Drive, Suite 100
                                             San Diego, California  92130-2040
                                             Telephone:     858.720.5100
                                             Facsimile:     858.720.5125

                                             Attorneys for Defendants
                                             KYOCERA WIRELESS CORP. and
                                             KYOCERA COMMUNICATIONS INC.,

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 4, 2010, the foregoing document was filed

electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all

counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).


/s/  Melissa Richards Smith
Melissa Richards Smith

## CERTIFICATE OF CONFERENCE

I certify that, in compliance with the requirements of Local Rule CV-7(h), Greg Reilly on behalf of Kyocera and Justin Nelson on behalf of Plaintiff met and conferred via telephone on June 4, 2010 regarding this motion, and were unable to reach an agreement regarding the present motion to sever.  Counsel for Plaintiff indicated that this motion would be opposed, leaving this issue for the court to resolve.

/s/  Melissa Richards Smith
Melissa Richards Smith