**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **FRACTUS, SA.** | § | |
| | § | |
| **v.** | § | **NO. 6:09-cv-203** |
| | § | |
| **SAMSUNG ELECTRONICS CO.,** | § | |
| **LTD., et al.,** | § | |

<u>**ORDER**</u>

Before the Court is Plaintiff Fractus, S.A.'s ("Plaintiff") motion for protective order regarding its P.R. 3-1 infringement contentions (Doc. No. 392). The matter is fully briefed (Doc. Nos. 393, 396, 397). Defendants Samsung Electronics Co., Ltd.; Samsung Telecommunications America, LLC; Samsung Electronics Research Institute; Samsung Semiconductor Europe GMBH; Pantech Wireless, Inc.; Kyocera Wireless Corp.; Kyocera Communications, Inc.; Palm, Inc.; HTC Corp.; HTC America, Inc.; UTStarcom, Inc; LG Electronics, Inc.; LG Electronics U.S.A., Inc; LG Electronics MobileComm U.S.A.; Sharp Corp; and Sharp Electronics Corp. ("Defendants") oppose the motion. Having considered the parties' submissions, the Court **DENIES** Plaintiff's motion.

The parties dispute whether Plaintiff's infringement contentions are properly designated "Confidential." Pursuant to the Protective Order (Doc. No. 266), Plaintiff moves for a protective order to maintain the designation. Plaintiff states its contentions contain confidential, technical information generated at great expense by reverse engineering Defendants' products. Pl.'s Mot. at 4. Plaintiff argues disclosure of this information will unfairly benefit its competitors that did not share in the cost of generating the data. *Id.* at 5. Plaintiff further argues disclosure could interfere with its licensing efforts by revealing its legal theories, analysis, and work product. *Id.* Defendants

argue the contentions do not include any information about Plaintiff's products, business operations, or finances.  Defs.' Resp. at 1.  Defendants further argue the contentions are simply litigation documents that are not entitled to a confidential designation.  *Id.* at 6-8.

Plaintiff's infringement contentions are not entitled to the confidentiality designation.  Paragraph 4(e) of the Protective Order states "Protected Information shall not include . . . information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential - Attorneys' Eyes Only Information."  This clause encompasses the information Plaintiff seeks to protect.  Although Plaintiff may have utilized expensive, technical procedures to obtain the information, Plaintiff's analysis of the accused products is merely a legal infringement position and not confidential.  The Protective Order does not concern parties' legal positions and theories.  A party's contentions may include protected information and thus be appropriately designated confidential, but such information is not included here.  Accordingly, Plaintiff's infringement contentions are not entitled to the confidential designation.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion.

**So ORDERED and SIGNED this 7th day of June, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2