**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **FRACTUS, SA.** | § | |
| | § | |
| **v.** | § | **NO. 6:09-cv-203** |
| | § | |
| **SAMSUNG ELECTRONICS CO.,** | § | |
| **LTD., et al.,** | § | |

**ORDER**

Before the Court is Defendants Kyocera Wireless Corp., Kyocera Communications, Inc., and Palm Inc.'s[1] motion to transfer venue to the Southern District of California (Doc. No. 339).  The matter is fully briefed (Doc. Nos. 339, 358, 367, 373, 390).  Having considered the parties' submissions, the Court **DENIES** Defendants' motion. The Court also **DENIES** Defendants' motion for an expedited ruling (Doc. No. 394).

**BACKGROUND**

Plaintiff Fractus, S.A. ("Plaintiff"), a Spanish company with a principal place of business in Barcelona, Spain, initiated this suit on May 5, 2009.  *See* COMPL.  Plaintiff's wholly-owned subsidiary, Fractus Texas, has its principal place of business in Tyler, Texas.  PL.'S RESP. at 3. Fractus Texas is not a party to this suit, but maintains relevant records and product prototypes in its Tyler office.  *Id.*  Most of Plaintiff's party witnesses are located in Spain.  *Id.*  Plaintiff has identified non-party witnesses in Dallas, Cleveland, New York, Illinois, North Carolina, California, and

---

[1] Defendants HTC American, Inc; HTC Corporation; SANYO North America Corporation; SANYO Electric Co., Ltd; LG Electronics Inc.; LG Electronics U.S.A., Inc.; LG Electronics MobileComm U.S.A., Inc.; Pantech Wireless, Inc.; UTStarcom, Inc.; Sharp Corporation; and Sharp Electronics Corporation have joined in the motion (Doc. Nos. 358, 376, 377, 378, 379).  The Court will collectively refer to all those defendants joining in the motion as "Defendants."  Defendants Samsung Electronics Co., Ltd.; Samsung Telecommunications, America, LLC; Samsung Electronics Research Institute; Samsung Semiconductor Europe GmbH and Research in Motion Ltd.; Research in Motion Corp. have not joined in the motion.

1

Finland.  *Id.* at 8-9.

Four defendants are located in the Southern District of California.  Both Kyocera entities are located in San Diego, California.  DEF.'S MOT. at 2-3.  Kyocera maintains relevant documents and witnesses in San Diego and Japan.  *Id.*  Kyocera identifies five party witnesses and four non-party witnesses who reside in the Southern District of California.  *Id.*  SANYO North America Corp. and LG Electronics MobileComm U.S.A., Inc. also have principal places of business in San Diego.  *Id.* at 3.

Two defendants are also located in the State of California.  Palm is located in Sunnyvale, California.  *Id.* at 3.  Palm maintains relevant documents and witnesses in Sunnyvale.  *Id.*  Palm identifies four party witnesses residing in California.  *Id.*  UTStarcom, Inc. has its principal place of business in Alameda, California.  *Id.*

Four defendants are located in neither California nor Texas.  HTC America, Inc. has its principal place of business in Bellevue, Washington.  PL.'S RESP. at 5.  Sharp Electronics Corp. and LG Electronics U.S.A., Inc. are based in New Jersey.  *Id.*  Pantech Wireless Inc. is based in Atlanta, Georgia.  *Id.*

Several defendants are located internationally.  Samsung Electronics Co. Ltd., Samsung Electronics Research Institute, and Samsung Semiconductor Europe GmbH are located in Korea, the United Kingdom, and Germany, respectively.  *Id.* at 4.  LG Electronics Inc. is based in Korea.  *Id.*  Research in Motion Ltd. is based in Ontario, Canada .  *Id.*  HTC Corporation is based in Taiwan.  *Id.* at 5.  Sharp Corporation and Sanyo Electric Co. Ltd. are based in Osaka, Japan.  *Id.*

Finally, two defendants are based in the State of Texas.  Samsung Telecommunications America, LLC has its principal place of business in Richardson, Texas.  PL.'S RESP. at 4.  Similarly,

Research in Motion Corporation has its principal place of business in Irving, Texas.  *Id.*  Two dismissed defendants, Samsung Electronics America, Inc. and Pantech Co., Ltd., have agreed that any future disputes with Plaintiff will be heard in the Eastern District of Texas.  *Id.* at 6.

