# EXHIBIT 1

# Vinson&Elkins

David J. Tobin  dtobin@velaw.com
**Tel** 214.220.7949 **Fax** 214.999.7949

August 12, 2010

*Via Process Server*

Altitude Capital Partners
485 Madison Avenue
New York, New York 10022

> Re:    Civil Action No. 6:09cv203; *Fractus, S.A. vs. Samsung Electronics Co., Ltd.,
> et al.*; In the United States District Court for the Eastern District, Tyler
> Division

Dear Sir or Madame:

Attached is a copy of subpoena requiring the production of documents in connection
with the above case.  Also attached is a copy of the protective order that the Court has
entered in this case to protect certain confidential materials.

I look forward to your cooperation, and thank you for your assistance in this matter.
If you have any questions about this subpoena, please feel free to call me at (214) 220-7949.

Very truly yours,

David J. Tobin

Enclosure

---

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Palo Alto  Shanghai  Tokyo  Washington
US 514342v.1

First City Tower, 1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
**Tel** +1.713.758.2222 **Fax** +1.713.758.2346 **www.velaw.com**

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| FRACTUS, S.A. | ) | |
| *Plaintiff* | ) | Civil Action No.  6:09-cv-203-LED |
| v. | ) | |
| SAMSUNG ELECTRONICS CO. LTD., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Texas |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  Altitude Capital Partners
     485 Madison Avenue, New York, New York 10022

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See attached Exhibit A

| Place:  Vinson & Elkins LLP, 666 Fifth Avenue, 26th Floor, New York, New York, 10103-0040; Tel:  212-237-0000 | Date and Time:<br><br>09/03/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/12/2010

|   CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ David J. Tobin |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Research In Motion Ltd.
and Research In Motion Corp                        , who issues or requests this subpoena, are:

David J. Tobin, Vinson & Elkins, LLP, 3700 Trammell Crow Center, 2001 Ross Avenue, Dallas, Texas  75201-2975
dtobin@velaw.com; 214-220-7949

AO 88B  (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  6:09-cv-203-LED

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*


                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      "Altitude" and "You" shall mean Altitude Capital Partners, including without limitation any divisions, departments, parents, predecessors (whether acquired by merger, consolidation or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder(s) or employees and all persons (natural or legal) who act, have acted, purport to act or have purported to act, on its behalf.

2.      "Fractus" shall mean Fractus, S.A., and Fractus, Texas, LLC, including without limitation any divisions, departments, parents, predecessors (whether acquired by merger, consolidation or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder(s) or employees and all persons (natural or legal) who act, have acted, purport to act or have purported to act, on its behalf, or any other related Fractus entities, whether or not still in existence (such as Fractus Korea, Ltd.).

3.      "Defendants" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Electronics Research Institute, Samsung Semiconductor Europe GMBH (collectively, "Samsung"), LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc. (collectively, "LGE"), Research In Motion LTD, Research in Motion Corp. (collectively, "RIM"), Pantech Wireless, Inc., Pantech Co., Ltd. (collectively, "Pantech"), Kyocera America, Inc., Kyocera Wireless Corp., Kyocera Communications, Inc., Kyocera Corp. (collectively, "Kyocera"), Palm, Inc. ("Palm"), High Tech Computer Corp., HTC America, Inc. (collectively, "HTC"), and UTStarcom, Inc. ("UTStarcom").

4.      "Asserted Patent Families" shall mean, individually and collectively,  any and all patent applications (including those that are published, not published and/or abandoned) and/or patents claiming priority (including divisionals, continuations, continuations-in-part, and foreign counterpart patents and foreign patent applications) to the following applications:

1

PCT ES99/00296 (filed on 9/20/1999 and published as WO 0122528); PCT EP00/00411 (filed on 1/19/2000 and published as WO 0154225); PCT EP02/14706 (filed on 12/22/2002 and published as WO 2004057701); and PCT EP 01/11914 (filed on 10/16/2001 and published as WO 03034538). Asserted Patent Family Filings includes, but is not limited to, U.S. Patent Nos. 7,015,868, 7,123,208, 7,148,850, 7,202,822, 7,312,762, 7,394,432, 7,397,431, 7,411,556, and 7,528,782; and any and all patents or applications that are either a child (an application that claims priority to the identified application) or a parent (an application to which the identified claims priority from) to the applications resulting in U.S. Patent Nos. 7,015,868, 7,123,208, 7,148,850, 7,202,822, 7,312,762, 7,394,432, 7,397,431, 7,411,556, and 7,528,782, and foreign counterparts of any of the foregoing.

