IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FRACTUS, S.A.<br><br>            Plaintiff,<br><br>vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., *et al.*<br><br>            Defendants. | § § § § § § § § § § § § | HONORABLE LEONARD DAVIS<br><br>Civil Action No. 6:09cv203<br><br>JURY TRIAL DEMANDED |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the Court at a pre-trial management conference held on April 20, 2011, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.    COUNSEL FOR THE PARTIES**

Plaintiff:

    Max L. Tribble (Bar No. 20213950), Justin Nelson (Bar No. 24034766), Victoria L. Cook (Bar No. 24031912), Genevieve Vose (admitted *pro hac vice*), Dan Shih (admitted *pro hac vice*) and Matthew Behnke (Bar No. 24069355) of SUSMAN GODFREY L.L.P.; Michael Heim (Bar No. 09380923), Leslie V. Payne (Bar No. 0784736) and Micah J. Howe (Bar No. 24048555) of HEIM, PAYNE & CHORUSH, L.L.P; T. John Ward, Jr. (Bar No. 00794818) of WARD AND SMITH LAW FIRM; and S. Calvin Capshaw (Bar No. 03783900) of CAPSHAW DeRIEUX, LLP.

Defendants:

    Defendant Samsung: Michael J. Barta (admitted *pro hac vice*), Michael Calhoon (Bar

No. 00785744), Neil P. Sirota (admitted *pro hac vice*), Chang Sik Kim (admitted *pro hac vice*), and Eric J. Faragi (admitted *pro hac vice*) of BAKER BOTTS L.L.P.; Mike Jones (Bar. No. 10929400) and Allen Gardner (Bar. No. 24043679) of POTTER MINTON LLP.

Defendant LG: Winstol D. Carter, Jr. (Bar No. 03932950), Collin W. Park (admitted *pro hac vice*), Robert W. Busby (admitted *pro hac vice*), Bradford A. Cangro (admitted *pro hac vice)*, Thomas E. Nelson (admitted *pro hac vice*), Lauren B. Hoffer (Bar No. 24032306), James L. Beebe (Bar No. 240387008), of MORGAN LEWIS & BOCKIUS LLP, Jennifer P. Ainsworth (Bar No. 00784720) of WILSON, ROBERTSON & CORNELIUS, P.C.

Defendant Kyocera: David C. Doyle (admitted *pro hac vice*), Eric M. Acker (admitted *pro hac vice*), M. Andrew Woodmansee (admitted *pro hac vice*), Edwin Dale Buxton, II (admitted *pro hac vice*), Richard C. Kim (admitted *pro hac vice*), and Mary Prendergast (admitted *pro hac vice)* of MORRISON & FOERSTER LLP; Melissa Richards Smith (State Bar No. 24001351) of GILLAM & SMITH LLP.

Defendant Pantech: Hae-Chan Park (admitted *pro hac vice*), Nathan H. Cristler (State Bar No. 24050461), Wayne M. Helge (admitted *pro hac vice*) of H.C. PARK & ASSOCIATES, PLC; Melissa Richards Smith (State Bar No. 24001351) of GILLAM & SMITH, L.L.P.

Defendant HTC: Rod Phelan (Bar No. 15899800), David Wille (Bar. No. 00785250), Jeff Baxter (Bar. No. 24006816), Samir Bhavsar (Bar. No. 00798065), and Jonathan Rubenstein (Bar. No. 24037403) of BAKER BOTTS L.L.P.; Mike Jones (Bar. No. 10929400) and Allen Gardner (Bar. No. 24043679) of POTTER MINTON LLP.

**B.  STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35

2

U.S.C. § 1 *et seq*. Personal jurisdiction is not disputed in this case. Defendants dispute whether Plaintiff has standing to sue under United States Patent Nos. 7,015,868; 7,123,208; 7,397,431; 7,394,432; 7,528,782 (collectively, Multilevel Patents).

