IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:09-cv-203-LED-JDL |
| | § | |
| SAMSUNG ET AL., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants' Motion to Exclude Certain Testimony of Fractus' Survey Expert Witnesses Paul Talmey and Robert A. Peterson (Doc. No. 775, "MOTION"). The parties have fully briefed the matter (Doc. Nos. 817, "OPP.;" 845, "REPLY;" 875, "SURREPLY"). The Court hereby **GRANTS** Defendants' motion.

District courts are charged with ensuring that expert testimony be based on "firm scientific or technical grounding." *Uniloc USA, Inc. v. Microsoft Corp.*, Nos. 2010-1035, 1055, 2011 WL 9738 at *19 (Fed. Cir. Jan. 4. 2011). Relevant evidence must be excluded if its relevance is "substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993).

Plaintiff commissioned two surveys, conducted by Paul Talmey and Dr. Robert Peterson, respectively. OPP. at 2. Mr. Talmey's survey was intended to determine the value to consumers of "incorporating internal antennas in cell phones in place of external antennas." MOTION, EX. A at 1 ("TALMEY SURVEY"). Among other things, Mr. Talmey determined that an internal antenna contributes between $16.02 and $29.96 to the value of a cell phone. OPP. at 5. Dr. Peterson's survey

1

was intended to determine the relative importance of internal antennas in cell phones to consumers. MOTION, EX. G at 2 ("PETERSON SURVEY"). Dr. Peterson determined that over 90% of respondents prefer an internal cell phone antenna versus an external antenna. OPP. at 7. Further, Dr. Peterson determined that internal antennas are 109% as important as keyboards to consumers. *Id.* The parties disagree as to the reliability of Plaintiff's damages expert's conclusions based on these surveys. *Id.* at 3; MOTION at 4. Both of the surveys concluded that consumers prefer cell phones with internal antennas versus external antennas. OPP. at 5-7.

The Talmey and Peterson surveys attempt to quantify the estimated value of consumer preference for internal antennas in cell phones. Plaintiff concedes that it did not invent, and the patents-in-suit do not cover, all internal cell phone antenna designs. OPP. at 6. Indeed, Plaintiff's "patented invention" is one type of internal antenna that purportedly provides advantages such as multiband functionality and reduced size. *See e.g.* U.S. PATENT NO. 7,015,868 AT ABSTRACT.

While Plaintiff claims that its experts contend that the patents-in-suit are "fundamental" to internal antennas, the surveys are not tied to the alleged advantageous technical characteristics of the patents-in-suit. SURREPLY at 1. Put another way, the surveys do not measure how consumers value the purported advantages provided by Plaintiff's technology. *See e.g.* U.S. PATENT NO. 7,015,868 AT ABSTRACT (stating that "two important advantages" are multiband functionality and/or small size). Therefore, the surveys do not measure the value of Plaintiff's technology, but merely measure the perceived consumer value of cell phones with any internal antennas. Survey evidence purportedly demonstrating the value of internal antennas not tied directly to Plaintiff's technology confuses the issues and must be excluded. Allowing the jury to hear such evidence not tied to the claimed invention risks "compensation for infringement [that] punishes beyond the reach of the

statute." *ResQNet.com, Inc. v. Lansa*, 594 F.3d 860, 869 (Fed. Cir. 2010). Indeed, admissible expert testimony must "carefully tie proof of damages to the claimed invention's footprint in the market place." *Id.*; *see also Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1337 (Fed. Cir. 2009) (the court's objective is "determining the correct (or at least approximately correct) value of the *patented invention*, when it is but one feature among many" ) (emphasis added).[1]

As such, the Court hereby **GRANTS** Defendants' motion.

**So ORDERED and SIGNED this 29th day of April, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] Absent specific valuations, survey evidence demonstrating that consumers generally prefer cell phones with internal versus external antennas may be relevant if Defendants open the door to such a comparison. For example, if Defendants contend that a particular external antenna is an acceptable noninfringing alternative, evidence of broad consumer demand for internal antennas may rebut the acceptability of external antenna as an alternative. While the Court does not anticipate such evidence, in the event that Defendants take such a position, Plaintiff may approach and request admission of the general survey evidence demonstrating consumer demand for internal antenna – without the specific dollar and percentage valuations.

Case 6:09-cv-00203-LED-JDL   Document 896   Filed 04/29/11   Page 4 of 4 PageID #:  26490