# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| FRACTUS, S.A., | § | Civil Action No. 6:09-cv-00203 |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | |
| *et al.* | § | |
| Defendants. | § | |

## SAMSUNG'S MOTION PURSUANT TO FED. R. CIV. P. 59(E) TO ALTER OR AMEND THE JUDGMENT

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Severance under Rule 21 is impermissible because the issue of an ongoing royalty is not an independent, freestanding "claim" that can be severed. ............... 2

        1. Rule 21 permits severance of claims, not parts of claims. ......................... 2

        2. Because a request for an ongoing royalty is not a distinct "claim," the Court may not sever it into a new case. ................................................ 4

        3. Severance may be an abuse of discretion even when, unlike the present case, the severed claims are, in fact, distinct. ................................ 4

        4. Samsung's request for an opportunity to negotiate a license has no bearing on splitting a claim. ........................................................................ 5

    B. The judgment of June 28, 2012 is not a "final judgment" because issues regarding ongoing royalties remain undecided in this case. ................................... 6

        1. An order for separate proceedings on the ongoing-royalty issue does not empower the Court to enter "final judgment" on the issues already resolved. ......................................................................... 7

        2. Section 1292(c)(2) provides no authority for rendering a "final judgment" in this case. ................................................................................ 8

III. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AAA Eng'g & Drafting, Inc. v. Widnall*,
　129 F.3d 602 (Fed. Cir. 1997)......................................................................................................9

*Augme Techs., Inc. v. AOL Inc.*,
　No. 09 Civ. 4299(RWS), 2012 WL 2402065 (S.D.N.Y. June 26, 2012) ..................................3

*Avid Identification Systems, Inc. v. Phillips Electronics North America Corp.*,
　2:04-CV-183, 2008 WL 819962 (E.D.Tex. March 25, 2008) ...................................................3

*Brownlee v. Dyncorp*,
　349 F.3d 1343 (Fed. Cir. 2003)................................................................................................10

*Calmedica, LLC v. Novoste Corp.*,
　No. 03 C 3924, 2004 WL 413296 (N.D. Ill. Jan. 30, 2004) ......................................................3

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*,
　482 F.3d 1347 (Fed. Cir. 2007)..................................................................................................8

*Creative Internet Adver. Corp. v. Yahoo! Inc.*,
　674 F. Supp. 2d 847 (E.D. Tex. 2009).......................................................................................4

*Gaffney v. Riverboat Servs. of Ind., Inc.*,
　451 F.3d 424 (7th Cir. 2006) ..............................................................................................3, 4, 7

*ION, Inc. v. Sercel, Inc.*,
　No. 5:06-CV-236, 2011 WL 537858 (E.D. Tex. February 16, 2011) ......................................3

*Kimmel v. Cavalry Portfolio Servs., LLC*,
　747 F. Supp. 2d 427 (E.D. Pa. 2010).........................................................................................5

*Liberty Mut. Ins. Co. v. Wetzel*,
　424 U. S. 737 (1976)..................................................................................................................8

*McCullough v. Kammerer Corp.*,
　331 U.S. 96 (1947)................................................................................................................9, 10

*Medtronic Vascular, Inc. v. Boston Scientific Corp.*,
　No. 2-06-CV-78, 2009 WL 175696 (E.D. Tex. January 23, 2009) ..........................................3

*Mendenhall v. Barber-Greene Co.*,
　26 F.3d 1573 (Fed. Cir. 1994)....................................................................................................9

*Mondis Technology Ltd. v. Chimei Innolux Corp.*,
   822 F. Supp. 2d 639 (E.D. Tex. 2011) ................................................................................... 3

*Morris v. Northrop Grumman Corp.*,
   37 F. Supp. 2d 556 (E.D.N.Y. 1999) ...................................................................................... 5

*Nystrom v. TREX Co., Inc.*,
   339 F.3d 1347 (Fed. Cir. 2003) ............................................................................................... 6

*Okla. Turnpike Auth. v. Bruner*,
   259 F.3d 1236 (10th Cir. 2001) ............................................................................................... 2

*Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*,
   918 F. Supp. 343 (D. Kan. 1996) ............................................................................................ 3

