IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FRACTUS, S.A. § § **Plaintiff** § § vs. § § SAMSUNG ELECTRONICS CO., § LTD., ET AL., § § **Defendants** § § § | CASE NO. 6:09cv203 PATENT CASE |

**ORDER**

Before the Court is Samsung's Motion to Stay Pending Reexamination. Docket No. 1134, "MOTION." After careful consideration of the parties' positions, the Court **DENIES** Samsung's motion.

**BACKGROUND**

Fractus filed suit against Samsung in May 2009. Docket No. 1136, "OPP." at 2. Over a year later, Samsung petitioned the United States Patent and Trademark Office ("PTO") for *inter partes* reexamination for all the claims Fractus asserted in the above-captioned litigation. MOTION at 2; Opp. at 2. Fractus and Samsung proceeded to trial on May 16, 2011, and after a five day trial, a jury found that Samsung's accused phones infringed Fractus's asserted patents. *See* 609cv203, Docket No. 1113 at 1–3.

After the jury's verdict, the Court denied Samsung's post-trial motions and entered final judgment. *See id.* Docket Nos. 1113, 1114. The Court also severed Fractus's claim for an ongoing royalty into a separate action and ordered the parties to attempt to negotiate, via

mediation, a license for a post-verdict royalty without the Court's intervention. *See id.* Docket No. 1113 at 76–78.

Very recently, the PTO issued an Action Closing Prosecution in the reexaminations and rejected all of the asserted claims of the four Fractus patents that the jury determined Samsung infringed. MOTION at 3. Within a few months, Fractus may appeal the examiner's rejections to the Board of Patent Appeals and Interferences ("BPAI"). *Id.* at 3–4. Should the BPAI affirm or reverse the examiner's rejections, the losing party may appeal the BPAI's decision to the Court of Appeals for the Federal Circuit. *Id.* Samsung now requests a stay of the proceedings in this Court in an attempt to allow any potential appeal from the BPAI to proceed concurrently at the Federal Circuit with Samsung's inevitable appeal from the jury's verdict in this litigation. *Id.*

Citing *Sony Computer Entertainment America, Inc. v. Dudas*, 85 USPQ2d 1594, 1604 (E.D. Va. 2006), Fractus contends that *it* is entitled to a stay of the *inter partes* reexamination in the PTO given that the litigation is sufficiently advanced. OPP. at 3–4. Fractus has already requested a stay at the PTO regarding one patent-in-suit, and when the applicable PTO rules allow, Fractus intends to request a stay regarding the remaining reexaminations of the patents-in-suit. *Id.* Should the PTO fail to stay the reexaminations at Fractus's urging, the parties disagree regarding how long the appeal process at the BPAI will take. Samsung estimates that the BPAI will take anywhere from 12 to 18 months to reach a decision. MOTION at 4. Fractus contends that it will take approximately two years. OPP. at 2. Samsung intends to seek a stay from the Federal Circuit should this Court not grant Samsung's request for a stay. MOTION at 1.

## APPLICABLE LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser*

*Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). District court's generally consider the following factors when determining whether to stay a litigation pending reexamination: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain Software, LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

**ANALYSIS**

Samsung fails to address any of the factors that district courts consider when determining the efficacy of staying a litigation pending completion of a reexamination. Given that the factors cut heavily against the granting of a stay, Samsung argues that the factors are not applicable, and that the Court should instead apply the appellate standard for staying an appeal. MOTION at 5. Nevertheless, the Court will address the traditional factors typically considered by district courts regarding such a motion.

Discovery is complete, witnesses have testified, and post-trial motions have been resolved. In sum, barring remand from a reviewing court, this Court's involvement in this litigation is effectively finished. Accordingly, the second and third factors regarding whether a stay will simplify the issues and whether discovery is complete and a trial date set cut heavily against a stay.

Regarding the first factor, Samsung's motion appears to be precisely positioned to obtain a tactical advantage. Pursuant to 35 U.S.C. 317(b):

> "[o]nce a final decision has been entered against a party in a civil action . . . that the party has not sustained its burden of proving the invalidity of any patent claim in suit . . . , then neither that party nor its privies may thereafter request an *inter partes* reexamination of any such patent claim on the basis of issues which that party or its privies raised or could have raised in such civil action . . . , and an *inter partes* reexamination requested by that party or its privies on the basis of

3

>such issues may not thereafter be maintained by the Office, notwithstanding any other provision of this chapter."

In other words, should the Federal Circuit affirm the jury's verdict regarding invalidity prior to the BPAI completing its proceedings in the *inter partes* reexamination, the Federal Circuit's decision may terminate the reexaminations of the patents-in-suit.

Samsung's request for a stay appears designed to escape such a result, despite a jury rejecting its invalidity defenses after a full trial in the district court.[1] Additionally, any further delay regarding a final resolution of this litigation only serves to prejudice Fractus. Fractus filed suit in May 2009 shortly after the last of the asserted patents issued. Samsung did not file its first reexamination request until over a year later—and after the close of fact discovery. Fractus has gone through the discovery process and a five day trial—and obtained a judgment against Samsung. Allowing Samsung to further delay the proceedings to effectively avoid the preclusive effect of the statute would be highly prejudicial to Fractus.

Samsung argues that given the procedural posture of this case, the Court should ignore the traditional factors that a district court considers and instead encourages the Court to apply the factors that an appellate court would use in presumably determining whether to stay an appeal. MOTION at 5. The Court declines Samsung's invitation to apply the appellate court factors. Such a decision is within the sole discretion and province of the Federal Circuit, and this Court is not inclined to wade into such territory.

---

[1] Additionally, it is somewhat unclear whether this Court has jurisdiction to grant a stay. The Court entered final judgment and denied all pending motions on June 28, 2012. Samsung did not file a notice of appeal from that judgment within the allotted 30 days for appeal. *See* FED. R. APP. P. 4. Samsung also filed the instant motion to stay more than 30 days after the entry of final judgment. Instead, Samsung filed a motion to amend judgment under Federal Rule of Civil Procedure 59(e) because it objected to the severance of Fractus's ongoing royalty claim, which Samsung contends tolls its deadline to file a notice of appeal. Nevertheless, for the sake of completeness, the Court will address Samsung's request for stay.

4

## CONCLUSION

Based on the foregoing, the Court **DENIES** Samsung's Motion to Stay Pending Reexamination.  Docket No. 1134.

**So ORDERED and SIGNED this 17th day of August, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**