IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| FRACTUS, S.A. | § | |
|---|---|---|
| Plaintiff | § § § | |
| vs. | § § | CASE NO. 6:09-CV-203 PATENT CASE |
| SAMSUNG ELECTRONICS CO., LTD., et al., | § § § § | |
| Defendants. | § | |

| FRACTUS, S.A. | § | |
|---|---|---|
| Plaintiff | § § § | |
| vs. | § § | CASE NO. 6:12-CV-421 PATENT CASE |
| SAMSUNG ELECTRONICS CO., LTD., et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Before the Court is Fractus' Motion to Set an Ongoing Royalty Rate (Cause No. 6:12-cv-421 ("*Fractus II*"), Docket No. 24. As stated at the hearing, Fractus' Motion to Set an Ongoing Royalty Rate is **GRANTED IN PART** and **DENIED IN PART.** Samsung **IS ORDERED** pay Fractus an ongoing royalty rate of $0.60 per phone on all adjudicated phones.

## BACKGROUND

Fractus filed suit on May 5, 2009, alleging that Samsung and several other defendants infringed U.S. Patent Nos. 7,015,868; 7,123,208; 7,148,850; 7,202,822; 7,312,762; 7,394,432; 7,397,431; 7,411,556; and 7,528,782 (collectively, "the patents-in-suit"). All defendants except Samsung settled prior to trial. Following a five day trial, a jury found the patents-in-suit were

valid, Samsung willfully infringed the patents-in-suit, and awarded Fractus $23,129,321 for Samsung's infringement. Cause No. 6:09-cv-203 ("*Fractus I*"), Docket No. 999.

To prevent Samsung's continuing infringement, Fractus then requested a permanent injunction, or in the alternative, requested the Court set an ongoing royalty rate of $1.06 per phone. *Fractus I*, Docket No. 1030. The Court denied Fractus' request for a permanent injunction; however, the Court gave the parties an opportunity to negotiate a license before setting an ongoing royalty rate. *See Fractus I*, Docket No. 1113. Unable to reach an agreement with Samsung, Fractus again requested the Court set an ongoing royalty rate. *See Fractus II*, Docket No. 24.[1]

## APPLICABLE LAW

"Under some circumstances, awarding an ongoing royalty for patent infringement in lieu of an injunction may be appropriate." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007). Absent an injunction, an ongoing royalty may compensate a patentee for relinquishing his right to exclude others from using his invention. *Paice, LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 630 (E.D. Tex. 2009) (Folsom, J.). Additionally, the Court must consider the change in the legal relationship between the parties to avoid incentivizing defendants "to fight each patent infringement case to the bitter end because without consideration of the changed legal status, there is essentially no downside to losing." *Id.* at 628. Furthermore, "[t]here is a fundamental difference . . . between a reasonable royalty for pre-verdict infringement and damages for post-verdict infringement." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1361–62 (Fed. Cir. 2008). Therefore, an ongoing post-verdict royalty may appropriately be higher than the jury's pre-verdict reasonable royalty. However, the Federal

---

[1] The Court had initially severed the ongoing royalty rate issue into Cause No. 6:12-cv-421 to bring finality to the original case, Cause No. 6:09-cv-203, but in light of the parties' recent agreement, the Court decided to resolve the issue in the original case. *See Fractus I*, Docket Nos. 1113, 1172.

Circuit has encouraged courts to allow the parties to negotiate a license amongst themselves regarding the future use of a patented technology prior to the court imposing a royalty. *See Paice, LLC*, 504 F.3d at 1315; *Telecordia Techs., Inc. v. Cisco Sys., Inc.*, 612 F.3d 1365, 1378–79 (Fed. Cir. 2010).