## PARTIES' CONTENTIONS

Defendants argue access to sources of proof favors transfer because a number of defendants are located in the State of California.  DEFS.' MOT. at 10.  Defendants further argue transfer is favored because the Southern District of California would enjoy absolute subpoena power over "several" non-party witnesses.  *Id.* at 11.  Defendants contend the Southern District of California would be more convenient for witnesses located in or near California.  *Id.* at 11-12.  Defendants also contend the Southern District of California has a local interest in adjudicating this case because four of the defendants operate within that district.  *Id.* at 12.  Finally, Defendants cite a study showing the median time-to-trial is approximately six months shorter in the Southern District of California.[2]  *Id.* at 14.

Plaintiff argues this district is more convenient because two defendants are located in or near the district.  PL.'S RESP. at 11.  Plaintiff further argues it maintains relevant documents and prototypes at the offices of its subsidiary, Fractus Texas, which is based in Tyler, Texas.  *Id.* at 11-12.  Plaintiff contends this district is more convenient for most parties and witnesses because it is centrally located.  *Id.* at 12.  Plaintiff also states this district is more convenient for a number of non-party witnesses located in the eastern United States and Canada.  *Id.* at 13-15.  Plaintiff argues transfer is disfavored here because this district has absolute subpoena power over at least six

---

[2]  HTC also provided briefing stating the Southern District of California was more convenient for its witnesses and for accessing its evidence (Doc. No. 358).

identified non-party witnesses. *Id.* at 15-16. Plaintiff takes issue with Defendants' time-to-trial study and cites a government report showing the median time-to-trial is seven months faster in this district. *Id.* at 17-18. Plaintiff argues this district has a local interest in resolving this dispute due to the presence of its subsidiary in this district and two defendants in or near the district. *Id.* at 18-19. Finally, Plaintiff argues this district's experience with patent litigation counsels against transfer. *Id.* at 19.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 676 (E.D.Tex.2001); *Mohamed v. Mazda Corp.,* 90 F.Supp.2d 757, 768 (E.D.Tex.2000). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). To show good cause, the movant must demonstrate the proposed transferee venue is clearly more convenient. *Id.*

The Fifth Circuit has adopted the *Gilbert* factors, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), for determining § 1404(a) venue transfer questions. *Id.* at 315 n.9. When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration

4

of justice.  *Id.*  The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The public interest factors include: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."  *Id.*  This list is not exhaustive nor is any single factor dispositive.  *Id.*

Several recent appellate opinions must be addressed in determining whether transfer is appropriate in this case.  *Volkswagen* involved a products liability claim stemming from an automobile collision in Dallas, Texas.  545 F.3d at 307.  On rehearing *en banc*, the Fifth Circuit granted the petition for a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas.  *Id.* at 307.  It found that the trial court had erred by giving inordinate weight to the plaintiff's choice of venue and by not giving appropriate weight to – among other things – the locations of proof, the cost of attendance of willing witnesses, the availability of compulsory process, and the localized interest of the fora.  *Id.* at 318.

Shortly thereafter, the Federal Circuit – relying on *Volkswagen* – granted a petition for a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322-23 (Fed. Cir. 2008).  The Federal Circuit found that in the underlying case – *Lear Corp. v. TS Tech USA, Inc.*, No. 2:07-cv-406, 2008 U.S. Dist. LEXIS 105072 (E.D. Tex. Sept. 10, 2008) – the trial court erred by: 1) giving too much weight to the plaintiff's choice of forum; 2) failing to recognize the cost of attendance of witnesses; 3)

failing to recognize the ease of access to sources of proof; and 4) disregarding the Fifth Circuit precedent for analyzing the public interest in having localized interests decided at home. *Id.* More recently, the Federal Circuit also granted a petition for a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Northern District of California. *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009). It found that the trial court erred by: 1) improperly applying the 100-mile rule; 2) improperly substituting its central proximity for a measure of the convenience of the witnesses and parties, and the relative ease of access to evidence; 3) failing to appropriately weigh the compulsory process factor; and 4) erroneously weighing two irrelevant considerations: whether the transferee court would have personal jurisdiction over the plaintiff, and the defendant's litigation history in the transferor district. *Id.* at 1348.