5.    "Lawsuit" shall mean the case *Fractus, S.A. v. Samsung Electronics Co., Ltd.*, Civil Action No. 6:09-cv-203, in the United States District Court for the Eastern District of Texas, Tyler Division.

6.    "Inventor(s)" shall mean one or more of: Carles Puente Baliarda, Carles Puente Baliarde, Carmen Borja Borau, Jaume Anguera Pros, Jaime Anguera Pros, Jordi Soler Castany, Edouard Jean Louis Rozan, Alfonso Sanz, Jordi Romeu Robert, Sebastián Blanch Boris, Monica Rodero Navarro, Jordi Berenguer, Germán Gómez, and Aitziber Munduate Gogorza. The inventors in the preceding sentence also includes any misspelled naming of the inventors (e.g., on certain patent documents, Baliard<u>a</u> is listed as the inventor whereas on other patent documents Baliard<u>e</u> is listed as the inventor).

7.    "Prior Art" encompasses, without limitation, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103, and includes, but is not limited to, memoranda, notes, manuals, interviews, testing data, disclosures, prototypes, correspondence, drawings, papers, articles, patents, printed publications, public uses, demonstrations, offers for sale or license, and sales.

8.    "Document(s)" shall have the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include, but is not limited to, every writing or record of any kind that is in your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means.  For purposes of these requests, any Document that contains a note, comment, addition, deletion, modification, translation, or otherwise comprises a non-identical copy of another Document shall be treated as a separate Document subject to

2

identification. All references to Documents include, but are not limited to, emails, voicemails, and any audio and/or visual materials.

9.      "Relating to" and "concerning" shall mean referring to, relating to, concerning, comprising, constituting, reflecting, mentioning, evidencing, representing, discussing, describing, pertaining to, or connected with the stated subject matter.

10.     "And" and "or" shall each mean both the conjunctive and the disjunctive; "all" or "any" shall mean "any and all"; "including" shall mean "including without limitation."

11.     "Communication" means any transmission, exchange, or transfer of information by any means, including but not limited to, letters, numbers, images, symbols, data, photographs and sound.

12.     The requests herein shall be deemed to include any and all documents within the possession, custody, or control of Altitude including without limitation documents located in the files of any and all past and present members, partners, agents, representatives, employees, and attorneys of Altitude.

13.     Documents should be produced for inspection as they are kept in the ordinary course of business, or organized and labeled to correspond to the categories in the requests. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original. Each request for production seeks production of each document in its entirety, including all attachments or other matters attached thereto.

14.     Electronic documents should be produced in the native format in which they are maintained in the ordinary course of business.

15.     Any recipient of this request who withholds any requested Document by reason of a claim of privilege or attorney work product, or who objects to any part of these requests for production, shall provide a statement in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, including furnishing a list identifying each such document for which the claim is made or to which the objection relates, together with the following information:

        a)      the identity of the document, including the exact name and title of the document, the number of pages, attachments, or appendices to the

document, and all serial or identification numbers appearing on the
document;

b)      a general description of the document;

c)      the name of the writer, sender, or initiator of the document;

d)      the name of all recipients of the document (including the addressees and
any indicated or blind copies);

e)      the date of the document;

f)      the number of the Request for Production to which the document relates;

g)      the specific reason(s) for each objection or claim of privilege; and

h)      the identity of each person having knowledge of the actual basis, if any, on
which the privilege or other ground for objection is based.