C.  **NATURE OF ACTION**[1]

This is an action for infringement of Plaintiff Fractus's patents wherein Fractus will seek to prove that Defendants infringe the asserted claims of United States Patent Nos. 7,015,868; 7,123,208; 7,397,431; 7,394,432; 7,528,782; 7,411,556; and 7,312,762 (collectively, "patents-in-suit").[2] Fractus will also seek to demonstrate that Samsung's, LG's, Kyocera's and Pantech's infringement was and is willful and that this is an exceptional case. Fractus seeks damages to compensate for Defendants' infringement, in an amount no less than a reasonable royalty, as well as attorneys' fees, costs and enhancement of damages. Fractus also seeks to enjoin Defendants from continuing to infringe the patents-in-suit.

Defendants deny infringement, and have interposed various defenses and counterclaims, including non-infringement, invalidity, and unenforceability, as well as certain equitable defenses, as set forth below. Defendants deny that Fractus is entitled to money damages, injunctive relief, attorneys' fees, or costs. Defendants seek costs and attorneys' fees. Defendants also seek declaratory relief regarding non-infringement, invalidity, and unenforceability.

D.  **CONTENTIONS OF THE PARTIES**

The parties set forth below a summary of their contentions for each trial. The parties do not necessarily agree with each other's summaries and contentions for each trial and reserve all objections.

---

[1] Because this Joint Pretrial Order covers all four anticipated trials, including a bench trial, it includes issues that are not properly presented to the jury. Fractus objects to any equitable issues being raised before any of the juries. Fractus requests that such allegations be redacted or removed prior to any use of this Joint Pretrial Order with a jury.
[2] As described *infra*, Defendants contend that U.S. Patents 7,148,850 and 7,202,822 should still be included as patents-in-suit.

The parties disagree on the effect of Fractus' Notice of April 4, 2011. Dkt. No. 785. Defendants do not agree with Fractus' contention that the asserted claims of the '850 and '822 Patents can be dropped or unelected without prejudice at this time, and Defendants therefore maintain their counterclaims of invalidity and unenforceability as against those claims. Fractus contends that no issues regarding the '850 and '822 Patents should be tried at this time.

<u>Plaintiff's Contentions for Validity Jury Trial:</u>

1. Fractus contends its patents are valid, and that Defendants cannot prove invalidity by clear and convincing evidence.

2. Fractus contends it is the owner of the patents-in-suit and has standing.

<u>Plaintiff's Contentions for Inequitable Conduct Bench Trial:</u>

1. Fractus contends that it did not commit inequitable conduct during the prosecution of the patents-in-suit.

2. Fractus contends that Defendants cannot prove inequitable conduct by clear and convincing evidence, in part, because they cannot satisfy the materiality and intent prongs on which they carry the burden.

<u>Plaintiff's Contentions for Infringement Jury Trials:</u>

1. Fractus contends it is the owner of the patents–in-suit and has standing.

2. Fractus contends that each Defendant infringes one or more claims of each of the patents-in-suit, except for the '762 Patent as to Pantech and the '556 Patent as to HTC.

3. Fractus contends that Samsung's infringement is and has been willful.

4. Fractus contends that LG's infringement is and has been willful.

5. Fractus contends that Kyocera's infringement is and has been willful.

6. Fractus contends that Pantech's infringement is and has been willful.

7. Fractus contends that certain Defendants were repeatedly informed of the existence of Fractus's patents and the technology to which they applied, and thereafter infringed Fractus's patents. As such, Fractus will prove that certain Defendants have at least "recklessly disregarded the possibility" that they were infringing Fractus's patents.

8. Fractus contends that Defendants received actual and constructive notice of Fractus's patents, prior to the filing of this lawsuit, and that Fractus satisfied the requirements of 35 U.S.C. § 287.

9. Fractus contends that it is entitled to damages adequate to compensate for Defendants' infringement, in an amount no less than a reasonable royalty for the use made of the invention by each Defendant.

10. Fractus contends that, unless enjoined, Defendants will continue to infringe the asserted patents-in-suit, and an injunction to prevent Defendants' continued infringement is warranted.