*Oplus Techs., Ltd. v. Sears Holding Corp.*,
   No. 11–cv–9029, 2012 WL 2400478 (N.D. Ill. June 21, 2012) .............................................. 3

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
   No. 6:05 CV 322, 2008 U.S. Dist. LEXIS 108683 (E.D. Tex. Mar. 28, 2008) ....................... 5

*Paice LLC v. Toyota Motor Corp.*,
   504 F.3d 1293 (Fed. Cir. 2007) ........................................................................................... 4, 6

*Reid v. Gen. Motors Corp.*,
   240 F.R.D. 260 (E.D. Tex. 2007) ............................................................................................ 3

*Rice v. Sunrise Express, Inc.*,
   209 F.3d 1008 (7th Cir. 2000) ............................................................................................ 5, 7

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003) ................................................................................................... 1

*SafeTCare Mfg., Inc. v. Tele-Made, Inc.*,
   497 F.3d 1262 (Fed. Cir. 2007) ............................................................................................... 8

*Sch. Dist. No. 5 v. Lundgren*,
   259 F.2d 101 (9th Cir. 1958) ................................................................................................... 3

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956) ................................................................................................................ 5

*Smith v. Benedict*,
   279 F.2d 211 (7th Cir. 1960) ................................................................................................... 2

*Special Devices, Inc. v. OEA, Inc.*,
   269 F.3d 1340 (Fed. Cir. 2001) ............................................................................................... 8

*Spencer, White & Prentis Inc. v. Pfizer Inc.*,
    498 F.2d 358 (2d Cir. 1974) ................................................................................. 4, 5, 8

*Sullivan v. Finkelstein*,
    496 U.S. 617 (1990) ................................................................................................. 8

*United States v. O'Neil*,
    709 F.2d 361 (5th Cir. 1983) ................................................................................... 8

*z4Techs, Inc. v. Microsoft Corp.*,
    434 F. Supp. 2d 437 (E.D. Tex. 2006) .................................................................... 3

**STATUTES**

28 U.S.C. § 1292(b) ..................................................................................................... 11

28 U.S.C. § 1292(c)(2) ............................................................................... 1, 2, 6, 8, 9, 10

28 U.S.C. § 1295(a)(1) ................................................................................................... 8

35 U.S.C. § 284 .............................................................................................................. 8

**RULES AND OTHER AUTHORITIES**

Fed. R. Civ. P. 20(b) ................................................................................................... 1, 7

Fed. R. Civ. P. 21 ............................................................................... 1, 2, 3, 4, 5, 6, 7, 8

Fed. R. Civ. P. 42(b) ................................................................................................... 1, 7

Fed. R. Civ. P. 54(b) ............................................................................................. 2, 3, 6, 7

Fed. R. Civ. P. 59(e) ....................................................................................................... 1

V. Ajay Singh, *Interlocutory Appeals in Patent Cases Under 28 U.S.C. § 1292(c)(2): Are They Still Justified and Are They Implemented Correctly?*,
    55 Duke L.J. 179, 193 (2005) ................................................................................ 10

## I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLC, Samsung Electronics Research Institute, and Samsung Semiconductor Europe GmbH (collectively, "Samsung") submit this Motion to Alter or Amend the Judgment of June 28, 2012 pursuant to Federal Rule of Civil Procedure 59(e).

This Court should alter or amend its judgment to prevent a clear error. The Court should rescind the severance of the ongoing-royalty questions from the rest of the case and should amend the judgment as to all other matters to eliminate its characterization as a "final judgment." The severance was impermissible under Federal Rule of Civil Procedure 21 because an ongoing royalty is not a separate "claim," but is merely one remedy that may be available to Fractus for infringement of its patents. To be sure, the Federal Rules of Civil Procedure permit trial management to address issues at different stages, such as by bifurcating liability and damages. *See* Fed. R. Civ. P. 20(b), 42(b). But these rules do not permit the severance of issues (as opposed to claims) into separate cases. Because the question of an ongoing royalty remains unresolved, the June 28, 2012 judgment is necessarily interlocutory and not a final judgment. And even assuming that the judgment in this case "is final except for an accounting" within the meaning of 28 U.S.C. § 1292(c)(2), an interlocutory appeal under that statute would be optional at Samsung's election.