## ANALYSIS

Fractus argues that changed market circumstances in light of the *Read* factors warrant a higher royalty rate than the implied rate of 35.5 cents found by the jury. *Fractus II*, Docket No. 24 at 4. Specifically, Fractus contends the rate should be increased because the average sales price and profits from Samsung's phones have increased quite dramatically since trial, which is due in large part to the increase in smartphone sales. *Id.* at 5–8. Fractus argues its patented antennas enable the data usage required by smartphones, therefore the increases in profitability, value, and sales prices can be attributed to the patented inventions. *Id.* at 6. Samsung counters that the implied royalty rate should not be increased, arguing there has not been a change in circumstances since the Final Judgment. *Fractus II*, Docket No. 32.

Fractus' argument regarding changed market circumstances concerns unadjudicated phones, which Fractus contends are not "colorably different" from the adjudicated models. *See Creative Internet Adver. Corp. v. Yahoo! Inc.*, 674 F. Supp. 2d 847, 853 (E.D. Tex. 2009) (ongoing royalties may apply to any products that are shown to be not "colorably different" from the adjudicated products). Specifically, Fractus alleges at least 25 unadjudicated but not "colorably different" phones should be considered in the ongoing royalty rate analysis. However, Fractus states this number could increase once it receives more information from Samsung. *See Fractus II*, Docket No. 63. Fractus essentially presents the Court with an elusive target. Samsung will continue to release new smartphones which Fractus will invariably argue

are not "colorably different" from the adjudicated models. To avoid continually revisiting this issue in this case, the Court denied Fractus' request to include the additional unadjudicated phones in the ongoing royalty analysis without prejudice to Fractus filing a separate action involving these products. *Fractus I*, Docket No. 1171 at 18–19. Accordingly, Fractus' discussion of changed circumstances is unpersuasive, since the alleged market changes relate only to unadjudicated models.

Fractus also contends the implied royalty rate should be enhanced in light of the *Read* factors.[2] Typically applied to awards for past damages, the factors can also provide guidance in determining whether and how much damages should be enhanced in light of Defendants' ongoing willful infringement. The Court already considered the *Read* factors to address Samsung's prior willful infringement and enhanced the jury verdict by 1.65x, because six of the factors supported enhancing the jury award. *Fractus I*, Docket No. 1113 at 59–71. An enhancement of the implied royalty rate by the same factor sets an ongoing royalty rate of $.59 cents per phone.

Samsung argues the Court's prior enhancement should be decreased, because it has discontinued the adjudicated models and it continues to believe the patents are invalid, as demonstrated by its pending reexaminations at the USPTO. *Fractus II*, Docket No. 32 at 11. However, Samsung concedes it continued to sell an infringing model, SCH-R451, post-verdict. Additionally, Fractus alleges that Samsung continues to use Fractus' patented technology in Samsung's newer unadjudicated models. While the Court has already excluded these newer

---

[2] The *Read* factors include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) any remedial action taken by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

models from this analysis, it cannot completely disregard Fractus' allegations of Samsung's ongoing infringement.

Additionally, Samsung's argument regarding its good-faith belief that patents-in-suit are invalid is unpersuasive, because the jury's verdict has not been reversed in this case. *See Affinity Labs. of Texas v. BMW N. Am., LLC*, 783 F. Supp. 2d 891, 902 (E.D. Tex. 2011) (rejecting Defendants' argument that its continued infringement was not willful because the asserted claims of the patents-in-suit were rejected in a pending reexamination). Considering Samsung's post-verdict conduct and the Court's prior enhancement of the jury verdict, the Court **ORDERS** Samsung to pay Fractus an ongoing royalty of $.60 per phone on all adjudicated models.

## CONCLUSION

Accordingly, for the foregoing reasons, Fractus' Motion to Set an Ongoing Royalty Rate is **GRANTED IN PART** and **DENIED IN PART**. Samsung shall pay Fractus an ongoing royalty rate $0.60 per phone on all adjudicated phones. The Clerk is directed to close Cause No. 6:12-cv-421.

**So ORDERED and SIGNED this 15th day of March, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**