Most recently, the Federal Circuit has granted petitions for writs of mandamus in two more cases. In *In re Hoffman-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009), the appellate court found the district court had erred by: 1) improperly weighing the districts relative subpoena power; 2) considering sources of proof electronically transported to the transferor district; and 3) concluding the transferee district had no greater local interest in the resolution of the case. *Id.* at 1336-38. In *In re Nintendo Co.*, Misc. No. 914, 2009 WL 4842589, at *5 (Fed. Cir. Dec. 17, 2009), the appellate court found "[t]he district court: 1) applied too strict of a standard to allow transfer; 2) gave too much weight to the plaintiff's choice of venue; 3) misapplied the *forum non conveniens* factors; 4) incorrectly assessed the 100-mile tenet; 5) improperly substituted its own central proximity for a measure of convenience of the parties, witnesses, and documents; and 6) glossed over a record without a single relevant factor favoring the plaintiff's chosen venue."

Given the large number of recent decisions in this district regarding motions to transfer venue

in patent cases, Magistrate Judge Craven has summarized the relevant case law, at least as of June 2009, applying the Fifth Circuit's precedent in *Volkswagen*. *See ICHL, LLC v. NEC Corp.*, No. 5:08-cv-065, 2009 Wl 1748573, at *3 (E.D. Tex. June 19, 2009).

## DISCUSSION

As an initial matter, the Court notes the parties do not dispute that this suit could have been brought in the Southern District of California. *Volkswagen*, 545 F.3d at 312 (observing "[t]he preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue").

Turning to the *Gilbert* factors, the Court considers the facts and circumstances that weigh for and against transfer. The Court also identifies circumstances that do not play a substantial role in the Court's analysis. Finally, the Court balances all of these considerations to determine whether Defendants have demonstrated the proposed transferee district is clearly more convenient.

Several circumstances weigh in favor of transfer. Transferring this case would allow Kyocera's five party witnesses and four non-party witnesses to testify at home. *See Volkswagen*, 545 F.3d at 317 (stating "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home"). It would also make the burden of appearing before the Court more convenient for Palm, LG MobileComm, and HTC America's party witnesses. *Id.* (explaining the Fifth Circuit's "100-mile rule"). Kyocera, Palm, LG MobileComm, and UTStarcom are likely to have relevant documents at their places of business in California. *See Genentech*, 566 F.3d at 1345 (noting "where the defendant's documents are kept weighs in favor of transfer" because "the bulk of the relevant evidence usually comes from the accused infringer"). The proposed transferee court would also have absolute subpoena power over the four non-party witnesses Kyocera identified. *See id.* (finding

7

"[t]he fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer"). Finally, the transferee district has a local interest in resolving this dispute because it concerns Kyocera and LG MobileComm, which are based in that district. *See Hoffman-La Roche*, 587 F.3d at 1336 (finding local interest where "the cause of action calls in question the work and reputation of several individuals residing in or near that district").