## DOCUMENTS TO BE PRODUCED

1.      Documents sufficient to fully explain the relationship between Altitude and
Robert Kramer.

2.      All Documents relating to any actual or prospective investment, partnership,
joint venture, agreement, undertaking, or other relationship between Fractus and Altitude,
including but not limited to presentations, financial analyses, due diligence files, letters of
intent, business plans, investigations, and portfolio evaluations.

3.      All Documents relating to attempts by Fractus to secure financing and/or
investment from Altitude.

4.      All Documents relating to financing and/or investment actually provided by
Altitude to Fractus.

5.      All Documents relating to the financial condition of Fractus, including but not
limited to audited and unaudited financial statements, tax returns, and presentations by
Fractus.

6.      All Documents relating to any valuation of Fractus or the Asserted Patent
Families, in whole or in part.

7.      All Documents relating to any due diligence performed by Altitude relating to
the Asserted Patent Families.

4

8.     All Documents relating to Communications with Ruben Bonet, the Inventors, or Fractus.

9.     All Documents relating to the Asserted Patent Families.

10.    All Documents relating to the patentability, allowability, validity, infringement, or enforceability of the Asserted Patent Families, including but not limited to, prior art, the conception and/or reduction to practice of the alleged invention(s) disclosed and/or claimed in the Asserted Patent Families, and all Documents relating to the level of ordinary skill in the art relevant to Asserted Patent Families.

11.    All Documents relating to any prototype systems or devices disclosed by Fractus to You in which said systems or devices were in existence prior to December 22, 2002.

12.    All Documents relating to the Lawsuit.

13.    All Documents referring or relating to any anticipated or ongoing litigation between Fractus and any of the Defendants.

14.    All Documents relating to Communications with RIM and/or relating to any of RIM's products and/or services.

US 508434v.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| FRACTUS, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>Defendants. | Civil Action No. 6:09-CV-00203-LED-JDL<br><br>JURY TRIAL DEMANDED |

### PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order:

This Protective Order is issued to facilitate discovery, document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. This Order shall govern all documents and things (whether or not embodied in a physical medium) exchanged during this action, including without limitation documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including without limitation deposition testimony, interrogatory responses, and responses to requests for admission. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

1

2.      The parties to this litigation may assert that public dissemination and disclosure of confidential information could injure or damage the party disclosing or producing the confidential information and could place that party at a competitive disadvantage; and

3.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1.      **Protected Information.**  All information and materials, including documents, hearing or deposition testimony and/or discovery responses containing any confidential information disclosed or produced by any party in this litigation and designated as provided for herein are referred to as "Protected Information."  Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and which are disclosed or produced to the attorney for the other parties to this litigation are Protected Information and are entitled to confidential treatment as described below.

2.      **Confidential Information.**  Protected Information that may be designated as "CONFIDENTIAL" includes any confidential technical, business or financial information.

3.      **Highly Confidential – Attorneys' Eyes Only Information.**  Protected Information in one or more of the following categories may qualify for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public sales-related information; (iii) non-public financial information; (iv)

2

non-public customer and vendor lists and agreements, including license agreements; (v) non-public price lists and/or pricing information; and (vi) information obtained from a non-party and subject to a duty of confidentiality, such as under a Non-Disclosure Agreement ("NDA"); (vii) non-public organizational charts; (viii) non-public business and/or marketing plans; and (ix) any information not specifically enumerated in the above categories that can reasonably be categorized as highly sensitive, e.g., trade secret information.

4.      **Non-Confidential Information.**  Protected Information shall not include (a) publicly available advertising materials, (b) materials that on their face or otherwise show that they have been published to the general public or that the information contained in the document has been otherwise legally disclosed to the public, (c) documents that have been submitted to any governmental entity without request for confidential treatment, (d) materials or information that become publicly available through legal means without a violation of this Order or violation of a duty of confidence owed to the designating party, or (e) information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential – Attorneys' Eyes Only Information.

5.      **Challenges to Confidentiality Designations.**  At any time after the delivery of Protected Information, counsel for the party or parties receiving the Protected Information may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Information.  If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving" the Protected Information shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Information.  If, after conferring, the parties cannot reach agreement concerning the

3

matter within ten (10) business days after the delivery and receipt of the notice, then the party or

parties disclosing or producing the Protected Information shall have ten (10) days from the date

of certification to file a motion for protective order with regard to any Protected Information in

dispute.  On any such motion, the burden of proof shall lie with the producing party to establish

that the information is, in fact, properly designated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES Only information.  If the party or parties producing

the Protected Information do not timely file a motion for protective order, then the Protected

Information in dispute shall no longer be subject to confidential treatment as provided in this

Order.  All Protected Information are entitled to confidential treatment pursuant to the terms of

this Order until and unless the parties formally agree in writing to the contrary, a party fails to

timely move for a protective order, or a contrary determination is made by the Court as to

whether all or a portion of a Protected Information is entitled to confidential treatment.  The fact

that a particular document may be included in one of the exemplary categories in paragraphs 2

and 3 does not constitute assent by either party that the document is properly designated.

      6.    **Use of Protected Information.**  Protected Information contained therein shall be

used solely for the prosecution of this litigation.  All Protected Information is entitled to

confidential treatment pursuant to the terms of this Order until and unless the parties formally

agree in writing to the contrary or a contrary determination is made by the Court as to whether

all or a portion of a portion of a document that is Protected Information is entitled to confidential

treatment.  Protected Information and any information contained therein shall not be used or

shown, disseminated, copied, or in any way communicated to anyone for any purpose

whatsoever, except as provided for below.

      7.    **Disclosure of Protected Information.**  Subject to the limitations set forth in this

Order, Protected Information and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

   A. Counsel of record in this action and other disclosed outside counsel for the party or parties receiving Protected Information or any information contained therein;

   B. Employees of such counsel (excluding experts and investigators) and outside vendors, such as those used to process documents, translators, mock jurors or other consultants who are necessary to assist such counsel in the preparation and trial of this action, provided such employees agree to maintain the confidentiality of documents pursuant to this Protective Order;

   C. The Court;

   D. Experts, investigators, and consultants, and the necessary support personnel of the same, that are disclosed and qualified pursuant to the terms of paragraph 24 below; and

Further, Protected Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to any Qualified Persons defined under paragraph 7.E. Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Protected Information and any information contained therein except by prior written agreement with counsel for the producing party or as otherwise permitted by the terms of this Order.

   8. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in

whole or in part, of such document or thing.

9.      **Depositions.** To the extent that Protected Information or information contained

therein are used in depositions, at hearings, or at trial such documents or information shall

remain subject to the provisions of this Order, along with the transcript pages of the deposition

testimony and/or trial testimony  referring to the Protected Information or information contained

therein.  Notwithstanding anything to the contrary, a witness at a deposition, hearing or trial may

be shown Protected Information that on its face indicates that it was previously authored,

reviewed, received, or provided to the witness, or who, by reason of his or her current or former

employment by the designating party has or had access to such Protected Information, has

otherwise seen such Protected Information in the ordinary course of business, or reasonably

could have known about the protected information.  Any party's witnesses may be shown that

party's documents.  A party may designate at deposition, testimony as Confidential or Highly

Confidential.  A party shall also have the option of designating testimony within 30 days after

the conclusion of a deposition.

10.     **Open Courtroom.** This Order applies in open court.  If a party intends to use

Protected Information in the Courtroom, the party must first move the Court to seal or close the

Courtroom.

11.     **Filing Under Seal.** The party filing any paper or material that reflects or

contains any Protected Information shall file such paper or materials electronically under seal, in

a manner that complies with Local Rule 5(a)(7).

12.     **Court Reporters.** Any court reporter or transcriber who reports or

transcribes testimony in this action, or any videographer or translator who records or translates

testimony in this action, shall agree that all Protected Information designated as such under this

6

Case 6:09-cv-00203-LED-JDL   Document 581-2   Filed 01/21/11   Page 17 of 24 PageID #:
Case 6:09-cv-00203-LED-JDL   Document 266   Filed 01/06/2010   Page 7 of 14
15903

Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms

of this Order, and that any notes or transcriptions of such testimony, translation, or record of

such testimony (and any accompanying exhibits) will be retained by the reporter or

videographer, as the case may be, or delivered to counsel of record.

      13.      A party wishing to designate information or materials as Protected

Information under this Order shall mark each document, thing, discovery response, court filing

or other materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY at the time provided to a receiving party, and for testimony shall designate on the record

at the deposition or hearing" that the testimony is to be treated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY, which shall be so noted on the cover page of

the transcription of the testimony.

      14.      Inadvertent or unintentional production of documents or information

containing Protected Information which are not designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in

part of a claim for confidential treatment.  Upon request by the producing party, the receiving

party shall immediately destroy or return all copies of such inadvertently produced document(s)

after the designating party produces the designated documents.  The producing party will re-

produce any such documents with the appropriate designation and make a good faith attempt to

do so promptly.  The receipt of documents or information will not operate as an admission by the

receiving party that any particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY" designated document contains or reflects trade secrets or any

other type of confidential or proprietary information.  Nothing herein shall prevent the receiving

party from challenging the propriety of the designation of the documents using the procedure

Case 6:09-cv-00203-LED-JDL   Document 581-2   Filed 01/21/11   Page 18 of 24 PageID #:
Case 6:09-cv-00203-LED-JDL   Document 286   Filed 01/06/2010   Page 8 of 14
15908

described in paragraph 5 of this Order.  When a document or information reasonably appears to be inadvertently or unintentionally produced without a proper confidential designation, the receiving party shall promptly bring such document to the producing party's attention.  In addition, a party may change the designation of Protected Information or may designate information as Protected Information which was not previously designated as such by providing notice thereof that specifically identifies the Protected Information and furnishing a copy of the Protected Information with the new designation.  In such event, the receiving party shall thereafter treat such Protected Information with the new designation pursuant to this Order, and undertake good faith efforts to retrieve and/or destroy any Protected Information inconsistent with the new designation that was disseminated.

　　　　15.　　　　**Disclosure of Privileged Information.**  Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery so long as the provisions of this paragraph are satisfied.  If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party must immediately notify all other Parties.  In such event, the Parties must immediately return, or destroy, the privileged information (including any work product that may have been created based upon the privileged documents) along with all duplicates.  Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing Party.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

8

Case 6:09-cv-00203-LED-JDL   Document 581-2   Filed 01/21/11   Page 19 of 24 PageID #:
Case 6:09-cv-00203-LED-JDL   Document 286   Filed 01/06/2010   Page 9 of 14
15908

16.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Rules of Practice for Patent Cases before the Honorable Leonard E. Davis, United States District Court for the Eastern District of Texas (cited as "P.R.").  If any entity subpoenas or orders production of Protected Information from a receiving party that a receiving party has received subject to this Order, such party shall promptly notify the designating party of the subpoena or order and shall not produce the Protected Information until the designating party shall have had a reasonable time (which shall not be less than ten (10) calendar days) to object or take other steps to protect such Protected Information.

17.     The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information or any information contained therein.

18.     After termination of this litigation as to any party by a final dismissal, judgment or settlement, the provisions of this Order shall continue to be binding upon that party, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

19.     Within 90 days after the final termination of this action as to any party by a final dismissal, judgment, or settlement, counsel for the terminated party or parties receiving Protected Information shall destroy or return, at the designating party's option and reasonable

9

request, the Protected Information (including all paper and electronic copies) to the counsel for

the party or parties disclosing or producing the Protected Information.  Counsel for the party or

parties receiving the Protected Information shall be permitted to keep their attorney work

product which refers or relates to any Protected Information.

      20.      This Order shall be binding upon the parties and their attorneys, successors,

executors, personal representatives, administrators, heirs, legal representatives, assigns,

subsidiaries, divisions, employees, agents, independent contractors, or other persons or

organizations over which they have control.

      21.      No individual who, on behalf of a party, has had access to information

designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by another party

may, on behalf of Plaintiff Fractus or any affiliate thereof, prosecute, supervise, or assist in the

prosecution of any patent application involving the particular technology or information

disclosed in the Protected Information for a period ending one (1) year after the final resolution

of this litigation with respect to all parties, including all appeals.  For purposes of this paragraph,

prohibited prosecution shall include, without limitation: invention identification, invention

evaluation, the decision whether to file a patent application for an invention, preparation of

and/or amendments to original, continuation, divisional, continuation-in-part, request for

continued examination, reexamination, reissue, substitute, renewal or convention patent

applications, claim drafting, drafting of any document to be filed with the United States Patents

and Trademark Office or any foreign patent office, or consultation on any of the above matters

with others performing these activities. The Parties agree, however, that persons receiving

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information may participate in

any reexaminations or reissues involving the patents-in-suit if such reexamination or reissue was

initiated by someone other than Plaintiff or its agents.

22.      This protective order shall afford all third parties who produce any Protected

Information the same protections afforded to the parties to this action. Specifically, third parties

shall be entitled to mark any documents CONFIDENTIAL or HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY and shall also be able to designate any deposition testimony

CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. The parties

to this action will treat such marked information per the terms of the protective order. To the

extent applicable, the remaining provisions of this protective order shall apply to third parties.

23.      Before counsel for a party receiving Protected Information may disclose any

such material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'

EYES ONLY to a proposed expert or consultant: (i) Counsel shall provide a copy of this

Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A; and

At least ten (10) business days before any such disclosure, counsel for the receiving party

shall notify the producing party in writing of the intent to disclose CONFIDENTIAL and/or

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY discovery material to such person.

The notice shall include a copy of the agreement signed by the person and shall identify his or

her title, job responsibilities and affiliation(s) with the receiving party. If the person is a

consultant or testimonial expert, the notice shall also include a copy of such person's most recent

curriculum vitae, which shall include an identification of all such person's past and present

employment and/or consulting relationships. If the producing party objects to the disclosure of

CONFIDENTIAL and/or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material

to such person, the producing party shall notify counsel for the receiving party in writing of the

producing party's objection(s) to such disclosure prior to the date on which the disclosure is

11

intended to be made.  Any objection must be made for good cause, stating with particularity the reasons for the objection.  Should the receiving party disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  If the informal efforts do not resolve the dispute within five (5) business days, the receiving party may file a motion requesting that objection(s) be quashed after that five (5) day period has passed.  The producing party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s).  Pending a ruling by the Court upon any such objection(s), the discovery material shall not be disclosed to the person objected to by the producing party.

24.     Notwithstanding anything to the contrary, in no case shall any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

**So ORDERED and SIGNED this 6th day of January, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

12

## EXHIBIT A

FRACTUS, S.A.,

                                    Plaintiff,

        v.                                              Civil Action No. 6:09-CV-00203-LED-JDL

SAMSUNG ELECTRONICS CO., LTD., et                       JURY TRIAL DEMANDED
al.,

                                    Defendants.

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

        I, _____, hereby acknowledge that I am about to receive

Protected Information and information as defined in the Protective Order agreed to by the parties

and so ordered by the Court in this case.

        I certify my understanding that the Protected Information is being provided to me

pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy

of and have read and understood my obligations under that Protective Order.  I hereby agree to

be bound by the terms of the Protective Order. I clearly understand that the Protected

Information and my copies or notes relating thereto may only be disclosed to or discussed with

those persons permitted by the Protective Order to receive such material.

        I will return on request all materials containing Protected Information, copies thereof,

and notes that I have prepared relating thereto, to outside counsel for the party by whom or on

whose behalf I am retained.

        I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order and waive any and all objections to jurisdiction and venue.


**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER - PAGE 1**

I make the above statements under penalty of perjury.

_____

Printed
Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER - PAGE 2**