11. Fractus contends that this is an exceptional case entitling Fractus to attorneys' fees and enhanced damages.

Defendants' Contentions for Validity Jury Trial:

1. The asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because they are anticipated by prior art.

2. The asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because they are obvious.

3. The asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No.

        7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because of a failure to satisfy the written description requirement.

4.     The asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because they fail to satisfy the enablement requirement.

5.     The asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid for indefiniteness.

6.     The asserted claims of each of the '868, '208, '431, '432, and '782 Patents are invalid because of a failure to name the proper inventors with deceptive intent.

7.     Defendants are entitled to a declaration that the asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid.

8.     Fractus is not entitled to maintain a cause of action for patent infringement for the Multilevel Patents since it lacks standing to sue under the Multilevel Patents.

9.     Defendants are entitled to their costs and attorneys' fees in defending against this action.

<u>Defendants' Contentions for Inequitable Conduct Bench Trial:</u>

1.     The '868 Patent, the '208 Patent, the '850 Patent, the '822 Patent, and the '762 Patent, and U.S. Patent No. 7,164,386 (the "'386 Patent"), are unenforceable due to inequitable conduct of Applicants and/or their patent attorneys and/or others substantively involved in prosecution before the U.S. Patent & Trademark Office.

2.     Defendants are entitled to a declaration that the '868 Patent, the '208 Patent, the '850 Patent, the '822 Patent, the '762 Patent, and the '386 Patent are unenforceable.

3.     Defendants are entitled to their costs and attorneys' fees in defending against this action.

Defendants' Contentions for Infringement Jury Trials:

1. None of the Defendants has infringed, or is infringing, any of the asserted claims of the patents-in-suit, in any fashion.

2. Fractus's claims for relief are barred or limited due to laches or equitable estoppel.

3. Fractus's claims for infringement by equivalents are barred due to the doctrine of prosecution history estoppel and/or because Fractus acted as its own lexicographer.

4. Fractus is not entitled to maintain a cause of action for patent infringement for the Multilevel Patents because it lacks standing to sue under the Multilevel Patents.

5. Fractus's claims for infringement other than direct, literal infringement are barred for failure to allege infringement under any other theory during discovery.

6. Fractus has failed to satisfy the patent marking statute, 35 U.S.C. § 287, with respect to the asserted claims of each of the patents-in-suit.

7. Fractus is not entitled to any of the recovery it seeks.

8. Fractus is not entitled to any other costs or further relief.

9. Defendants are entitled to a declaration that each has not infringed and is not infringing, any of the asserted claims of the patents-in-suit, in any fashion.

10. Defendants are entitled to their costs and attorneys' fees in defending against this action.

**E.    STIPULATIONS AND UNCONTESTED FACTS**

1. This Court has subject matter jurisdiction over this lawsuit.

2. The lawsuit satisfies the legal requirements for venue in the United States District Court for the Eastern District of Texas, Tyler Division.

3. United States Patent 7,015,868 (the '868 patent), entitled "MultiLevel Antennae" was issued by the United States Patent and Trademark Office on March 21, 2006.

4. United States Patent 7,123,208 (the '208 patent) entitled "MultiLevel Antennae" was issued by the United States Patent and Trademark Office on October 17, 2006.

5. United States Patent 7,397,431 (the '431 patent) entitled "MultiLevel Antennae" was issued by the United States Patent and Trademark Office on July 8, 2008.

6. United States Patent 7,394,432 (the '432 patent) entitled "MultiLevel Antennae" was issued by the United States Patent and Trademark Office on July 1, 2008.

7. United States Patent 7,528,782 (the '782 patent) entitled "MultiLevel Antennae" was issued by the United States Patent and Trademark Office on May 5, 2009.

8. United States Patent 7,411,556 (the '556 patent) entitled "Multi-Band Monopole Antenna for a Mobile Communications Device" was issued by the United States Patent and Trademark Office on August 12, 2008.

9. United States Patent 7,312,762 (the '762 patent) entitled "Loaded Antenna" was issued by the United States Patent and Trademark Office on December 25, 2007.

10. The asserted claims of the patents-in-suit are claims 26 and 35 of the '868 patent, claims 7 and 12 of the '208 patent, claims 14 and 30 of the '431 patent, claim 6 of the '432 patent, claims 6, 7, and 8 of the '782 patent, claim 40 of the '556 patent, and claim 21 of the '762 patent.

11. Plaintiff Fractus, S.A. is a foreign corporation duly organized and existing under the laws of Spain with its principal place of business in Barcelona, Spain.

F. **CONTESTED ISSUES OF FACT AND LAW**

The parties set forth below their contested issues of fact and law for each trial. The parties do not agree that each contested issue listed is properly raised in the trial for which it is listed, or that each contested issue may be properly raised in any trial. The parties reserve all

objections.

Plaintiff's Contested Issues for Validity Jury Trial:

1. Whether the patents-in-suit are valid.

Plaintiff's Contested Issues for Inequitable Conduct Bench Trial:

1. Whether Fractus committed inequitable conduct during the prosecution of the specific patents-in-suit set forth above.

2. Whether inequitable conduct as to any patent-in-suit, if found, infects the enforceability of any other patent.

3. Whether any issues regarding the '386 patent, which is not a patent-in-suit, are properly before this Court.

Plaintiff's Contested Issues for Infringement Jury Trials:

1. Whether Defendants infringe one or more claims of each of the patents-in-suit, except for the '762 Patent as to Pantech and the '556 Patent as to HTC.

2. Whether Samsung's, LG's, Kyocera's, or Pantech's infringement was willful, thus entitling Fractus to enhanced damages.

3. Whether Fractus is entitled to damages to compensate for Defendants' alleged infringement and, if so, the amount of such damages.

4. Whether Fractus provided actual or constructive notice in satisfaction of 35 U.S.C. § 287.

5. Whether Fractus is entitled to an injunction should Defendants be found to have infringed the patents-in-suit, and the scope of that injunction.

6. Whether Fractus is entitled to attorney fees and costs and, if so, in what amount.

7. Whether Fractus is entitled to pre- and post-judgment interest and, if so, in what amount.

Defendants' Contested Issues for Validity Jury Trial:

1. Whether the asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because they are anticipated by prior art.

2. Whether the asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because they were obvious.

3. Whether the asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because of a failure to satisfy the written description requirement.

4. Whether the asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid because they fail to satisfy the enablement requirement.

5. Whether the asserted claims of each of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822 are invalid for indefiniteness.

6. Whether the asserted claims of each of the '868, '208, '431, '432, and '782 patents are invalid because of a failure to name the proper inventor with deceptive intent.

7. What is the proper level of ordinary skill in the art with respect to the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822.

8. Whether the preponderance burden of proof applies to invalidity to the extent that the USPTO did not consider the prior art relied upon by Defendants as anticipating and/or

rendering obvious the claims of the patents-in-suit, Claims 22 and 70 of U.S. Patent No. 7,148,850, and Claim 8 of U.S. Patent No. 7,202,822.

Defendants' Contested Issues for Inequitable Conduct Bench Trial:

1. Whether the '868 Patent, the '208 Patent, the '850 Patent, the '822 Patent, the '762 Patent, and the '386 Patent are unenforceable due to inequitable conduct before the USPTO.

Defendants' Contested Issues for Infringement Jury Trials:

1. Whether Defendants infringe any asserted claim of the patents-in-suit, in any fashion.

2. Whether Fractus's claims for infringement other than direct, literal infringement are barred for failure to allege infringement under any other theory during discovery.

3. Whether Fractus is entitled to recover a reasonable royalty on its claims of patent infringement and, if so, in what amount.

4. Whether Fractus satisfied the patent marking statute, 35 U.S.C. § 287, with respect to the asserted claims.

5. Whether this case is "exceptional" pursuant to 35 U.S.C. § 285.

6. Whether either side is entitled to recover their attorneys' fees and costs and, if so, in what amount.

7. Whether Fractus is entitled to recover enhanced damages under 35 U.S.C. § 284 and, if so, in what amount.

8. Whether Fractus is entitled to injunctive relief and the scope of the injunctive relief.

9. Whether Fractus's claims for relief are barred or limited due to laches or equitable estoppel.

10. Whether Fractus's claims for infringement by equivalents are barred due to the doctrine

of prosecution history estoppel and/or because Fractus acted as its own lexicographer.

11. Whether Fractus is entitled to pre-and post-judgment interest and, if so, in what amount.

12. Whether either side is entitled to recover costs of court and, if so, in what amount.

**G. LIST OF WITNESSES**

Trial 1: Validity and Inequitable Conduct: Fractus's witness list is attached as Exhibit 1 and deposition designations are attached as Exhibit 2. Defendants' witness list is attached as Exhibit 3 and deposition designations are attached as Exhibit 4.

Trial 2: Infringement Trial Against Samsung & LG: Fractus's witness list is attached as Exhibit 5 and deposition designations are attached as Exhibit 6. Defendants' witness list is attached as Exhibit 7 and deposition designations are attached as Exhibit 8.

Trial 3: Infringement Trial Against Kyocera and Pantech: Fractus's witness list is attached as Exhibit 9 and deposition designations are attached as Exhibit 10. Defendants' witness list is attached as Exhibit 11 and deposition designations are attached as Exhibit 12.

Trial 4: Infringement Trial Against HTC: Fractus's witness list is attached as Exhibit 13 and deposition designations are attached as Exhibit 14. Defendants' witness list is attached as Exhibit 15 and deposition designations are attached as Exhibit 16.

**H. LISTS OF EXHIBITS**

Trial 1 on Validity and Inequitable Conduct: Fractus's exhibit list is attached as Exhibit 17 and Defendants' exhibit list is attached as Exhibit 18.

Trial 2: Infringement Trial Against Samsung & LG: Fractus's exhibit list is attached as Exhibit 19 and Samsung and LG's exhibit list is attached as Exhibit 20.

Trial 3: Infringement Trial Against Kyocera and Pantech: Fractus's exhibit list is attached as Exhibit 21 and Kyocera and Pantech's exhibit list is attached as Exhibit 22.

<u>Trial 4: Infringement Trial Against HTC</u>: Fractus's exhibit list is attached as Exhibit 23 and HTC's exhibit list is attached as Exhibit 24.

**I.  LIST OF ANY PENDING MOTIONS**

Docket 775 - Motion To Exclude Certain Testimony Of Fractus's Survey Expert Witnesses Paul Talmey And Robert A. Peterson

Docket 776 - Fractus's Daubert Motion To Exclude Portions Of Defendants' Expert Reports And Opinions

Docket 777 - Defendants' Motion For Summary Judgment Regarding The Publication Dates Of Three References

Docket 778 - Defendants' Motion To Preclude Testimony Of Fractus's Damages Expert, Mr. James Nawrocki

Docket 779 - Defendants' Motion For Summary Judgment Of Invalidity Of U.S. Patents Nos. 7,148,850 And 7,202,822

**J.  PROBABLE LENGTH OF TRIAL**

Fractus requests 7.5 hours a side for presentation of evidence in the validity trial and 2.5 hours per side for the inequitable conduct trial. For the infringement trial against the Samsung and LG defendants, Fractus requests 20 hours per side for the presentation of evidence (88 accused phones and willful infringement). For the infringement trial against the Kyocera and Pantech defendants, Fractus requests 10 hours per side for presentation of evidence (17 accused phones and willful infringement). Fractus requests 7.5 hours per side for presentation of evidence in the infringement trial against the HTC defendants (11 accused phones).

Defendants request 18 hours per side for presentation of evidence in the validity trial (9 asserted patents, 15 claims and 5 defendants) and 5 hours per side for the inequitable conduct trial. Defendants request 18 hours per side for presentation of evidence for each of the three infringement trials.

If the Court allows Defendants the trial time they request above, then Fractus requests that it be permitted the same amount of time in order to effectively respond to Defendants' evidence.

**K.    MANAGEMENT CONFERENCE LIMITATIONS**

None.

**L.    CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3)    Each exhibit in the Lists of Exhibits attached:

(a)    is in existence;

(b)    is numbered; and

(c)    is being shipped overnight to opposing counsel for arrival on April 7, 2011.

Approved as to form and substance:

| | |
|---|---|
| Attorneys for Plaintiff Fractus, S.A.: | /s/ Max L. Tribble, Jr.<br>Max L. Tribble, Jr. |
| Attorneys for Samsung: | /s/ Michael J. Barta (w/permission)<br>Michael J. Barta |
| Attorneys for LG: | /s/ Winstol D. Carter, Jr. (w/permission)<br>Winstol D. Carter, Jr. |

| | |
|---|---|
| Attorneys for HTC: | /s/ Rod Phelan (w/permission)<br>Rod Phelan |
| Attorneys for Kyocera: | /s/ David C. Doyle (w/permission)<br>David C. Doyle |
| Attorneys for Pantech: | /s/ Hae-Chan Park (w/permission)<br>Hae-Chan Park |

This Joint Pre-Trial Order is hereby approved this \_\_\_\_ day of _____, 2011.

## TABLE OF EXHIBITS TO JOINT PRE-TRIAL ORDER

| | |
|---|---|
| 1 | Trial 1:  Fractus's Witness List for Validity and Inequitable Conduct Issues |
| 2 | Trial 1:  Fractus's Deposition Designations for Validity and Inequitable Conduct Issues |
| 3 | Trial 1:  Defendants' Witness List for Validity and Inequitable Conduct Issues |
| 4 | Trial 1:  Defendants' Deposition Designations for Validity and Inequitable Conduct Issues |
| 5 | Trial 2:  Fractus's Witness List for Infringement Trial Against Samsung & LG Defendants |
| 6 | Trial 2:  Fractus's Deposition Designations for Infringement Trial Against Samsung & LG Defendants |
| 7 | Trial 2:  Defendants' Witness List for Infringement Trial Against Samsung & LG Defendants |
| 8 | Trial 2:  Defendants' Deposition Designations for Infringement Trial Against Samsung and LG Defendants |
| 9 | Trial 3:  Fractus's Witness List for Infringement Trial Against Kyocera & Pantech Defendants |
| 10 | Trial 3:  Fractus's Deposition Designations for Infringement Trial Against Kyocera & Pantech Defendants |
| 11 | Trial 3:  Defendants' Witness List for Infringement Trial Against Kyocera & Pantech Defendants |
| 12 | Trial 3:  Defendants' Deposition Designations for Infringement Trial Against Kyocera & Pantech Defendants |
| 13 | Trial 4:  Fractus's Witness List for Infringement Trial Against HTC Defendants |
| 14 | Trial 4:  Fractus's Deposition Designations for Infringement Trial Against HTC Defendants |
| 15 | Trial 4:  Defendants' Witness List for Infringement Trial Against HTC Defendants |
| 16 | Trial 4:  Defendants' Deposition Designations for Infringement Trial Against HTC Defendants |
| 17 | Trial 1:   Fractus's Exhibit List for Validity & Inequitable Conduct Issues |
| 18 | Trial 1:  Defendants' Exhibit List for Validity & Inequitable Conduct Issues |
| 19 | Trial 2:  Fractus's Exhibit List for Infringement Trial Against Samsung & LG Defendants |
| 20 | Trial 2:  Defendants' Exhibit List for Infringement Trial Against Samsung & LG Defendants |
| 21 | Trial 3:  Fractus's Exhibit List for Infringement Trial Against Kyocera & Pantech Defendants |
| 22 | Trial 3:  Defendants' Exhibit List for Infringement Trial Against Kyocera & Pantech Defendants |
| 23 | Trial 4:  Fractus's Exhibit List for Infringement Trial Against HTC Defendants |
| 24 | Trial 4:  Defendants' Exhibit List for Infringement Trial Against HTC Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 6th day of April, 2011 with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).

      /s/ Max. L. Tribble, Jr.