These reasons are more than sufficient for the Court to alter or amend the judgment and rescind the severance. Because neither party sought severance and the Court severed the case *sua sponte*, this motion is Samsung's first opportunity to address the matter.

## II. ARGUMENT

A motion to alter or amend a judgment lies under Federal Rule of Civil Procedure 59(e) where the Court has committed clear error. *See, e.g.*, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854,

863-64 (5th Cir. 2003). The judgment of June 28, 2012 must be altered or amended to eliminate the improper severance of the ongoing-royalty issue because that issue does not constitute a distinct "claim" subject to severance under Rule 21. The Court should also alter or amend the judgment to eliminate its characterization as a "final judgment." The judgment is not final because the ongoing-royalty issue remains to be decided, and whether to seek an interlocutory review of the non-final judgment under 28 U.S.C. § 1292(c)(2) (if that statute even applies here) would be solely at Samsung's option.

      **A.    Severance under Rule 21 is impermissible because the issue of an ongoing royalty is not an independent, freestanding "claim" that can be severed.**

             1.    *Rule 21 permits severance of claims, not parts of claims.*

The Court's June 28, 2012 order and judgment purport to sever "Fractus, S.A.'s request for an ongoing royalty" from all other issues in the case. Final Judgment, Dkt. No. 1114, at 2. The memorandum opinion and order explains this decision as aiming "to provide finality to the trial," and cites Federal Rule of Civil Procedure 21 as the authority for this severance. Memorandum Opinion and Order, Dkt. No. 1113, at 77.

But Rule 21 does not permit such a severance, even for the purpose of advancing finality. In relevant part, Rule 21 states that "[t]he court may also sever any *claim* against a party." Fed. R. Civ. P. 21 (emphasis added). This reference to a "claim" also appears in Rule 54(b), which allows a court, under specific circumstances, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . ." Fed. R. Civ. P. 54(b). A "'claim' is generally understood to include all factually or legally connected elements of a case." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (applying Rule 54(b)). In other words, a "claim" means a "cause of action." *Smith v. Benedict*, 279 F.2d 211, 213 (7th Cir. 1960) (interpreting Rule 54(b)). As used in Rule 21, "claim" denotes the set of issues "inextricably

intertwined" with a single basis for liability. *See Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F. Supp. 343, 350 (D. Kan. 1996). Unless issues are "discrete and separate," they are not severable "claims" under Rule 21. *See Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 443 (7th Cir. 2006) (finding severable claims where one claim was "completely independent, both theoretically and practically," of the other).

The subparts of a claim are not individual "claims" of their own. Consequently, requests for different types of damages arising from a single injury are not separate "claims." *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104-05 (9th Cir. 1958) (concluding that individual damage items connected with the same breach of contract were not separate "claims" for purposes of Rule 54(b)). Rather, Rule 21 severance is most typically a mechanism in multi-party cases to sever parties that have, or are defending against, independent claims. Such party-related severance is not uncommon in patent litigation. *See, e.g.*, *Oplus Techs., Ltd. v. Sears Holding Corp.*, No. 11–cv–9029, 2012 WL 2400478, at *3 (N.D. Ill. June 21, 2012); *Reid v. Gen. Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007); *Calmedica, LLC v. Novoste Corp.*, No. 03 C 3924, 2004 WL 413296, at *1 (N.D. Ill. Jan. 30, 2004). Less commonly, but still authorized by Rule 21, is severance of a single party's multiple freestanding claims, such as a case involving patent and trademark claims. *See, e.g.*, *Augme Techs., Inc. v. AOL Inc.*, No. 09 Civ. 4299(RWS), 2012 WL 2402065, at *3 (S.D.N.Y. June 26, 2012). Recently, there have also been several instances of attempted severance in the Eastern District of Texas, either *sua sponte*, as this Court has done, or with the parties' consent,[1] but Samsung is aware of no appellate case which has affirmed this

---

[1] *E.g.*, *Mondis Technology Ltd. v. Chimei Innolux Corp.*, 822 F. Supp. 2d 639, 642 (E.D. Tex. 2011) (*sua sponte*); *ION, Inc. v. Sercel, Inc.*, No. 5:06-CV-236, 2011 WL 537858, at *2 (E.D. Tex. February 16, 2011) (with consent); *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, No. 2-06-CV-78, 2009 WL 175696, at *1 (E.D. Tex. January 23, 2009) (with consent); *Avid Identification Systems, Inc. v. Phillips Electronics North America Corp.*, 2:04-CV-183, 2008 WL 819962, at *4 (E.D.Tex. March 25, 2008) (*sua sponte*); *z4Techs, Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 444 (E.D. Tex. 2006) (*sua sponte*).

practice. *Cf. Gaffney*, 451 F.3d at 443 (affirming severance because claims were "completely independent").

      2.    *Because a request for an ongoing royalty is not a distinct "claim," the Court may not sever it into a new case.*

Fractus's effort to recover ongoing royalties does not amount to a distinct "claim." Instead, an ongoing royalty is, as the Federal Circuit has stated, a "*remedy*" for patent infringement. *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007) (emphasis added). That Court noted that it may be proper to "award[] an ongoing royalty for patent infringement in lieu of an injunction," another classic remedy. *Id.* This Court has likewise recognized ongoing royalties as a "form of equitable relief" for an underlying claim, *Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 854 (E.D. Tex. 2009), or even more plainly, "future damages for the continued violation of [patentee's] right to exclude," *id.* at 855.

Fractus could not and did not bring an independent suit for ongoing royalties, any more than one can bring an independent suit for punitive damages apart from the merits of the underlying tort claim. Because assessment of ongoing royalties is merely a remedial aspect of the actual claim—patent infringement—and not itself a "claim against a party" that can be severed under Rule 21, the severance of ongoing-royalty questions from the rest of the case exceeds the Court's authority.

      3.    *Severance may be an abuse of discretion even when, unlike the present case, the severed claims are, in fact, distinct.*

Even where truly distinct claims are involved, it may be an abuse of discretion for a district court to sever the claims. In *Spencer, White & Prentis Inc. v. Pfizer Inc.*, 498 F.2d 358 (2d Cir. 1974), the district court had severed a suit and a counterclaim, which essentially related to the same issue of liability. The appellate court determined that the claims had an "inseparable

{EXT/6808/0017/W0895470.1 }    4

relationship" which "demonstrate[d] the invalidity of the order of severance." *Id.* at 364. As *Spencer* makes clear, Rule 21 severance is improper when many issues would be relevant to both cases. *See also, e.g.*, *Kimmel v. Cavalry Portfolio Servs., LLC*, 747 F. Supp. 2d 427, 435-36 (E.D. Pa. 2010).

Thus, even if Rule 21 *did* permit the severance of remedial aspects of a case like this one in some circumstances (which by its plain terms it does not), severance still may be an abuse of discretion. While "[i]t is within the district court's broad discretion whether to sever a claim under Rule 21," *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000), "an attempt to separate an essentially unitary problem" is an "abuse of discretion." *Spencer*, 498 F.2d at 362; *see also id.* at 364 (stating that a "District Court cannot, in an exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291, and any abuse of its discretion would be reviewable by the courts of appeals") (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999) (describing factors governing discretion to sever). Here, many of the same facts and legal principles from the underlying infringement claim will be central to the resolution of the ongoing-royalty question, given that it is *a remedy* for the alleged infringement. *See e.g.*, *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05 CV 322, 2008 U.S. Dist. LEXIS 108683, *12-14 (E.D. Tex. Mar. 28, 2008) (relying on *Georgia-Pacific* analysis to determine ongoing-royalty rate).

      4.    *Samsung's request for an opportunity to negotiate a license has no bearing on splitting a claim.*

The Court's Memorandum Opinion suggests that the severance in this case was, at least in part, a concession to Samsung. *See* Mem. Op. and Order at 77 ("Samsung has explicitly requested that the parties have an opportunity to negotiate a license once all post-trial motions

are resolved," and "[a]ccordingly, to provide finality to the trial, the Court SEVERS Fractus's claim for an ongoing royalty . . . ."). But Samsung never asked (and could not ask) for the Court to declare a final judgment where the law prohibits it. Rather, *the Federal Circuit itself* has articulated that "[i]n most cases, . . . the district court may wish to allow the parties to negotiate a license amongst themselves . . . before imposing an ongoing royalty." *Paice*, 504 F.3d at 1315. The Federal Circuit could hardly have intended the district courts to sever all patent claims into two separate cases in such a circumstance. Samsung simply asked the Court to follow the Federal Circuit's guidance in *Paice*—a case that did not involve severance of the ongoing-royalty issue—not that the Court deviate from the rules regarding finality.

Accordingly, the ongoing-royalty issue is not a distinct claim subject to severance under Rule 21, and the relevant considerations do not support severance in any event. This Court should therefore alter or amend the judgment to correct this error

> **B.  The judgment of June 28, 2012 is not a "final judgment" because issues regarding ongoing royalties remain undecided in this case.**

Because issues regarding ongoing royalties remain to be decided in this case—and because those issues cannot properly be severed into another case—this case is not final. "Determinations of liability that leave unresolved questions of remedy ordinarily are not final." 15B Wright, Miller, & Cooper, Federal Practice and Procedure 2d § 3915.2, at 271 (1992 & Supp. 2012); *see also id.* at 273-74 & nn.5-7. As the Federal Circuit has explained:

> [O]ther than the accommodation for deferred accounting in 28 U.S.C. § 1292(c)(2), the rules of finality that define the jurisdiction of this court do not contain special provisions for patent cases or admit to exceptions for strategic reasons or otherwise, short of meeting the conditions specified in Rule 54(b) or 28 U.S.C. § 1292(b), (c)(1). Thus, piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case.

*Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). And, as discussed below, Section 1292(c)(2) *permits*, but does not *require*, the interlocutory appeal of certain non-final

judgments. Accordingly, the Court should alter or amend the judgment of June 28, 2012 to remove any terms that attempt to characterize it as a "final judgment."

> 1. *An order for separate proceedings on the ongoing-royalty issue does not empower the Court to enter "final judgment" on the issues already resolved.*

When a court finds for reasons of fairness or administrative efficiency that different factual or legal questions should be resolved at different times, or even through bifurcated trials, the Rules permit as much. *See* Fed. R. Civ. P. 20(b), 42(b). But dividing a case administratively does *not* achieve an actual severance of the case, as Rule 21 does, and accordingly does not lead to multiple final judgments. Whereas "'[s]everance under Rule 21 results in separate actions,'" the Seventh Circuit has recently reiterated:

> "an order of separate trials does not result in the filing of separate cases. Instead, it simply leads to two or more separate factual inquiries in the context of a single, properly joined case. No matter how many separate trials the court may order, they remain part of a single case. *While judgment on a severed claim is final for purposes of appeal, judgment on a claim tried separately is not an appealable final judgment*, unless certified for immediate appeal under Rule 54."

*Gaffney*, 451 F.3d at 442 n.18 (quoting 4 Moore's Fed. Practice § 21.06 (2005)) (emphasis added).

Because mislabeled severances have such important consequences, appellate courts "examine whether the district court erred in classifying its severance order as a Rule 21 order" rather than as case management under Rule 42 (or something else). *Gaffney*, 452 F.3d at 441. When a Rule 21 severance *does* violate the principle that only actual claims that are "'discrete and separate'" may be severed, *id.* at 442 (quoting *Rice*, 209 F.3d at 1016), that severance is void:

> We therefore conclude that the "severance" was so transparently a confusion of Rule 21 with 42(b), or an attempt to separate an essentially unitary problem, that it should be disregarded out of hand as devoid on its face of any foundation for appellate jurisdiction or, at least, an abuse of discretion with the same result.

*Spencer,* 498 F.2d at 362.

While the district court's choice to label a judgment as "final" is generally dispositive, appellate courts are perfectly aware that this may be incorrect in a given case. "The label used by the District Court of course cannot control the order's appealability in this case, *any more than it could when a district court labeled a nonappealable interlocutory order as a 'final judgment.'*" *Sullivan v. Finkelstein*, 496 U.S. 617, 628 n.7 (1990) (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U. S. 737 (1976)) (emphasis added).

The Federal Circuit is attuned to this issue even when the parties do not themselves raise it: "[A] statement by the district court that the judgment is final is by itself insufficient to establish this court's appellate jurisdiction under § 1295(a)(1). . . . In this case, because litigation on the merits remained pending in the district court, the parties' reliance on the district court's order labeled 'Final Judgment' was misplaced." *SafeTCare Mfg., Inc. v. Tele-Made, Inc.*, 497 F.3d 1262, 1267 (Fed. Cir. 2007). *See also, e.g.*, *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983) (holding that district court's Rule 21 severance label is not dispositive).

      2.    *Section 1292(c)(2) provides no authority for rendering a "final judgment" in this case.*

Section 1292(c)(2) allows an interlocutory appeal if all that remains of an infringement claim is "an accounting." If "the district court's infringement judgment is final as to all issues except for a determination of damages," then the terms of Section 1292(c)(2) are satisfied. *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1353 (Fed. Cir. 2007). "'Accounting,' as used in the statute, refers to infringement damages pursuant to 35 U.S.C. § 284." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 n.2 (Fed. Cir. 2001).

Section 1292(c)(2) assumes that an unresolved accounting issue precludes final judgment, but nonetheless allows an interlocutory appeal so long as the unresolved accounting is *all* that prevents the judgment from being final. That is, "a judgment that leaves an accounting to be had is not and cannot be made 'final.'" 16 Wright, Miller, & Cooper, Federal Practice and Procedure 2d § 3928, at 356 (1996 & Supp. 2012). Far from making judgments "final" whenever only accounting issues remain, Section 1292(c)(2) is "an explicit waiver to the finality rule," allowing an appeal despite the lack of finality. *AAA Eng'g & Drafting, Inc. v. Widnall*, 129 F.3d 602, 605 n.* (Fed. Cir. 1997). After all, if a judgment aside from an accounting *could* be final, there would be no need for special interlocutory jurisdiction in the first place. Thus, "[e]very case of which we are aware that has considered the 'finality' of a district court liability judgment appealable under § 1292(c)(2) and its predecessors has characterized such judgments as 'interlocutory' in the context of the entire case. Indeed, the very caption under which this section is codified is styled 'Interlocutory decisions.'" *Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1581 (Fed. Cir. 1994) (footnote omitted).

The Supreme Court has long recognized that the basis for this sort of permissive interlocutory appeal is "to make sure that parties could take appeals in patent equity infringement suits without being compelled to await a final accounting." *McCullough v. Kammerer Corp.*, 331 U.S. 96, 98 (1947). Given "the large expenses frequently involved in such accountings and the losses incurred where recoveries [are] ultimately denied by reversal of decrees on the merits," *id.*, Section 1292(c)(2) gives the losing party the *option* to bring an interlocutory appeal upon a finding of infringement, even though the remaining "accounting" renders the judgment nonfinal. *See id.* An interlocutory appeal, therefore, would be available to Samsung without either the Court's or Fractus's permission—but would not be mandatory. That is, as the Federal

Circuit has explained, the availability of an interlocutory appeal "permit[s] parties to wait for a final judgment, rather than requir[es] the parties to take an interlocutory appeal where interlocutory appeals are permitted by 28 U.S.C. § 1292." *Brownlee v. Dyncorp*, 349 F.3d 1343, 1348 (Fed. Cir. 2003) (emphasis added). *See also id*. at 1349 (applying this principle to infringement appeals that are final except for an accounting). Section 1292(c)(2) provides a "special appeal opportunity," 16 Wright et al., *supra*, § 3928, at 350-51, via "a statute that seems designed more for the benefit of defendants than plaintiffs," *id.* at 353, but no authority exists for either the court or the prevailing party to transform the appellant's right to take an interlocutory appeal into a mandate that it do so.[2]

No practical reason exists to require two appeals in this case, particularly given that the Court is requiring that proceedings for the ongoing royalty continue while the rest of the case is under appeal. Because the purpose of the optional interlocutory appeal is to resolve liability issues before incurring the expense of an accounting, *see McCullough*, 331 U.S. at 98-99, there is little to be gained by an appeal in this instance. A stay is discretionary with the district court, but the absence of a stay "allows a situation that frustrates the purpose of the statute," and "no savings is realized by either the parties or the judicial system." V. Ajay Singh, Interlocutory Appeals in Patent Cases Under 28 U.S.C. § 1292(c)(2): Are They Still Justified and Are They Implemented Correctly?, 55 Duke L.J. 179, 193 (2005). Typically an interlocutory appeal under Section 1292(c)(2) involves bifurcation between damages and liability, with the appeal going

---

[2]Section 1292(c)(2) "*allows* a party to a patent infringement action to take an immediate appeal by right—rather than with the permission of the court—after all issues besides the accounting have been determined. . . . The stated purpose and primary benefit of this provision is to *allow* immediate appellate review of the liability issues before the expense of an accounting is incurred . . . ." V. Ajay Singh, Interlocutory Appeals in Patent Cases Under 28 U.S.C. § 1292(c)(2): Are They Still Justified and Are They Implemented Correctly?, 55 Duke L.J. 179, 184 (2005) (emphasis added). "Under [Section 1292(c)(2)], litigants have the *right* to take an immediate interlocutory appeal as soon as a judgment that is final but for an accounting is rendered." *Id.* at 192 (emphasis added). This "right" is not an "obligation."

only to infringement, leaving all damages for separate resolution. Such efficiency is impossible here because damages have already been largely addressed. Thus, this case is a particularly poor candidate for an interlocutory appeal, and is certainly not one that can be forced to the Federal Circuit if Samsung prefers a genuinely final judgment that can be subject to a single appeal.[3]

### III. CONCLUSION

For all the foregoing reasons, Samsung respectfully requests this Court to amend the judgment to rescind the severance of the ongoing-royalty questions from the rest of the case and eliminate any characterization of the judgment as a "final judgment." The parties would then proceed in accordance with the orders set forth in the Court's Memorandum Opinion and Order, Dkt. No. 1113, at pages 77-78, with Fractus to file any motion regarding an ongoing royalty rate in this case, rather than a severed case.

Dated: July 26, 2012

Respectfully submitted,

*/s/ Michael J. Barta, with permission by Michael E. Jones*
Michael J. Barta, State Bar No. 431663
michael.barta@bakerbotts.com
Michael L. Calhoon, Texas Bar No. 00785744
michael.calhoon@bakerbotts.com
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.639.7703
Facsimile: 202.585.1058

Neil P. Sirota, State Bar No. 25622155
neil.sirota@bakerbotts.com
Eric J. Faragi, State Bar No. 4300687

---

[3] The Federal Circuit also has jurisdiction to review interlocutory orders under 28 U.S.C. § 1292(b), but only if (1) the district court certifies that its June 28 judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," (2) the Federal Circuit exercises its discretion to "permit an appeal to be taken," and (3) the "application" for interlocutory appeal is made to the Federal Circuit "within ten days after the entry of the" district court's order." 28 U.S.C. § 1292(b).

eric.faragi@bakerbotts.com
Robert L. Maier, State Bar No. 4123246
robert.maier@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.408.2500
Facsimile: 212.408.2501

George A Riley, State Bar No. 118304
griley@omm.com
Patrick M. Lonergan, State Bar. No. 245807
plonergan@omm.com
O'Melveny & Myers LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone: 415.984.8700
Facsimile: 415.984.8701

Allen F. Gardner, State Bar No. 24043679
allengardner@potterminton.com
Michael E. Jones, State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON PC
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: 903.597.8311
Facsimile: 903.593.0846

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS RESEARCH INSTITUTE; SAMSUNG SEMICONDUCTOR EUROPE GMBH; AND SAMSUNG TELECOMMUNICATIONS AMERICA LLP**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants, Neil Sirota conferred with counsel for Plaintiff, Matt Behncke on July 24, 25 and 26, 2012, who indicated they are opposed to the relief sought in this Motion.

/s/ Michael E. Jones

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 26, 2012.

Any other counsel of record will be served by first class mail on this date.

/s/ Michael E. Jones