Several considerations, although identified by the parties, weigh neither for nor against transfer. The transferee district does not have an interest in resolving this dispute based on Palm's role as a defendant because Palm is located over 1200 miles away from the transferee district. *Hoffman-La Roche*, 587 F.3d at 1336 (finding local interest where "the cause of action calls in question the work and reputation of several individuals residing *in or near* that district" (emphasis added)). Similarly, the parties' competing studies of the median time to trial in this district and the transferee district do not weigh one way or the other because they are diametrically opposed, not specific to patent cases, and indicate cases in either district reach trial after a similar amount of time. *See Genentech*, 556 F.3d at 1347 (describing court congestion factor as "the most speculative"). The Court also does not consider Plaintiff's contention that this district's central location makes it a more convenient venue, *see id.* at 1344 (finding reliance on central location improper in the absence of witnesses within this district), or that this district is more convenient because of its experience with patent infringement cases. *See, e.g., J2 Global Commc'n Inc. v. Protus IP Solutions, Inc.*, No. 6:08-cv-263, 2009 WL 440525, at *7 (E.D. Tex. Feb. 20, 2009) (finding district courts are equally capable of applying patent law). Nor does the Court consider the location of Plaintiff's subsidiary, which is not a party to this case and was created after this suit was filed. Finally, the Court does not give substantial weight to the inconvenience of overseas witnesses in Europe and

Asia. While this district would be more convenient for European witnesses, the Southern District of California would be more convenient for Asian witnesses, and in either case such witnesses "will be required to travel a significant distance no matter where they testify." *See id.* (counseling against a rigid application of the "100-mile rule" to the distances traveled by overseas witnesses).

Finally, the Court finds several facts weigh heavily against transfer. Continuing this case here would be more convenient for Samsung and RIM's witnesses because Samsung is located within the district and RIM is located just outside of it. *See Volkswagen*, 545 F.3d at 317. More importantly, six non-party witnesses reside in or near the district. *See Remmers v. U.S.*, No. 1:09-cv-345, 2009 WL 3617597, at *5 (E.D. Tex. Oct. 28, 2009) (stating "it is the convenience of non-party witnesses, rather than of party witnesses, that is more important and is accorded greater weight in the transfer of venue analysis"); *see also BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 711 (N.D. Tex. 2009) (giving convenience of non-party witnesses more weight than party witnesses). This district will also be more convenient for the nearly two dozen party and non-party witnesses located in the eastern United States and Canada. *See Volkswagen*, 545 F.3d at 317 (noting inconvenience increases as witnesses are called upon to travel additional distances). Likewise, this district is significantly more convenient for accessing Samsung and RIM's evidence, which the Court expects will be substantial because "the bulk of the relevant evidence usually comes from the accused infringer[s]." *Genentech*, 566 F.3d at 1345. This district is also more convenient for accessing sources of proof held by defendants in Canada, New York, New Jersey, and Georgia. *See Volkswagen*, 545 F.3d at 316 (finding proposed venue more convenient because it was closer to sources of proof). Additionally, this Court enjoys absolute subpoena power over six non-party witnesses, further emphasizing the convenience of retaining the case here. *See Genentech*, 566 F.3d

9

at 1345 (discussing compulsory process factor).  Finally, this district has a local interest in adjudicating this dispute because two of the defendants are located in or near the district.  *See Hoffman-La Roche*, 587 F.3d at 1336 (finding local interest where "the cause of action calls in question the work and reputation of several individuals residing in or near that district").

Having reviewed the parties' submissions, the Court finds considerations that weigh for and against transfer.  This is not a case where the parties are localized in a given region nor is this a case that lacks any connection with this district or state.  Two of the defendants are located in or near this district.  Several non-party witnesses reside in this district.  Transfer would increase the travel burden for some of the parties and witnesses, thereby increasing those witnesses' time away from home.  Likewise, transfer would make some sources of proof more difficult to access.  Of course, Defendants need not show the proposed district would be more convenient for all witnesses and for all sources of proof to carry their burden.  Where, however, this district is more convenient for a substantial number of the parties and witnesses, the proposed district is not clearly more convenient.  This being such a case, and having balanced this fact along with all other considerations, the Court finds Defendants have failed to carry their burden of demonstrating the Southern District of California is clearly more convenient.  Accordingly, the Court declines to exercise its discretion to transfer venue pursuant to 28 U.S.C. § 1404(a).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motions.

**So ORDERED and SIGNED this 10th day of June, 2010.**

10

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE